IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ALVARADO, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>FEDEX CORPORATION,<br><br>    Defendant.<br>_____ / | No. C 04-0098 SI<br>(Related Case No. C 04-0099 SI)<br><br>**ORDER DENYING MOTION TO QUASH SUBPOENA** |

    By letter briefs,[1] defendant seeks an order quashing a subpoena issued by plaintiffs to a court reporter for the deposition transcript of Michael Snyder in the case of <u>Rosalinda Pettaway-Vint v. Federal Express Corp.</u>, currently pending in Los Angeles County Superior Court. The transcript contains testimony about alleged racial epithets used by Michael Pigors, the current FedEx Express Vice President for the Western Region and a named defendant in this case, David Rebholz, Vice President for Operations in the Western Region, and Ted Weise, former CEO.

    FedEx seeks to quash the subpoena on grounds that the deposition transcript is not relevant or reasonably calculated to lead to the discovery of admissible evidence. It relies on the Court's reasoning in a prior order issued in another case pending before this Court, <u>Satchell v. FedEx</u>, C 03-2659 SI, where the Court denied plaintiffs' request for this same transcript. Defendant argues that the Snyder deposition is irrelevant to this action because none of the plaintiffs have identified any employment decision in which Michael Pigors, David Rebholz, or Ted Weise participated. Defense counsel points out that one of plaintiffs' lawyers

---

[1] Defendant's letter brief dated July 14, 2005. Plaintiffs' counsel filed a letter on July 15, 2005, asking for additional time to respond to defendant's motion, and then filed a letter brief in opposition on August 8, 2005. Defendant filed a reply letter on August 10, 2005.

in this matter is also counsel of record in the <u>Satchell</u> case. Plaintiffs contend that the deposition transcript is relevant because Michael Pigors, one of the FedEx officers accused by Snyder of making racial slurs, is a defendant in this case, and a decision maker in FedEx's Western Region.

      The Court agrees with plaintiff that, in the absence of any order by the Los Angeles Court sealing the transcript, Snyder's testimony is discoverable. Accordingly, defendant's motion to quash is DENIED. The Court makes no ruling at this time about the admissibility of the transcript in this action.

**IT IS SO ORDERED.**

Dated: 8/23/05

SUSAN ILLSTON
United States District Judge