IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ALVARADO, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>FEDEX CORPORATION,<br><br>　　　　Defendant.<br>_____ / | No. C 04-00098 SI<br>(Related Case No. C 04-0099 SI)<br><br>**ORDER DENYING PLAINTIFFS'<br>MOTION TO COMPEL FURTHER<br>DEPOSITION OF MICHAEL PIGORS** |

　　　　On May 6, 2005, in connection with various Rule 56(f) motions, plaintiffs filed a request with the Court seeking to exceed seven hours for the deposition of FedEx Western Region Vice President Michael Pigors. Pigors' deposition was taken on January 28, 2005, but according to plaintiffs, defense counsel ended questioning at the conclusion of seven hours. Plaintiffs contend that they need more time to question Pigors because (1) he is or was the manager of at least 10 of the 15 individual defendant managers in the case, and counsel has "many outstanding questions relative to the Plaintiffs' individual complaints" for him; and (2) his deposition testimony established that he worked his way up through the ranks of FedEx, is friends with many of the defendant managers, and has had intimate sexual relationships with at least six FedEx female employees (one of whom he married), none of whom work for FedEx any longer. Pls.' May 6, 2005 Letter Br. at 1-2. (Docket #130.)

　　　　Defendant argues that additional time will not lead to discovery of admissible evidence, because Pigors did not make any employment decisions about plaintiffs; they do not know him or have had no contact with him; and his personal life is not relevant to this action. In addition, defendant contends that plaintiffs had ample time during the seven-hour deposition to obtain any relevant information, but instead spent time questioning Pigors about his "dating habits in the early 1980s, . . . [his] wedding in 1990, and who he invited to his wedding, the

1  race of his personal physician, and the race and gender of his tax accountant." Def.'s May 23, 2005 Letter
2  Br. at 3. (Docket #134.)
3     The Court agrees with defendant that plaintiffs have failed to adequately explain their need to exceed
4  the seven-hour deposition. Many areas of questioning appear to be entirely irrelevant to this action, and to the
5  extent that Pigors's position as several of the individual defendants' manager makes him an appropriate witness
6  in the case, plaintiffs have had sufficient time to explore his involvement in management decisions that adversely
7  impacted any of the plaintiffs. Accordingly, plaintiffs' motion to compel is DENIED.

9  **IT IS SO ORDERED.**

11  Dated: September 9, 2005

   SUSAN ILLSTON
   United States District Judge