1
2
3
4
5                          IN THE UNITED STATES DISTRICT COURT
6                        FOR THE NORTHERN DISTRICT OF CALIFORNIA
7
8    EDWARD ALVARADO, et al.,                    No. C 04-00098 SI
9              Plaintiffs,                       **ORDER DENYING DEFENDANT'S
                                                 MOTION FOR SANCTIONS,**
10        v.                                     **APPOINTING SPECIAL MASTER,
                                                 DENYING DEFENDANT'S MOTION FOR**
11   FEDEX CORPORATION,                          **RECONSIDERATION OF THE AUGUST
                                                 23, 2005 ORDER, AND ENTERING**
12             Defendant.                        **PROTECTIVE ORDER RE: SNYDER
     _____/           DEPOSITION TRANSCRIPT**
13

14        On October 7, 2004, the Court heard oral argument on defendant's motion for sanction and

15   defendant's motion for reconsideration of the August 23, 2005 order. For the reasons set forth below, the

16   Court hereby DENIES defendant's motion for sanctions; APPOINTS a Special Master pursuant to Federal

17   Rule of Civil Procedure 53; DENIES defendant's motion for reconsideration of the August 23, 2005 order;

18   and GRANTS defendant's alternative request to enter a protective order.

19

20   **1.    Defendant's Motion to Find Mr. McCoy in Contempt and for Sanctions**

21        Defendant seeks an order holding plaintiff's attorney Waukeen McCoy in contempt for violation of this

22   Court's March 16, 2005 order, which states, "No party shall pose any objections other than as a matter of

23   form, no coaching, no explaining questions and/or answers, no instruction to not answer during any deposition."

24   Defendant contends that Mr. McCoy violated the order during the August 30, 2005 deposition of plaintiff

25   Bertha Duenas by being obstreperous, coaching Ms. Duenas by reframing defendant's questions and her

26   answers, and instructing her not to answer on grounds unrelated to a recognized privilege. Defendant seeks

27   a number of sanctions against Mr. McCoy and plaintiffs.

28        In response, Mr. McCoy contends that his actions during the August 30, 2005 deposition do not

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1  warrant any sanctions and that defendant's counsel, Mr. Yost, engaged in provocative and harassing

2  questioning of Ms. Duenas.  Mr. McCoy claims that he reframed Mr. Yost's questions and Ms. Duenas'

3  answers because Ms. Duenas has difficulty with English and she needed to have an interpreter.  Mr. McCoy

4  states that he only instructed Ms. Duenas not to answer questions that were unnecessarily private and intrusive,

5  or that were designed solely to harass Ms. Duenas.

6      The Court has reviewed the parties' papers and the DVD of the deposition of Ms. Duenas.  As a

7  general matter, the Courts notes that discovery in this case has been extremely and unnecessarily contentious,

8  and counsel for both parties have behaved less than admirably.  With regard to the deposition of Ms. Duenas,

9  counsel for plaintiff improperly coached Ms. Duenas on several occasions.  Mr. McCoy's claim that he needed

10  to rephrase questions and answers due to Ms. Duenas' limited English skills is not borne out by the deposition.

11  However, the Court notes that in several instances (such as the questions regarding Ms. Duenas' weight loss),

12  defense counsel's questions were repetitive, confusing, and borderline harassing.

13      Mr. McCoy also instructed Ms. Duenas not to answer questions regarding whether she was/is involved

14  in a sexual relationship with a co-plaintiff, Tanda Brown, as well as questions regarding her co-ownership of

15  property with Ms. Brown.  Defendant states such questioning is relevant to show Ms. Duenas' and Ms.

16  Brown's biases and is necessary for impeachment at trial.  The Court concludes any such relevance is minimal

17  at best given the fact that Ms. Duenas and Ms. Brown are both plaintiffs in this action and presumably their

18  interests are aligned.  The Court finds such questioning of Ms. Duenas is provocative, harassing and irrelevant.

19  Although plaintiff's counsel should have stopped the deposition at that point and sought guidance from the Court

20  rather than instructing the witness not to answer, the Court concludes that there was no harm as a result of Mr.

21  McCoy's actions because the questions were improper.

22      The Court concludes that sanctions are not warranted and hereby DENIES defendant's motion.  The

23  Court will rule on the admissibility of specific deposition testimony (such as Mr. McCoy's examination of Ms.

24  Duenas) if and when such testimony and any objections are submitted to the Court in connection with a

25  substantive motion.  The Court will not order the further deposition of Ms. Duenas as defense counsel has had

26  ample opportunity to question Ms. Duenas, and a review of the deposition demonstrates that counsel was able

27  to question Ms. Duenas in a meaningful way.

