IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ALVARADO, et al., | No. C 04-0098 SI, C 04-0099 SI |
| Plaintiffs, | Related Case: C 03-2569 SI |
| v. | **ORDER RE: SUPPLEMENTAL BRIEFING ON § 1981 LIABILITY PERIOD** |
| FEDEX CORPORATION, | |
| Defendant. | |

In the briefs and at oral argument on the pending motions for summary judgment, the parties have asserted that the liability period for plaintiffs' claims under 42 U.S.C. § 1981 begins at different times. Plaintiffs have argued that the § 1981 liability period begins in December 1998 or October 1999, while defendant contends the § 1981 liability period begins in October 1999 or January 2000. The Court finds that supplemental briefing on this specific issue is necessary.

The original complaint in the *Satchell* case was filed in state court in December 2002. That complaint did not assert a § 1981 claim. Thus, the Court is unaware of any authority or factual basis for plaintiffs' assertion that the earliest possible date for § 1981 liability was four years prior to the filing of the state court complaint (December 1998).

It is the Court's understanding that the *Satchell* parties have agreed that the earliest possible date for § 1981 liability in the class action is October 17, 1999, based on the filing of the Consolidated Amended Complaint which first asserted a § 1981 claim. As the parties are aware, the *Satchell* parties executed a Stipulation on November 6, 2003 (Docket No. 52 in *Satchell*) which provided for severance of claims of non-proposed class representatives and for the tolling of the statute of limitations for certain

claims.[1] The Stipulation lists the *Alvarado* and *White* plaintiffs as "Non-Class Representatives – Group 2." The Court notes that after this Stipulation was filed, the instant cases were filed on January 9, 2004. The January 9, 2004 First Amended Complaint alleges a claim under § 1981.

The Court directs the parties to file supplemental briefs on the effect, if any, of the November 6, 2003 stipulation in *Satchell* on the § 1981 liability period in *Alvarado* and *White*. Specifically, the parties are directed to brief whether the earliest possible date for § 1981 liability in *Alvarado* and *White* is October 17, 1999 (as in *Satchell*), or if it is January 9, 2000 (based on the filing of the First Amended Complaint). If the parties contend that some other date is the earliest possible date for § 1981 liability, the parties shall so argue.[2]

The parties shall file and serve simultaneous briefs on **December 2, 2005**. If the parties wish they may file responses on **December 9, 2005**.

**IT IS SO ORDERED.**

Dated: November 21, 2005

SUSAN ILLSTON
United States District Judge

---

[1] Plaintiffs Charlotte Boswell, Alexander Rivera, Dyronn Theodore, Gary White, Edward Alvarado, Tanda Brown, Bertha Duenas, Pernell Evans, Charles Gibbs, Maria Munoz, Kevin Neely, and Lasonia Walker were all listed on the original *Satchell* complaint. Plaintiff Janice Lewis was not listed on the original *Satchell* complaint. The November 6, 2003 stipulation lists all thirteen of the remaining plaintiffs, including Ms. Lewis. *See* Stipulation at ¶ 9.

[2] The parties should answer this question assuming that the longest limitations period – i.e., 4 yours – applies. The Court recognizes that shorter periods will apply with respect to various claims, but is interested in this point at understanding the parties' contentions as to the earliest possible § 1981 claim.