IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARADO et al., | No. C 04-00098 SI |
| Plaintiffs, | **ORDER DENYING PLAINTIFF CHARLES GIBBS' REQUEST FOR LEAVE TO FILE MOTION FOR RECONSIDERATION AND MODIFYING MARCH 13, 2006 ORDER RE: SUMMARY JUDGMENT** |
| v. | |
| FEDEX CORPORATION, | |
| Defendants. | |

Plaintiff Charles Gibbs has filed a request for leave to file a motion for reconsideration of this Court's March 13, 2006 order granting defendants' motion for summary judgment. Plaintiff's request concerns an error contained in the March 13, 2006 order; in that order, the Court incorrectly stated that plaintiff's state court action was filed on December 12, 2004, when in fact the state court action was filed on December 12, 2002. Based on the December 12, 2004 date, the Court stated that all promotions prior to December 12, 2002 were time-barred under 42 U.S.C. § 1981.

Plaintiff's motion for leave to file a motion for reconsideration contends that all promotion denials occurring on or after December 12, 2000 are timely under § 1981. Plaintiff's motion for leave to file a motion for reconsideration specifically addresses two promotion denials, one occurring in January 2001, and one occurring in September 2002.

Plaintiff's analysis of the statute of limitations is incorrect because plaintiff fails to take account of the fact that the statute of limitations changed in January 2002. All promotion denials occurring prior to December 12, 2001 are time-barred under 42 U.S.C. § 1981. *See* Cal. Code Civ. Proc. § 335.1; *Krupnick v. Duke Energy Morro Bay LLC*, 115 Cal. App. 4th 1026, 1029-30 (2004) (1 year statute of limitations for claims arising in 2000 and 2001; new 2 year statute of limitations did not revive time-barred claims). Accordingly, the January 2001 position referenced in Gibbs' motion for leave to file

a motion for reconsideration remains time-barred.

Although plaintiff is correct that the promotion denials in 2002 are timely,[1] summary judgment in favor of defendant is nevertheless warranted because plaintiff failed to meet his burden in opposing defendants' motion for summary judgment. Gibbs asserts that he applied for nine or ten promotions in 2002. *See* Gibbs Decl. at 4-5 (document created by Gibbs listing 9 positions that he allegedly applied for in 2002); *see also* October 4, 2005 Parker Decl. Ex. 2 to Gibbs Depo. (denial letter dated August 6, 2002). However, aside from asserting that he applied for and was denied these promotions, Gibbs' opposition brief is devoid of any details or citations to evidence regarding all but one of these promotions. It is not the Court's task to "scour the record in search of a genuine issue of triable fact," *Keenan v. Allan*, 91 F.3d 1275, 1278 (9th Cir. 1996), and "it need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposition papers with adequate references so that it could be conveniently found." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001). Accordingly, Gibbs has failed to establish a *prima facie* case of discrimination with regard to these promotions. *See Pejic v. Hughes Helicopters, Inc.*, 840 F.2d 667, 671 (9th Cir. 1988)

The only 2002 promotion that Gibbs specifically addressed in his opposition brief is a September 2002 position, and Gibbs asserts that although he was told ASPIRE candidates would not be hired for that position, he later discovered that an ASPIRE candidate was hired. *See* Gibbs' Opposition at 7:4-9. Gibbs has not submitted any evidence to show that he was qualified for that position, or that a person outside of the protected class was hired into that position. *See* Gibbs' Depo. at 123-125 (stating he does not know who was hired into that position).[2] Accordingly, Gibbs has failed to establish a *prima facie* case with regard to that promotion. *See Pejic*, 840 F.2d at 671.

Gibbs' motion for leave to file a motion for reconsideration discusses another September 2002

---

[1] Gibbs does not assert that he applied for any promotions between December 12-31, 2001.

[2] Although Gibbs' opposition brief states that the hiring manager for this position was Everett Rey, the deposition testimony cited states that the hiring manager was Donna Escobar. *See id.*

promotion for which the hiring manager was Everett Rey.[3] Gibbs contends that summary judgment on that claim is inappropriate because Ms. Parker submitted a declaration on November 20, 2005, the day before the hearing, with evidence showing that a non-African American individual was hired into that position. Gibbs also asserts that Ms. Parker addressed that promotion at the hearing.

The Court finds plaintiff's November 20, 2005 declaration is untimely. Plaintiff did not seek leave of Court to file a late declaration, and indeed there appears to be no good cause for its untimely filing since the attached deposition testimony was taken in April 2005. Plaintiff's counsel have repeatedly ignored the Civil Local Rules and court deadlines, and the Court will not condone such conduct. Because plaintiff's timely-filed October 5, 2005 opposition did not provide any details or cite any evidence regarding this promotion, plaintiff failed to establish a *prima facie* case of discrimination with regard to this promotion.

Moreover, even if the Court considered the November 20, 2005 declaration and concluded that plaintiff had established a *prima facie* case, the Court concludes that FedEx met its burden of showing that the successful applicant, James Friese, was more qualified because Rey testified that Friese was an experienced manager, while Gibbs did not have any managerial experience. *See* Rey Depo. at 85-86. Plaintiff did not submit any evidence of pretext. Thus, even if the Court considered plaintiff's untimely evidence, the Court would reach the same result.

Accordingly, because the factual error does not change the outcome of the March 13, 2006 order, the Court DENIES plaintiff's request for leave to file a motion for reconsideration. The Court STRIKES Docket No. 320 as untimely. The Court MODIFIES the March 13, 2006 order as follows: Page 32, lines 23-24 of the March 13, 2006 order are DELETED, and REPLACED with this order.

**IT IS SO ORDERED.**

Dated: April 3, 2006

SUSAN ILLSTON
United States District Judge

---

[3] As noted *supra*, although plaintiffs' opposition refers to a September 2002 promotion for which the hiring manager was Everett Rey, the evidence cited relates to a promotion for which the hiring manager was Donna Escobar. Thus, the September 2002 promotion discussed in plaintiff's motion for leave to file a motion for reconsideration was not actually briefed in plaintiff's October 5, 2005 opposition.

3