United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ALVARADO et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>FEDEX CORPORATION,<br><br>    Defendant.<br>_____ / | No. C 04-00098 SI; No. C 04-0099 SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO SEVER CASES FOR TRIAL; SETTING TRIAL DATES** |

On May 19, 2006, the Court heard oral argument on defendant's motions to sever plaintiffs' cases for trial in this case and the related case of *White et al. v. FedEx Corporation*, C 04-0099 SI. After careful consideration of the parties' papers and the arguments of counsel, the Court hereby GRANTS defendant's motions and ORDERS that the remaining ten plaintiffs in these two cases shall have separate trials.

**DISCUSSION**

As a result of the Court's summary judgment orders, plaintiffs Munoz, White, Gibbs, Azzam, Paogofie, and Wilkerson no longer have any viable claims. Ten plaintiffs remain in these two actions: Neely, Evans, Brown, Walker, Lewis, Duenas, Theodore, Boswell, Alvarado and Rivera. FedEx has moved to sever plaintiffs' cases for trial, contending that if the cases are combined in any fashion it will result in undue prejudice to FedEx and will confuse the jury. Plaintiffs oppose the motions, arguing that a single trial is in the interest of judicial economy and the convenience of the parties and witnesses.

The Court concludes that although ten separate trials will impose significant burdens on the Court's resources, the interests of fairness dictate that the Court hold ten separate trials. As an initial

matter, the Court notes that as a result of the various summary judgment orders, most of the plaintiffs have very few, and very narrow, remaining claims. For example, plaintiff Rivera's remaining claim challenges discipline he received, plaintiff Neely's remaining claim concerns retaliation, and plaintiff Alvarado challenges assignments and retaliation. Other plaintiffs, such as Lewis, Theodore and Boswell, have a greater number of remaining claims involving promotions, discipline, sexual harassment, racially hostile work environment, and termination.

Contrary to plaintiffs' counsel's statement at the hearing, there are no "pattern and practice" claims remaining in this case. As such, the Court does not envision a need for much evidence concerning background or general FedEx practices and policies, and instead the evidence at trial will largely be specific to each plaintiff. The Court agrees with FedEx's estimate that most, if not all, of plaintiffs' trials will take a total of three days, and some plaintiffs' trials (particularly those with one or two claims remaining) should require less time.

In light of the disparate and fragmented nature of plaintiffs' remaining claims, the Court is persuaded that combining the cases for trial would prejudice FedEx. Jurors would be presented with a "parade of horribles," in which the whole may very well be greater than the sum of its parts. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000); Fed. R. Civ. P. 20(b). Further, consolidating the cases for trial poses a substantial risk of juror confusion because the jury will have to examine each plaintiff's employment history and the reasons given by FedEx for the adverse employment action or allegedly hostile work environment. *See Coleman*, 232 F.3d at 1272.

At the May 19, 2006 hearing, the parties stated that the possibility of settlement was non-existent. Accordingly the Court sets the following trial schedule:

| Date | Plaintiff |
|---|---|
| August 7, 2006 | Edward Alvarado |
| September 5, 2006 | Kevin Neely |
| September 11, 2006 | Charlotte Boswell |
| September 18, 2006 | Dyronn Theodore |
| November 6, 2006 | Pernell Evans |
| November 13, 2006 | Janice Lewis |
| November 20, 2006 | Tanda Brown |

2

January 2, 2007             Alexander Rivera

If the parties agree to changes in this schedule, they may do so by stipulation; otherwise, plaintiffs' trials shall proceed according to this schedule. The Court shall schedule the trials for the remaining two plaintiffs, Lasonia Walker and Bertha Duenas, at a later date and as the Court's calendar permits. At the June 9, 2006 case management conference, the Court shall set further dates for pretrial conferences, and address any other issues relating to the scheduling of plaintiffs' trials.

## CONCLUSION

For the foregoing reasons and good cause shown, the Court hereby GRANTS defendant's motions to sever plaintiffs' claims for trial. (Docket No. 373).[1]

**IT IS SO ORDERED.**

Dated: May 24, 2006

SUSAN ILLSTON
United States District Judge

---

[1] Although the motion was filed in both cases, defendant's motion does not appear on the docket in *White et al. v. FedEx*, 04-0099 SI.

3