IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ALVARADO et al., | No. C 04-00098 SI |
| Plaintiffs, | **ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION TO DISMISS AS TO CHARLOTTE BOSWELL** |
| v. | |
| FEDEX CORPORATION, | |
| Defendant.           / | |

On September 5, 2006, less than a week before the then-scheduled trial date[1] for plaintiff Charlotte Boswell, defendant filed a motion for leave to file a motion to dismiss or alternatively a second motion for summary judgment, along with the substantive motion. (Docket Nos. 516 and 519).

The Court DENIES the motions as untimely. The deadline for filing dispositive motions was September 2, 2005. *See* Docket No. 42. Defendant previously filed a motion for summary judgment with regard to Ms. Boswell, and indeed that motion specifically addressed the merits of plaintiff's sexual harassment, retaliation and constructive discharge claims: the same claims that defendant now contends are improperly before the Court. Defendant could have raised all of the newly-asserted arguments in

---

[1] At the time defendant filed the instant motions, the trial date was scheduled for September 11, 2006. On September 6, 2006, at the request of plaintiff and without opposition by defendant, the trial date was moved to October 23, 2006.

the previous timely motion for summary judgment, and defendant's failure to do so will not be excused.[2]

**IT IS SO ORDERED.**

Dated: September 7, 2006

SUSAN ILLSTON
United States District Judge

---

[2] The Court rejects defendant's contention that the Court lacks subject matter jurisdiction due to plaintiff's failure to exhaust administrative remedies. Plaintiff's administrative complaint stated that she was "harassed" and "retaliated" against on account of her "sex," and she identified Manager Norman Stites as one of the two individuals responsible for such harassment and retaliation. The administrative complaint also states that plaintiff was forced to quit her job.

2