IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ALVARADO, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>FEDEX CORPORATION,<br><br>    Defendant.<br>                                                      / | No. C 04-0098 SI<br><br>**ORDER DENYING DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT RE: TANDA BROWN** |

Defendant has filed a second motion for summary judgment as to plaintiff Tanda Brown, which is scheduled for a hearing on October 19, 2006. Pursuant to Civil Local Rule 7-1(b), the Court determines the matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court DENIES defendant's motion.

**LEGAL STANDARD**

Summary adjudication is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

In a motion for summary judgment, "[if] the moving party for summary judgment meets its initial burden of identifying for the court those portions of the materials on file that it believes demonstrate the absence of any genuine issues of material fact, the burden of production then shifts so that the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial." *See T.W. Elec. Service, Inc., v. Pac. Elec. Contractors*

*Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)). In judging evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, and draws all inferences in the light most favorable to the non-moving party. *See T.W. Electric*, 809 F.2d at 630-31 (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)); *Ting v. United States*, 927 F.2d 1504, 1509 (9th Cir. 1991). The evidence presented by the parties must be admissible. Fed. R. Civ. P. 56(e). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *See Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

**DISCUSSION**

The background of this case is set forth in the Court's summary judgment order filed on March 13, 2006. (Docket No. 367). In that order, the Court denied without prejudice defendant's motion for summary judgment on plaintiff's claim concerning a promotion to senior manager in 2001 because defendant's papers did not address the merits of that claim. Defendant has filed a second motion for summary judgment addressing that claim.

FedEx contends that plaintiff's claim fails because she admits that an African-American man, Sammy Lynch, was selected for the senior manager position. However, plaintiff contends that she was discriminated against on the basis of gender and sexual orientation, not race. Plaintiff also argues that she has met her *prima facie* case of discrimination because she has submitted evidence that she was qualified for the senior manager position. The Court agrees that plaintiff has established a *prima facie* case that she was denied the 2001 senior manager promotion on account of sex. Defendant is correct, however, that plaintiff has not made out a *prima facie* case that she was discriminated against on account of sexual orientation because she has not submitted any evidence about Lynch's sexual orientation. *See Pejic v. Hughes Helicopters Inc.*, 840 F.2d 667, 672 (9th Cir. 1988).[1]

Once a plaintiff has made out a *prima facie* case, the burden shifts to the employer to articulate

---

[1] Accordingly, the Court finds it unnecessary to address the parties' arguments regarding whether plaintiff has adequately alleged or litigated a claim concerning sexual orientation discrimination with respect to the 2001 promotion.

2

a legitimate, non-discriminatory reason for the plaintiff's rejection. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). FedEx ignores this burden-shifting framework by arguing that *plaintiff* must demonstrate that she was more qualified than Lynch. Relatedly, FedEx incorrectly asserts that plaintiff must show that FedEx's "reasons" for promoting Lynch were pretextual. However, FedEx has not articulated any legitimate, non-discriminatory reason for choosing Lynch over plaintiff, and accordingly the burden has not shifted back to plaintiff to show pretext. *See id.* at 442. In addition, FedEx's argument that it did not discriminate against plaintiff with regard to the 2001 senior manager position because, at other times and for other positions FedEx has hired women, is completely irrelevant. For these reasons, the Court DENIES defendant's motion for summary judgment as to plaintiff's claim of sex discrimination regarding the 2001 promotion.

## CONCLUSION

For the foregoing reasons and good cause shown, the Court hereby DENIES defendant's motion for summary judgment. (Docket No. 512).

**IT IS SO ORDERED.**

Dated: October 6, 2006

SUSAN ILLSTON
United States District Judge