**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ALVARADO, et al., | No. C 04-0098 SI |
| Plaintiffs,<br>v. | **FINAL PRETRIAL SCHEDULING ORDER (CHARLOTTE BOSWELL)** |
| FEDEX CORPORATION, | |
| Defendants. | |

On October 10, 2006, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning October 23, 2006. All parties were represented by counsel. The following matters were resolved:

1. **Number of jurors and challenges**: There shall be a jury of 8 members. Each side shall have up to four peremptory challenges.

2. **Voir dire**: The court will conduct general voir dire, and counsel for each side shall have up to 20 minutes total to question the panel.

3. **Jury instructions**: Counsel have submitted separate sets of proposed jury instructions. No later than **Friday, October 20, 2006**, counsel shall submit one complete set of proposed instructions, containing both agreed upon instructions (which shall be so noted), and contested instructions, all in the order in which they should be read to the jury. Where contested instructions are included, they should be annotated both with the proponent's authority for seeking the instruction and the opponent's reason for opposition. Where feasible, competing instructions addressing the same point shall be included

together in the single set of proposed instructions. The final submission shall be filed in hard copy and also submitted to the court on disk, suitable for reading by WordPerfect 10 (windows) on or before October 20, 2006.

4. **Trial exhibits**: No later than **Friday, October 20, 2006**, the parties shall submit their trial exhibits, in binders with numbered tabs separating and identifying each exhibit. The court shall be provided with three sets (for the court, the file and the witness) and each side shall provide one set for the other side. To the extent that original documents are to be used as exhibits in the case, they should be included in the set of exhibits for the court.

5. **Timing of trial**: Based on the limited issues remaining in this action, the proposed witnesses, the rulings on motions in limine and the parties' estimates, the Court finds that the trial should take approximately 6 days. Based on this estimate, each side shall have 30 minutes for opening statements; each side shall have up to 10 hours total for presentation of evidence, which includes direct and cross-examination and presentation of all exhibits; and each side shall have up to 45 minutes for closing argument. The parties have withdrawn any request that the punitive damages phase be separated from the liability/damages phase; all issues will be treated at one time.

6. **Trial schedule**: Jury trials are generally conducted Monday through Thursday; jury trials are generally not conducted on Fridays, although deliberating juries are free to deliberate on Fridays. The trial day runs from 8:30 a.m. until 3:00 p.m., with a 15 minute break at 10:00 a.m., a 30 minute break at 12:00 noon and a 15 minute break at 2:00 p.m., all times approximate.

7. **Motions in limine**: The parties filed numerous motions in limine, as follows:

**Plaintiff's No. 1: to exclude various proposed witnesses and exhibits:** Plaintiff moves to exclude testimony by witnesses Margaret Reardon and Michael Dolan, asserting that they were previously undisclosed by defendant. Defendant responds that Reardon was disclosed by plaintiff as a witness and has been known to plaintiff throughout this litigation; therefore, with respect to Reardon

2

plaintiff's motion is DENIED.  With respect to Dolan, defendant will only call him for impeachment purposes and the Court ORDERS that his testimony be so limited.  Plaintiff also seeks to exclude various documents; this motion is DENIED, without prejudice to renewal when/if the documents are offered into evidence.

**Plaintiff's No. 2: to exclude evidence of collateral source claims and payments:** Defendant does not object to this motion and it is GRANTED.

**Plaintiff's No. 3: to preclude any testimony regarding the motion for summary judgment, summary adjudication, dismissed claims and/or the fact that any witness was at one time a defendant to the action:** Both parties are precluded from offering evidence about rulings on summary judgment, and to that extent only the motion is GRANTED.  Evidence of the content of claims made to DFEH may be elicited where relevant.

**Plaintiff's No. 4: to preclude any documents not produced in discovery:** Defendant represents that it will not offer any documents which were requested by plaintiff and not produced during discovery.   To this extent, the motion is GRANTED.

**Plaintiff's No. 5: to preclude any reference to the Court's exclusion of plaintiff's experts and/or expert reports:** Defendant does not oppose this motion and it is GRANTED.

**Plaintiff's No. 6: to preclude evidence concerning unemployment benefits:** Defendant does not object and this motion is GRANTED.

**Defendant's No. 1: incorporation of prior FedEx motions Nos. 6, 9, 10 and 11: Defendant's Prior No. 6: testimony and exhibits regarding claims dismissed by the Court, other complaints of discrimination, lawsuits, class actions and alleged discriminatory treatment of other employees:** Testimony and exhibits relevant only to dismissed claims or other person's lawsuits will not be allowed; to that extent this motion is GRANTED.  However, testimony concerning EEOC or DFEH claims filed is admissible as a predicate to the current claims; to that extent the motion is DENIED.

**Defendant's Prior No. 9: FedEx's financial condition:** Defendant withdrew this motion at the pretrial hearing.  **Defendant's Prior No. 10: testimony and exhibits regarding plaintiff's employment history at any other FedEx station other than the station that is the subject of this litigation:**

3

DENIED, without prejudice to objections to specific questions at trial. **Defendant's Prior No. 11: hearsay testimony:** Inadmissible hearsay will not be admitted. To this extent the motion is GRANTED.

**Defendant's No. 2: subjective beliefs and opinions of witnesses and plaintiff with no personal knowledge:** Otherwise inadmissible opinions or beliefs will not be admitted, nor will inadmissible hearsay. Testimony as to relevant perceived events will be admitted. Beyond that, it is premature to decide this motion on this record and it is accordingly DENIED without prejudice to specific objections at trial.

