IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ALVARADO, et al., | No. C 04-0098 SI |
| Plaintiffs, <br> v. | **FINAL PRETRIAL SCHEDULING ORDER (PERNELL EVANS)** |
| FEDEX CORPORATION, | |
| Defendants. | |

On October 31, 2006, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning November 13, 2006. All parties were represented by counsel. The following matters were resolved:

1. **Number of jurors and challenges**: There shall be a jury of 8 members. Each side shall have up to four peremptory challenges.

2. **Voir dire**: The court will conduct general voir dire, and counsel for each side shall have up to 20 minutes total to question the panel.

3. **Jury instructions**: Counsel have submitted separate sets of proposed jury instructions. No later than **Thursday, November 9, 2006**, counsel shall submit one complete set of proposed instructions, containing both agreed upon instructions (which shall be so noted), and contested instructions, all in the order in which they should be read to the jury. Where contested instructions are included, they should be annotated both with the proponent's authority for seeking the instruction and the opponent's reason for opposition. Where feasible, competing instructions addressing the same point

shall be included together in the single set of proposed instructions. The final submission shall be filed in hard copy and also submitted to the court on disk, suitable for reading by WordPerfect 10 (windows) on or before November 9, 2006.

4. **Trial exhibits**: No later than **Thursday, November 9, 2006**, the parties shall submit their trial exhibits, in binders with numbered tabs separating and identifying each exhibit. The court shall be provided with three sets (for the court, the file and the witness) and each side shall provide one set for the other side. To the extent that original documents are to be used as exhibits in the case, they should be included in the set of exhibits for the court.

5. **Timing of trial**: Based on the limited issues remaining in this action, the proposed witnesses, the rulings on motions in limine and the parties' estimates, the Court finds that the trial should take approximately 4 days. Based on this estimate, each side shall have 30 minutes for opening statements; each side shall have up to 6.5 hours total for presentation of evidence, which includes direct and cross-examination and presentation of all exhibits; and each side shall have up to 45 minutes for closing argument. The parties have withdrawn any request that the punitive damages phase be separated from the liability/damages phase; all issues will be treated at one time. In the event that a punitive damage phase is conducted, each party shall have 30 minutes to present evidence concerning defendant's financial condition/net worth and 20 minutes to argue the issue.

6. **Trial schedule**: Jury trials are generally conducted Monday through Thursday; jury trials are generally not conducted on Fridays, although deliberating juries are free to deliberate on Fridays. The trial day runs from 8:30 a.m. until 3:00 p.m., with a 15 minute break at 10:00 a.m., a 30 minute break at 12:00 noon and a 15 minute break at 2:00 p.m., all times approximate.

7. **Motions in limine**: The parties filed numerous motions in limine, as follows:

**Plaintiff's No. 1: to exclude any reference to the criminal convictions of Darrel Adams:** Plaintiff moves to exclude any reference to the misdemeanor/trespass criminal conviction of

potential witness Darrel Adams. If the conviction were to be used merely to impeach credibility, the motion might be granted. It appears, however, that Mr. Adams' proposed testimony involves the conviction itself, and FedEx's alleged conduct with respect to reporting the conviction. Under these circumstances, the motion is DENIED. (Docket #600)

**Plaintiff's No. 2: to exclude various proposed witnesses and exhibits**: Plaintiff moves to exclude various witnesses and exhibits. As to witnesses Garcia, the motion is DENIED because plaintiff has listed her as a witness himself. As to witnesses Gonzalez, Graham and Walker, defendant states that they will only be called as impeachment witnesses, and as such the motion is DENIED. As to the exhibits, the record is currently confused and the motion is DENIED without prejudice to renewal at time of trial. (Docket ## 605, 616)

**Plaintiff's Amended No. 3: to exclude various proposed exhibits:** The record is currently confused and the motion is DENIED without prejudice to renewal at time of trial. (Docket #617)

**Defendant's No. 1: to exclude comments by Dave Perry**: Defendant moves under FRE 403 to exclude specific comments of Dave Perry. The comments may go to bias and in any event are not so prejudicial as to outweigh their probative value. DENIED. (Docket #585)

**Defendant's No. 2: to exclude alleged comments by Guy Capriulo:** Plaintiff does not oppose this motion to exclude comments by Guy Capriulo; accordingly is it GRANTED. (Docket #585)

**Defendant's No. 3: to exclude alleged incident involving Robert Montez:** Defendant moves under FRE 403 to exclude evidence of a specific incident involving Robert Montez. The conduct may bear on bias and in any event is not so prejudicial as to outweigh its probative value. DENIED. (Docket #585)

