**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ALVARADO, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>FEDEX CORPORATION,<br><br>    Defendant.<br>_____ / | No. C 04-00098 SI<br><br>**ORDER RE: DEFENDANT'S MOTION TO QUASH SUBPOENAS AND MOTION TO EXCLUDE WITNESSES LISTED ON PLAINTIFF'S NOVEMBER 3, 2006 WITNESS LIST** |

    The Court has received defendant's motion to quash subpoenas and motion to exclude certain witnesses from plaintiff Pernell Evans' revised witness list. (Docket Nos. 625, 627). On November 7, 2006, plaintiff filed oppositions which are largely devoid of specific information or argument. The Court has reviewed the parties' papers and the revised witness list, and makes the following general rulings.

    First, the Court GRANTS defendant's motion's motion to quash the subpoena as to the witness not listed on plaintiff's revised list, "Mike Kaufman" or "Mike Coffman."[1] Second, the Court GRANTS defendant's motion to quash the subpoenas for witnesses Eddie Thomas, Salvadore Martinez, Steve Soo Hoo, Tim Soo Hoo, Gerald Pacheco, Daniel Lias, and Mireya Pachevo. Although plaintiff now asserts that these witnesses will be used "solely for impeachment," this is at odds with the descriptions of these witnesses' testimony in plaintiff's revised witness list. This ruling is without prejudice to reconsideration during trial subject to an offer of proof as to their impeachment/rebuttal testimony.

    Finally, the Court will exclude any witnesses who were not fairly disclosed to FedEx during the

---

[1] Accordingly, the Court does not consider plaintiff's contention that plaintiff has "substantial need" for Mr. Coffman's testimony.

pretrial phases of this litigation. Plaintiff contends that at his deposition he testified about Randy Gin, Mike Kelly, Tanda Brown, Jazmin Evans and Marvin Hancock.[2] Plaintiff shall file a supplemental response to defendant's motions by **4:00 p.m. on Wednesday, November 8, 2006**. Plaintiff's supplemental papers shall specifically address how Evans' deposition testimony provided notice of the proposed trial testimony, and shall attach copies of relevant portions of Evans' deposition testimony. In addition, for any witness whom plaintiff contends was properly disclosed, plaintiff shall also address how that witness' testimony is relevant to plaintiff's remaining retaliation claims.

After review of plaintiff's supplemental papers, the Court shall schedule a hearing if necessary.

**IT IS SO ORDERED.**

Dated: November 8, 2006

SUSAN ILLSTON
United States District Judge

---

[2] Plaintiff's opposition did not address "Tim Johns" or "Tim Jones." If plaintiff intends to call this witness at trial, plaintiff's supplemental papers must specifically address this witness.

2