**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERNELL EVANS et al,<br><br>    Plaintiffs,<br><br>  v.<br><br>FEDEX CORPORATION,<br><br>    Defendant.<br>_____/ | No. C 04-0098 SI<br><br>**FURTHER ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO QUASH SUBPOENAS AND MOTION TO EXCLUDE WITNESSES** |

    The Court has reviewed plaintiff's supplemental opposition to defendants' motions, and makes the following rulings.[1] The Court GRANTS defendant's motions as to Mike Kelly, Steve Soo Hoo, Randy Gin and Marvin Hancock. The Court finds that although these witnesses were disclosed during plaintiff's deposition, based upon plaintiff's offer of proof, these witnesses do not appear to have relevant testimony. Testimony that Mike Kelly was treated more favorably than plaintiff because FedEx allowed Kelly to step down from being a manager while denying plaintiff a similar request is not relevant to plaintiff's disparate treatment discipline claim or retaliation claims. Similarly, plaintiff's offer of proof does not demonstrate that the instances of discipline – or failure to discipline – of which Steve Soo Hoo, Gin and Hancock would testify are similar to the discipline issues in this case.

    The Court GRANTS defendant's motions as to Eddie Thomas and Salvadore Martinez. Plaintiff asserts he was not required to disclose these witnesses because they will be used to "rebut" Van Galder. However, plaintiff's offer of proof for these two witnesses demonstrates that their proposed testimony would be part of plaintiff's case in chief on the disparate discipline claim.

---

[1] Plaintiff elected to proceed on the basis of his written offer of proof, rather than oral presentation at time of trial. Accordingly, this order is based on plaintiff's written submission only.

The Court GRANTS defendant's motions as to Gerald Pacheco and Mireya Pacheco. Plaintiff's offer of proof does not establish the admissibility of the proposed impeachment testimony.

The Court DENIES defendant's motions as to Tanda Brown, Jazmin Evans, Daniel Lias, and Tim Soo Hoo. Brown, Evans and Lias were all disclosed during plaintiff's deposition, and based upon the deposition excerpts provided, appear to have relevant testimony.[2] Plaintiff asserts Tim Soo Hoo will be used solely for impeachment, and accordingly plaintiff was not required to disclose this witness pursuant to Rule 26. *See* Fed. R. Civ. P. 26(a)(1)(A).

The Court DENIES defendant's request for fees.

**IT IS SO ORDERED.**

Dated: November 9, 2006

SUSAN ILLSTON
United States District Judge

---

[2] The Court notes that defendant's description of plaintiff's deposition testimony regarding these witnesses was not entirely accurate. For example, plaintiff testified at length regarding "Daniel" and being disciplined for the fact that Daniel drove more than 55 hours in a week.

2