**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ALVARADO, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>FEDEX CORPORATION,<br><br>　　　　　Defendant.<br>　　　　　　　　　　　　　　　／ | No. C 04-0098 SI<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' UNTIMELY ANSWER; DENYING DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME TO FILE AN ANSWER; AND STRIKING DOCKET NO. 653** |

　　　On January 12, 2007, the Court heard argument on plaintiffs' motion to strike defendant's answer, and on defendant's motion for an enlargement of time to file an answer. For the reasons set forth below, the Court GRANTS plaintiffs' motion and DENIES defendant's motion, and STRIKES the answer filed on November 22, 2006.

**DISCUSSION**

　　　Although plaintiffs filed a first amended complaint on January 9, 2004, defendant never filed an answer to it. Nearly three years later, after extensive motion practice and two jury trials in this action, defendant filed a 40 page answer asserting 34 affirmative defenses. Plaintiffs have moved to strike the untimely answer. Defendant, after having already filed the answer and after receiving plaintiffs' motion to strike it, filed a motion for an "enlargement of time" to file an answer.

　　　The Court has discretion under Federal Rule of Civil Procedure 6(b) to allow the filing of an untimely answer "where the failure to act was the result of excusable neglect." Fed. R. Civ. P. 6(b). The Court finds that defendant has not established excusable neglect. Defendant is well-resourced, has litigated this case vigorously, and has filed numerous pretrial motions, including over a dozen motions

for summary judgment. The fact that the procedural history of this case is somewhat unusual because the case originally was part of the *Satchell* action does not supply "excusable neglect," particularly when the late answer is filed after almost three years of protracted litigation and two jury trials.

The Court further finds that the filing of a late answer would prejudice plaintiffs because of the advanced stage of this litigation. Defendant states that all of the defenses asserted in the answer have been raised at some point during this litigation, and thus plaintiffs will not suffer any harm. If defendant is correct, the late answer is surplusage and defendant will not be prejudiced because it has raised those defenses and preserved them for appeal. However, if defendant has actually asserted new defenses, as plaintiffs claim, plaintiffs would be prejudiced by their late assertion.[1]

## CONCLUSION

For the foregoing reasons, the Court concludes that defendant has failed to establish "excusable neglect" for its failure to timely file an answer. Accordingly, the Court exercises its discretion and GRANTS plaintiffs' motion to strike the untimely answer (Docket No. 656), DENIES defendant's motion for an enlargement of time (Docket No. 661), and STRIKES Docket No. 653.

**IT IS SO ORDERED.**

Dated: January 12, 2007

SUSAN ILLSTON
United States District Judge

---

[1] The Court notes that a week before the then-scheduled *Boswell* trial, defendant raised for the first time the contentions that Boswell's sexual harassment claims were barred for failure to exhaust administrative remedies and for failure to specifically allege sexual harassment claims in the complaint, despite the fact that defendant's own motion for summary judgment moved on those claims. The Court denied defendant's motions in orders filed September 8 and 19, 2006, and found that the Court had jurisdiction because Boswell had exhausted her remedies. Defendant's untimely answer again asserts these defenses.

2