1  FEDERAL EXPRESS CORPORATION
   Frederick L. Douglas (Admitted *Pro Hac Vice*)
2  David A. Billions (Admitted *Pro Hac Vice*)
   Barak J. Babcock (Admitted *Pro Hac Vice*)
3  3620 Hacks Cross Road
   Building B, 3rd Floor
4  Memphis, Tennessee  38125-8800
   Telephone:  901.434.8519
5  Facsimile:  901.434.9271

6  SEYFARTH SHAW LLP
   Gilmore F. Diekmann, Jr. (SBN 050400)
7  Patricia H. Cullison (SBN 101636)
   Francis J. Ortman, III (State Bar No.: 213202)
8  560 Mission Street, Suite 3100
   San Francisco, California  94105
9  Telephone:  415.397.2823
   Facsimile:  415.397.8549
10
   Attorneys for Defendant
11 FEDERAL EXPRESS CORPORATION,
   dba FEDEX EXPRESS (erroneously sued herein as
12 FedEx Corporation, dba FedEx Express)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ALVARADO, JOHN AZZAM, CHARLOTTE BOSWELL, TANDA BROWN, BERTHA DUENAS, PERNELL EVANS, CHARLES GIBBS, JANICE LEWIS, MARIA MUNOZ, KEVIN NEELY, LORE PAOGOFIE, DYRONN THEODORE, LASONIA WALKER and CHRISTOPHER WILKERSON, <br><br>　　　　Plaintiffs, <br><br>v. <br><br>FEDEX CORPORATION, a Delaware corporation, dba FEDEX EXPRESS, <br><br>　　　　Defendant. | Case No. C04-0098 SI <br><br>**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR STAY RE: PLAINTIFF EDWARD ALVARADO (DOCKET NO. 697) AND MOTION FOR STAY RE: PLAINTIFF PERNELL EVANS (DOCKET NO. 698)** <br><br>Date:  March 14, 2007 <br><br>Time:  4:00 p.m. <br><br>Judge:  Hon. Susan Illston |

DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTIONS FOR STAY RE: PLAINTIFF EDWARD ALVARADO AND PLAINTIFF PERNELL EVANS, CASE NO. C04-0098 SI

Defendant, Federal Express Corporation ("FedEx"), through its attorneys, submits this Reply Memorandum in Support of its Motions for Stays of Execution of Judgment And to Waive the Bond Requirement Re: Plaintiff Edward Alvarado (Docket No. 697) and Plaintiff Pernell Evans (Docket No. 698). In their Response Memoranda (Docket Nos. 705 and 706), Plaintiffs' advance the argument that the Court should deny Stays under Rule 62(b) because of the "posture of the case." FedEx's attorney represented to the Court (Docket No. 703), its intentions to file numerous post judgment motions by the deadlines imposed by the rules. Moreover, Plaintiffs assertion that FedEx should be required to post a bond because of the "future discrimination judgments that FedEx has to pay out over the next year" is equally without merit. Plaintiffs have not shown (and can not show) any employment discrimination judgment creditor that FedEx has failed to pay. Requiring FedEx to post a supersedeas bond for the duration of time it takes the Court to rule on post trial motions would be a waste of money and, thus, not necessary. *See Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988).[1]

For the reasons articulated above and in its initial pleadings (Docket Nos. 697 and 698), FedEx requests that the Court issue Stays under Rule 62 and waive the requirement for a supersedeas bonds.

---

[1] In the alternative, FedEx requests that the Court approve the proposed supersede bonds, previously filed with the Court (Docket No. 708, Exs. A-B).

1

DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTIONS FOR STAY RE: PLAINTIFF EDWARD ALVARADO AND PLAINTIFF PERNELL EVANS, CASE NO. C04-0098 SI

1 | DATED: March 12, 2007.                                   FEDERAL EXPRESS CORPORATION

                                                By:     /s/ Barak J. Babcock
                                                        Barak J. Babcock
                                                        Senior Attorney
                                                        Attorneys for Defendant
                                                        Federal Express Corporation

Doc. No. 636840