IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDWARD ALVARADO, et al.,

        Plaintiffs,

  v.

FEDEX CORPORATION,

        Defendant.

No. C 04-0098 SI

**ORDER GRANTING DEFENDANT'S MOTIONS TO STAY EXECUTION OF JUDGMENTS AND REQUIRING POSTING OF SUPERSEDEAS BONDS**

    Defendants have filed motions to stay the execution of the judgments entered in favor of plaintiffs Edward Alvarado and Pernell Evans. The motions are scheduled for a hearing on March 14, 2007. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matters are suitable for resolution without oral argument, and VACATES the hearing.

    Pursuant to Federal Rule of Civil Procedure 62(b), the Court has discretion to stay the execution of the enforcement of a judgment pending the disposition of post-trial motions and appeals. Defendant states that it intends to file post-trial motions with respect to both plaintiffs and, if necessary, appeals. In light of this stated intention, the Court exercises its discretion and STAYS enforcement of the judgments, on the condition that defendant post bonds as set forth below.

    "District courts have inherent discretionary authority in setting supersedeas bonds[.]" *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n. 1 (9th Cir. 1987). Defendant requests that the Court waive the bond requirement. Alternatively, defendant has offered to put up a $600,000 bond with regard to plaintiff Alvarado's judgment, and a $1,150,000 bond with regard to plaintiff Evans' judgment. Plaintiff states that defendant should be required to post bonds, but has expressed no view as to the amount.

The Court finds it is appropriate to require the posting of bonds during the pendency of the stay, and that the amounts of the bonds proposed by defendant are sufficient to cover the damages awards[1] plus interest. Accordingly, defendant is ORDERED to post a $600,000 bond as a condition of staying the enforcement of Alvarado's judgment, and to post a $1,150,000 bond as a condition of staying the enforcement of Evans' judgment. Defendant shall post the bonds no later than close of business on **March 15, 2007**. If defendants fail to post the bonds, the stay shall be lifted. (Docket Nos. 697 and 698).

**IT IS SO ORDERED.**

Dated: March 13, 2007

SUSAN ILLSTON
United States District Judge

---

[1] The juries awarded $500,000 in damages to plaintiff Alvarado, and $950,000 in favor of plaintiff Evans.

2