FEDERAL EXPRESS CORPORATION
Frederick L. Douglas (Admitted *Pro Hac Vice*)
Cynthia Collins (Admitted *Pro Hac Vice*)
Sandy Isom (157374)
3620 Hacks Cross Road
Building B, 3rd Floor
Memphis, Tennessee 38125-8800
Telephone: 901.434.8519
Facsimile: 901.434.9271

David S. Wilson, III (174185)
2601 Main Street, Suite 340
Irvine, California 92614
Telephone: 949.862.4656
Facsimile: 949.862.4605

FILED
APR X 2 2007
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Attorneys for Defendant
FEDERAL EXPRESS CORPORATION,
dba FEDEX EXPRESS (erroneously sued herein as
FedEx Corporation, dba FedEx Express)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ALVARADO, JOHN AZZAM, CHARLOTTE BOSWELL, TANDA BROWN, BERTHA DUENAS, PERNELL EVANS, CHARLES GIBBS, JANICE LEWIS, MARIA MUNOZ, KEVIN NEELY, LORE PAOGOFIE, DYRONN THEODORE, LASONIA WALKER and CHRISTOPHER WILKERSON,<br><br>Plaintiffs,<br><br>vs.<br><br>FEDEX CORPORATION, a Delaware corporation, dba FEDEX EXPRESS,<br><br>Defendant. | Case No.: C04-0098 SI<br><br>**NOTICE OF DEFENDANT'S EVIDENTIARY OBJECTIONS TO QUESTIONS POSED BY PLAINTIFF DURING THE TRIAL DEPOSITION OF NORMAN STITES**<br><br>ORDER |

– 1 –
NOTICE OF DEF'S EVIDENTIARY OBJECTIONS TO QUESTIONS BY PL DURING TRIAL DEPOSITION OF NORMAN SITES, CASE NO. C04-0098 SI

Comes now Defendant Federal Express Corporation (improperly named in the Complaint as FedEx Corporation and hereafter referred to as "FedEx" or "Defendant"), and for its notice of its evidentiary objections to questions posed by Plaintiff during the trial deposition of Norm Stites, states[1]:

*[handwritten annotations: O/R = overruled; Sust = sustained; signature]*

| Page/Line[2] | Objection | Basis | |
|---|---|---|---|
| 35:9-23 | Calls for speculation. | Asking Mr. Stites whether Debbie Ingram is an honest person requires him to speculate. | O/R |
| 35:24-36:11 | Irrelevant, badgering the witness. | Reminding the witness that he is under oath is not a question designed to elicit relevant testimony and is an attempt to badger the witness. Moreover, there is no evidence in the record that Mr. Stites was being dishonest. He was merely reluctant to speculate as to whether Ms. Ingram was an honest person. | O/R |
| 37:14-19 | Lacks foundation, calls for speculation. | Plaintiff's counsel did not lay a foundation showing that Mr. Stites was responsible for administering the policy in question, assuming such a policy even exists. | O/R |
| 37:20-38:1 | Calls for speculation, lacks foundation. | The question at issue required Mr. Stites to speculate as to whether a candidate possessing certain information had an advantage on a pre-employment test. There is no evidence that Mr. Stites administered the test. | O/R |
| 46:12-18 | Calls for a legal conclusion. | The question at issue required Mr. Stites to know whether certain conduct constituted sexual harassment. | O/R |
| 47:9-48:1 | Calls for a legal conclusion. | The question at issue required Mr. Stites to know whether certain conduct constituted sexual harassment. | Sust |
| 49:17-22 | Lacks foundation. | Plaintiff's counsel did not lay a foundation showing that Mr. Stites was responsible for administering the policy in question, assuming such a policy even exists. | O/R |
| 50:14-53:5 | Irrelevant, vague and ambiguous, misstates | Plaintiff's claims do not include sex discrimination and Mr. Stites did not say during his trial deposition that he | O/R |

---

[1] The Court denied certain motions in limine with respect to certain testimony on the basis that the motions were premature on the record and without prejudice to specific objections to specific questions at trial. (Dkt. 579). To the extent that the relevance and admissibility of certain testimony elicited from Mr. Stites cannot be determined until the admissibility of other evidence is established during trial, i.e. FRE 104, FedEx may move to strike or further object to such testimony not included herein, as needed based upon evidentiary rulings during trial.