28

**United States District Court**
For the Northern District of California

2.     **Appointment of Special Master**

Given the contentiousness of discovery thus far in this case, it has become apparent that the parties are incapable of resolving their discovery disputes in an expeditious and orderly manner without further intervention from this Court.  As the Court has repeatedly explained to the parties, counsel's behavior completely undermines the Civil Justice Reform Act of 1990, which was passed by Congress to address "the dual problems of cost and delay in Federal civil litigation," including the high costs associated with discovery abuse. S. Rep. No. 101-416, at 6, 20 (1990).

Moreover, as another judge in this district explained long ago:

> The discovery system depends absolutely on good faith and common sense from counsel.  The courts, sorely pressed by demands to try cases promptly and to rule thoughtfully on potentially case dispositive motions, simply do not have the resources to police closely the operation of the discovery process.  The whole system of civil adjudication would be ground to a virtual halt if the courts were forced to intervene in even a modest percentage of discovery transactions.  That fact should impose on counsel an acute sense of responsibility about how they handle discovery matters.  They should strive to be cooperative, practical and sensible, and should turn to the courts (or take positions that force others to turn to the courts) only in extraordinary situations that implicate truly significant interests.

*In re Convergent Tech. Sec. Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985).  Counsel's failure to comply with these general principles convinces the Court that a discovery master is necessary to avoid wasting judicial resources and preventing a timely resolution of this case.  Accordingly, with good cause appearing, IT IS HEREBY ORDERED that:

1.     Edward Swanson, Esq., of Swanson & McNamara, LLP, is appointed as Special Master to supervise and preside over all remaining discovery in this case.[1]

    a.     If necessary, the Special Master may attend all or portions of any remaining depositions, rule on all objections made by counsel during the depositions, rule on any instructions by counsel for the deponent not to answer a question, and order the deponent to respond to questions.

    b.     The Special Master shall immediately notify this Court if, during a deposition in which he is

---

[1]  At the October 7, 2005 hearing, the Court announced its intention to appoint Mr. Swanson as a discovery master and instructed the parties to inform the Court if either side had a conflict with Mr. Swanson. Counsel for defendant stated that defendant had no objection to Mr. Swanson.  Plaintiffs have not filed any statement of objection with the Court, and accordingly the Court assumes plaintiffs do not have any objection to Mr. Swanson's appointment.

United States District Court
For the Northern District of California

1   in attendance, any counsel fails to comply or cooperate fully with any of the Special Master's rulings.

2        2.   The Special Master's hourly fee shall be $350.00.  The Special Master shall, in his discretion,

3   allocate and assess the payment of his fees among the parties.  The parties shall pay the Special Master's fees

4   within ten calendar days of assessment, unless otherwise excused by the Special Master or this Court.

5        3.   At his earliest convenience, the Special Master shall contact the parties to discuss the execution

6   of his duties in connection with this order.

7

8

9   **3.     Defendant's Motion for Reconsideration of the Court's August 23, 2005 Order Denying Motion to Quash/Alternative Motion for Protective Order**

10

11       On August 23, 2005, the Court issued an order denying defendant's motion to quash a subpoena

12  issued by plaintiffs to a court reporter for the deposition transcript of Michael Snyder in the case of *Rosalinda*

13  *Pettaway-Vint v. Federal Express Corp.*, currently pending in Los Angeles Superior Court.  Defendant has

14  filed a motion for reconsideration of that order, and alternatively seeks a protective order  restricting the

15  dissemination of the Snyder deposition transcript.

16       The Court hereby DENIES defendant's motion for reconsideration, and GRANTS defendant's request

17  for a protective order.  Dissemination of the Snyder deposition transcript, or any portion thereof,  shall be

18  limited to plaintiffs' attorneys, staff and expert witnesses as necessary for the prosecution of this litigation.[2]  Any

19  portions of the Snyder deposition transcript filed with the Court shall be done under seal.  If copies of the

20  deposition of any portion thereof have been disseminated to anyone, plaintiffs' counsel shall retrieve them

21  immediately and inform the recipients of this order prohibiting dissemination of any of the contents of the

22  deposition transcript to anyone.

23

24                    **CONCLUSION**

25       For the foregoing reasons and for good cause shown, the Court hereby DENIES defendant's

26

27       [2]"This litigation" includes this case, C-04-0098 SI, and the related action C-04-0099 SI, only.  It does

28  not include any other cases, whether or not pending against FedEx and whether or not being prosecuted by the same plaintiffs' counsel.

motion for contempt and sanctions [# 209], DENIES defendant's motion for reconsideration of the August 26, 2005 order [# 201], GRANTS defendant's request for a protective order governing the Snyder deposition [# 201], and APPOINTS a Special Master for the purpose of overseeing discovery in this case.

A copy of this Order shall be sent to Edward Swanson, Esq., Swanson & McNamara LLP, 300 Montgomery Street, Suite 1100, San Francisco, CA 94104.

**IT IS SO ORDERED.**

Dated: October 13, 2005

SUSAN ILLSTON
United States District Judge

**United States District Court**
For the Northern District of California

5