**Defendant's No. 3: testimony regarding other complaints of discrimination and lawsuits, and alleged discriminatory treatment of other employees:** Plaintiff claims a sexually hostile workplace, based on conduct by her FedEx manager, Norman Stites, toward her and toward others in the workplace. Otherwise admissible testimony concerning these matters is relevant and will be allowed, under the "totality of the circumstances" test which includes consideration of such factors as: "[the] frequency of discriminatory conduct, its severity, whether it is physically threatening or humiliating, or a mere offensive utterance, and whether it unreasonably interferes with an employee's work performance." *Nichols v. Azteca Rest. Enters. Corp.*, 256 F.3d 864, 872 (9th Cir. 2001). Defendant's motion is DENIED without prejudice to specific objections to specific questions.

**Defendant's No. 4: hearsay testimony:** Inadmissible hearsay will not be admitted. To this extent the motion is GRANTED.

**Defendant's No. 5: supplemental motion in limine to exclude expert testimony of Stanley Stephenson and David MacPherson:** Defendant moves to exclude testimony by plaintiff's experts on the basis that the December 2005 expert report consists solely of preliminary findings. The motion is DENIED. The December 2005 report contains a specific damages range for plaintiff Boswell, and explains the experts' methodology in reaching that number. Although defendant emphasizes language in that report stating that the economic loss analysis may be revised based upon additional information, plaintiff states that, in fact, the experts have not conducted any additional research and thus that they will be limiting their testimony to the opinions set forth in the December 2005 report. As so limited, the foundational issues go to the weight of the expert's testimony, not its admissibility.

**Defendant's No. 6: exclude evidence concerning illness and/or disability:** If plaintiff presents evidence concerning her child's illness or child-care needs which is relevant and material to issues in the case, it will not be excluded based on FRE 403. Motion DENIED.

**Defendant's No. 7: exclude evidence of phone call with FedEx employees:** Defendant seeks to exclude evidence of a phone call placed by a FedEx Senior Manager and a FedEx Human Resources Representative to plaintiff eight months after she left FedEx employ. If the content of the phone call includes otherwise admissible relevant information it will not be excluded based on FRE 403.

**Defendant's No. 8: to exclude plaintiff's witnesses and documents:** Defendant seeks to exclude all of plaintiff's witnesses and evidence because the pretrial witness lists were prepared late. Motion DENIED.

**Defendant's No. 9: to exclude all witnesses and exhibits not properly disclosed during discovery:** Defendant seeks to exclude "'Jennifer Thomas' mother,' Dale Billings, Paul Kaclowski, Claudia Miller, Christopher Perry, Anetha DeCong and Jeff Davis" from testifying because they were not properly disclosed during the discovery process. Plaintiff has withdrawn Dale Billings. Plaintiff asserts that Jennifer Thomas' mother, Miller, Perry, DeCong and Davis will be offered only for rebuttal evidence; their testimony is ORDERED to be so limited. Plaintiff demonstrates that Paul Kaclowski was disclosed in plaintiff's deposition; the motion as to him is DENIED and plaintiff is ORDERED to inform defense counsel promptly should Kaclowski be located.. Further, plaintiff is ordered to find the name and address of Jennifer Thomas' mother and report that information to defense counsel promptly. Defendant's motion to exclude documents is DENIED without prejudice to specific objections at time of trial. Plaintiff is ORDERED to provide copies of the documents listed on page 4 of defendant's motion in limine No. 9 (docket # 560) immediately.

8. **Other matters discussed at pretrial conference:**

**Status of § 1981 race retaliation claim:** At the pretrial conference, plaintiff's counsel stated that he believed plaintiff Boswell has a § 1981 race retaliation claim remaining for trial. The Court has reviewed the record in this case and concludes that to the extent plaintiff ever alleged such a claim in the first amended complaint, plaintiff abandoned that claim during the course of litigation,

and thus there is no such claim remaining in case.

The first amended complaint alleged that FedEx discriminated against Boswell on account of her race in several ways, and also contained a very general § 1981 allegation that FedEx "intentionally discriminated against plaintiffs, and each of them, by retaliating against them for complaining about the unfair and differential treatment." FAC ¶ 301. However, the briefing on defendant's motion for summary judgment demonstrates that plaintiff has not litigated a § 1981 race retaliation claim on Ms. Boswell's behalf. Defendant moved for summary judgment on plaintiff's retaliation claim on the ground that she could not demonstrate a causal connection between any protected activity and an adverse employment action because plaintiff filed her DFEH complaint after she was terminated. *See* Docket No. 215. Plaintiff's summary judgment opposition argued that the protected activity for which she was retaliated against was not the filing of the DFEH complaint, but rather was complaining to FedEx management about Stites' sexual harassment. *See* Docket No. 289. Plaintiff never argued that she had been retaliated against because she complained about racial discrimination. Plaintiff's claims of race discrimination with respect to promotions and discipline were disposed of on summary judgment. Accordingly, the Court concludes that plaintiff does not have a § 1981 race retaliation claim remaining for trial.

**FedEx renewed request to interview Satchell class members outside the presence of counsel:** At pretrial conference, defense counsel renewed their request to interview certain individuals who are class members in *Satchell v. FedEx Corporation*, No. C 03-2659 SI, outside the presence of class counsel, in order to assist defendant's preparation for trial in *Boswell v. FedEx Corporation*. The Court DENIES this request for the reasons stated in the Court's June 27, 2006 order.

**IT IS SO ORDERED.** (Docket ## 509, 515, 540, 542, 548, 549, 550, 551, 552, 553, 560)

Dated: October 10, 2006

_____
SUSAN ILLSTON
United States District Judge