**Defendant's No. 4: to exclude emails:** This Court's March, 2006 summary judgment order concerning plaintiff Pernell Evans determined that four claims for retaliation survived for trial, to wit: Evans' claims

> that he was retaliated against because (1) in late 2002 and early 2003, he received an email from Van Galder requiring him to take corrective action for allowing an employee to work over 50 hours a week; (2) in February 2003, he received an email from Ev Ray regarding corrective action; (3) his shift was changed in January 2004 to a different work group, thus resulting in Evans being evaluated by a "foreign" group who gave him a

3

deficient "SFA" score; and (4) he received a letter from Van Galder in April 2004 requiring him to report quarterly on his performance after the deficient SFA score.

Now defendant moves to exclude the two emails referenced in these claims, on the basis that plaintiff did not produce them prior to trial. "Alternatively," defendant moves to disallow testimony concerning the emails on the basis of the best evidence rule. Plaintiff responds, confusingly, by saying that defendant will not be prejudiced by introduction of the emails because it had the opportunity to cross-examine plaintiff about them at his deposition, and that the best evidence problem need not be addressed because Mr. McCoy's declaration attached the emails. However, only one of the relevant emails is attached. Given the state of the record at this late date, the Court finds that admission of the one email attached to Mr. McCoy's declaration will be allowed and testimony concerning one or both by Mr. Evans will be allowed, all subject to cross-examination. The motion is therefore DENIED. (Docket # 585)

**Defendant's No. 5: to exclude Ev Rey's SFA scores**: Defendant moves to exclude the SFA scores achieved by Ev Rey, on the basis that they are irrelevant. Plaintiff responds that Mr. Rey is a manager, albeit he was Mr. Evans' superior, and that all managers were required to comply with SFA score guidelines. Under these circumstances, the testimony may be relevant. The motion is DENIED, without prejudice to specific objections at time of trial depending on the foundation laid. (Docket # 585)

**Defendant's No. 6: to exclude alleged treatment of Jim Freese:** Defendant seeks to exclude plaintiff's testimony that James Freese was treated better than plaintiff, on the basis that they are irrelevant to plaintiff's retaliation claim. However, the allegedly differential treatment of Mr. Freese was among the complaints made by plaintiff to the EEOC/DFEH and hence this evidence is relevant to his retaliation claims. The motion is DENIED. (Docket #585)

**Defendant's No. 7: to exclude Darrell Adams' testimony**: Darrell Adams, also a subject of plaintiff's motion No. 1, apparently will testify to an incident involving alleged coercion to implicate plaintiff falsely in some misdeed; the incident allegedly occurred well after this lawsuit was filed.. Defendant contends that it has not had the opportunity to depose Adams on this issue. Plaintiff asserts that defendant did have the opportunity "to cross-examine Adams under oath regarding the

4

subject matter in his declaration," and that defendant in fact did obtain such information from other witnesses. However, what plaintiff apparently refers to is a separate lawsuit filed by Mr. Adams against FedEx, in which Mr. Adams' deposition was taken. This incident, and Mr. Adams' role in it, were not disclosed by plaintiff in this case until the pretrial filings. Defendant's motion is GRANTED. (Docket # 585)

**Defendant's No. 8: to exclude economics expert**: Plaintiff does not oppose and the motion is GRANTED. (Docket # 585)

**Defendant's No. 9: to exclude all witnesses and exhibits:** Defendant moves to exclude all of plaintiff's evidence on the basis that the witnesses were disclosed untimely, some have never been disclosed before and much of the identified evidence relates only to dismissed claims. The Court reiterates its ruling in the Alvarado pretrial conference: Testimony and exhibits relevant only to dismissed claims or other person's lawsuits will not be allowed; testimony concerning EEOC or DFEH claims filed by this plaintiff is admissible as a predicate to the retaliation claim. Further, witnesses never previously disclosed will not be allowed in plaintiff's case in chief. Plaintiff is ORDERED to provide defendant with a revised, realistic witness list by Friday, November 3, 2006. Defendant may, at the time of trial, oppose calling of any witnesses whose identities had not previously been provided to it. (Docket # 606)

8. **Other matters discussed at pretrial conference:** Plaintiff must file with the Court and serve on defendant any subpoena he intends to issue, prior to serving the subpoena on the witness. If defendant objects to any subpoena, it must so notify the Court by the next day after receipt and plaintiff may not serve the subpoena until further notice from the Court.

**IT IS SO ORDERED.** (Docket ## 585, 600, 605, 606, 616, 617)

Dated: November 1, 2006

SUSAN ILLSTON
United States District Judge

5