[2] True and correct copies of the cited deposition excerpts are attached hereto as Exhibit A.

| | | | |
|---|---|---|---|
| | | testimony. | did not receive sex discrimination training. |
| | 54:23-55:6 | Misstates the policy; the document speaks for itself. | Plaintiff did not accurately read the contents of the FedEx policy in question. See Plaintiff's Exhibit 132Q, a true and correct copy of which is included in Exhibit A hereto. | Sust |
| | 55:12-57:2 | Calls for a legal conclusion, asked and answered. | The question at issue required Mr. Stites to know whether certain conduct constituted sexual harassment, and whether FedEx could be held liable for any harassment engaged in by its employees. | O/R |
| | 57:10-16 | Lacks foundation, vague and ambiguous. | Plaintiff's counsel did not lay a foundation showing that Mr. Stites was responsible for processing or providing EEO forms, and the term "EEO form" is impermissibly vague and ambiguous. | Sust |
| | 58:15-19 | Vague and ambiguous. | The term "EEO form" is impermissibly vague and ambiguous, and so is the phrase "start of a process." It is impossible to determine what process Plaintiff's counsel is referring to. | Sust |
| | 60:3-8 | Lacks foundation. | Plaintiff's counsel did not lay a foundation showing that Mr. Stites was responsible for administering the policy in question. | Sust |
| | 61:12-62:13. | Calls for a legal conclusion. | Plaintiff's counsel asked Mr. Stites what the FEHA proscribes and whether he received training on the FEHA. Because Mr. Stites is not a lawyer, he did not understand that he received training on the requirements of the FEHA. For example, Mr. Stites testified that he received sex harassment training (see, e.g., Stites' depo. at 45:6-8), but because he is not a lawyer he could not understand that he received sex harassment training due, in part, to the requirements of the FEHA and case law interpreting the FEHA. | O/R |
| | 79:2-8 | Calls for speculation. | There is no evidence that Mr. Stites had any personal knowledge of what Plaintiff's personal, non-work related weekend obligations were. | O/R |
| | 80:16-82:7 | Calls for speculation. | There is no evidence that Mr. Stites had any personal knowledge of what Plaintiff's personal, non-work related weekend obligations were. | O/R |
| | 83:9-13 | Calls for speculation. | There is no evidence that Mr. Stites had any personal knowledge of whether Plaintiff made a complaint to personnel regarding a payroll issue. | Sust |
| | 91:22-92:2 | Calls for a legal conclusion. | The question at issue required Mr. Stites to know whether certain conduct constituted sexual harassment. | O/R |
| | 94:19-23 | Calls for speculation. | Asking Mr. Stites whether Jennifer Thomas is an honest person requires him to speculate. | O/R |
| | 94:24-95:4 | Assumes facts not in evidence. | Mr. Stites never testified that he continued to use Ms. Thomas's personal e-mail address after she returned from leave. | Sust |

- 3 -
NOTICE OF DEF'S EVIDENTIARY OBJECTIONS TO QUESTIONS BY PL DURING TRIAL DEPOSITION OF NORMAN SITES, CASE NO. C04-0098 SI

| | | |
|---|---|---|
| 108:20-25 | Calls for speculation, misstates testimony. | Mr. Stites never testified that Plaintiff did not complain to Sharon McNeil that Plaintiff's paycheck was delayed. There is no evidence that Mr. Stites has personal knowledge of whether Plaintiff made such a complaint. |
| 113:17-20 | Calls for speculation. | Plaintiff's question required Mr. Stites to guess. |
| 120:5-14 | Misstates the record. | Plaintiff misrepresented the contents of Plaintiff's Exhibit 15A, a true and correct copy of which is included in Exhibit A hereto. |
| 122:12-16 | Assumes facts not in evidence. | There is no evidence that Lou Vigiletti instructed Mr. Stites to deliver Plaintiff's final paycheck in person. Also, there is no evidence that Mr. Stites went to Plaintiff's house to ask her out on a date. |
| 125:20-25 | Irrelevant | Mr. Stites' testimony about a warning letter he received in 1995 for a hand gesture he made to a male employee is not relevant to the issue of whether Plaintiff, a female employee, was sexually harassed in the 1998-2001 time period. |
| 126:1-12 | Irrelevant, calls for legal conclusion. | The question at issue required Mr. Stites to know whether certain conduct constituted sexual harassment. Also, Mr. Stites' testimony about a warning letter he received in 1995 for a hand gesture he made to a male employee is not relevant to the issue of whether Plaintiff, a **female** employee, was **sexually harassed** in the 1998-2001 time period. |
| 126:19-128:14 | Calls for speculation, irrelevant; in alternative, probative value substantially outweighed by dangers of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay or waste of time. See FRE 403. | Mr. Stites' testimony about a warning letter he received in 1995 for a hand gesture he made to a male employee is not relevant to the issue of whether Plaintiff, a female employee, was sexually harassed in the 1998-2001 time period. Also, Plaintiff asked Mr. Stites to guess about what another employee interpreted the hand gesture to mean. In addition, the line of questioning at issue triggers the dangers addressed by FRE 403. |
| 129:15-131:13 | Calls for speculation, misstates testimony, probative value substantially outweighed by dangers of unfair prejudice, confusion of the issues, | Mr. Stites' testimony about a warning letter he received in 1995 for a hand gesture he made to a male employee, as well as testimony about any lawsuit that may have been filed as a result of that gesture, is not relevant to the issue of whether Plaintiff, a female employee, was sexually harassed in the 1998-2001 time period. Also, there is no evidence that Plaintiff had personal knowledge of whether FedEx was a party to Ray |

Handwritten annotations: "Sust" next to 108:20-25, 113:17-20, 120:5-14, 122:12-16; "O/R" next to 125:20-25, 126:1-12; "126:19 to 127:21 O/R", "127:22-128:14 Sust"; "O/R" next to 129:15-131:13.

| | | | |
|---|---|---|---|
| | | misleading the jury, or by considerations of undue delay or waste of time. See FRE 403. | Marino's lawsuit, or the allegations in the lawsuit, or whether such a lawsuit was ever even filed. In addition, the line of questioning at issue triggers the dangers addressed by FRE 403. Furthermore, Plaintiff never testified that FedEx was sued for the hand gesture at issue. |
| | 136:24 | Calls for speculation, asked and answered, misstates testimony, vague and ambiguous, probative value substantially outweighed by dangers of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay or waste of time. See FRE 403. | Mr. Stites' testimony about a warning letter he received in 1995 for a hand gesture he made to a male employee, as well as testimony about any lawsuit that may have been filed as a result of that gesture, is not relevant to the issue of whether Plaintiff, a female employee, was sexually harassed in the 1998-2001 time period. Also, there is no evidence that Plaintiff had personal knowledge of whether FedEx was a party to Ray Marino's lawsuit, or the allegations in the lawsuit, or whether such a lawsuit was ever even filed. In addition, the line of questioning at issue triggers the dangers addressed by FRE 403. Furthermore, Plaintiff never testified that FedEx was sued for the hand gesture at issue. Finally, Plaintiff asked Mr. Stites to guess about Ray Marino's interpretation of the hand gesture. |
| | 183:16-23 | Irrelevant; in the alternative, probative value substantially outweighed by dangers of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay or waste of time. See FRE 403. | FedEx reserves the right to strike this testimony about Ray Marino, which was provided in response to questioning by defense counsel, in the event that the Court sustains FedEx's objections to Plaintiff's questions concerning Mr. Marino and a hand gesture made toward Mr. Marino in 1995. |
| | 184:8-12 | Irrelevant; in the alternative, probative value substantially outweighed by dangers of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay or waste of time. See FRE 403. | FedEx reserves the right to strike this testimony about Ray Marino, which was provided in response to questioning by defense counsel, in the event that the Court sustains FedEx's objections to Plaintiff's questions concerning Mr. Marino and a hand gesture made toward Mr. Marino in 1995. |
| | 244:16-22 | Calls for speculation. | There is no evidence that Mr. Stites had personal |

| | | knowledge that Jessica Rodriguez was investigated for timecard falsification. |
|---|---|---|
| 260:3-261:11 | Misstates the record and Mr. Stites' testimony. | There is no evidence anywhere in the record that Mr. Stites communicated with Plaintiff about her request for a personal day on July 26, 2001 before Plaintiff submitted a form requesting that personal day. |
| 266:2-10 | Misstates testimony, argumentative. | Mr. Stites never testified that he told Jennifer Thomas she was his soul mate or that he sent her an email. |
| 275:24-276:9 | Calls for a legal conclusion. | The question at issue required Mr. Stites to know whether certain conduct constituted sexual harassment. |

[Handwritten annotations: "Sust", "O/R", "O/R"]

Other objections besides those identified above were asserted by FedEx during Mr. Stites' trial deposition. FedEx has tentatively decided not to assert any objections which, while expressly made during Mr. Stites' deposition, are not included in the table above or covered by footnote 1 to this Notice. Defendant contends that it should be given the option to edit out any such objections from the video tape that will be presented to the jury. In addition, FedEx contends that any dialogue between Master Swanson and counsel for the parties should be edited out of the videotape.

DATED: March 30, 2007

By: /s/ David S. Wilson, III, Esq.
DAVID S. WILSON, III, ESQ.
SANDRA C. ISOM, ESQ.
**FEDERAL EXPRESS CORPORATION**

Attorneys for Defendant
FEDERAL EXPRESS CORPORATION

639491

- 6 -
NOTICE OF DEF'S EVIDENTIARY OBJECTIONS TO QUESTIONS BY PL DURING TRIAL DEPOSITION OF NORMAN SITES, CASE NO. C04-0098 SI