IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHARLOTTE BOSWELL, et al.,                    No. C 04-00098 SI

    Plaintiff,

v.

FEDEX CORPORATION,

    Defendant.
_____/

INSTRUCTIONS TO JURY

DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instruction, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.

## WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

(1)   the sworn testimony of any witness;

(2)   the exhibits which have been received into evidence; and

(3)   any facts to which the lawyers have agreed or stipulated.

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)   Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)   Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)   Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

(4)   Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as a testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.

You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)  the opportunity and ability of the witness to see or hear or know the things testified to;

(2)  the witness' memory;

(3)  the witness' manner while testifying;

(4)  the witness' interest in the outcome of the case and any bias or prejudice;

(5)  whether other evidence contradicted the witness' testimony;

(6)  the reasonableness of the witness' testimony in light of all the evidence; and

(7)  any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about that fact.

BURDEN OF PROOF –
PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

AFFIRMATIVE DEFENSE

On any claim, if you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff on that claim, unless you also find that the defendant has proved an affirmative defense, in which event your verdict should be for the defendant on that claim.

CORPORATIONS AND PARTNERSHIPS – FAIR TREATMENT

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

SUMMARY OF CONTENTIONS

Plaintiff Charlotte Boswell contends that her employer FedEx violated the prohibitions against sexual harassment and retaliation in employment found in state and federal law. Plaintiff also contends that as a result of sexual harassment, she was constructively discharged. Defendant denies all of plaintiff's contentions, and also asserts certain affirmative defenses.

I will now explain the rules which apply to your decision on each of these claims.

**(1) CLAIM FOR SEXUALLY HOSTILE WORK ENVIRONMENT: (SEXUAL HARASSMENT)**

ELEMENTS

Plaintiff Charlotte Boswell seeks damages against defendant FedEx for a sexually hostile work environment while she was employed by FedEx. In order to establish a sexually hostile work environment, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. the plaintiff was subjected to sexual advances, requests for sexual conduct, or other verbal or physical conduct of a sexual nature;

2. the conduct was unwelcome;

3. the conduct was sufficiently severe or pervasive enough to alter the conditions of the plaintiff's employment and create a sexually abusive or hostile work environment;

4. the plaintiff perceived the working environment to be abusive or hostile; and

5. a reasonable woman in the plaintiff's circumstances would consider the working environment to be abusive or hostile.

Whether the environment constituted a sexually hostile work environment is determined by looking at the totality of the circumstances, including the frequency of the harassing conduct, the severity of the conduct, whether the conduct was physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interfered with an employee's work performance.

WHEN CAUSED BY SUPERVISOR – TANGIBLE EMPLOYMENT ACTION – AFFIRMATIVE DEFENSE

An employer may be liable when a supervisor with immediate authority over the employee creates a sexually hostile work environment for that employee. Plaintiff Charlotte Boswell claims that she was subjected to a sexually hostile work environment by Norman Stites, and that Norman Stites was her immediate supervisor. Defendant FedEx denies plaintiff's claims. The plaintiff must prove her claim by a preponderance of the evidence.

In addition to denying the plaintiff's claim, defendant FedEx has asserted an affirmative defense. Before you consider this affirmative defense, you must first decide whether plaintiff has proved by a preponderance of the evidence that she suffered a tangible employment action as a result of harassment by the supervisor. "Tangible employment action" is defined in the next instruction.

If plaintiff has proved that her supervisor created a sexually hostile work environment for her, as defined in the previous instruction, and has also proved that she suffered a tangible employment action as a result of harassment by the supervisor, plaintiff is entitled to prevail on this claim and you must not consider the affirmative defense.

If plaintiff has proved that her supervisor created a sexually hostile work environment for her, as defined in the previous instruction, but has not proved that she suffered a tangible employment action, plaintiff is still entitled to prevail on this claim unless you find that the defendant has proved by a preponderance of the evidence each of the following elements:

1. the defendant exercised reasonable care to prevent and promptly correct the sexually harassing behavior, and

2. the plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or unreasonably failed to otherwise avoid harm.

If the defendant proves these elements, the plaintiff is not entitled to prevail on this claim.

TANGIBLE EMPLOYMENT ACTION DEFINED

"Tangible employment actions" are the means by which a supervisor brings the official power of the enterprise to bear on subordinates. A tangible employment action requires an official act of the enterprise, a company act. A tangible employment action consists of a significant change in employment status such as firing, failing to promote, reassignment, a significant change in responsibilities, undesirable reassignment, or a significant change in benefits.

**(2) CLAIM FOR CONSTRUCTIVE DISCHARGE:**

A constructive discharge occurs when the working conditions are so intolerable that a reasonable person in the plaintiff's position would feel compelled to resign.

Plaintiff is entitled to prevail on her claim for constructive discharge if you find that she is entitled to prevail on her claim for sexually hostile work environment and if you also find that she has proved, by a preponderance of the evidence, that her working conditions were made so intolerable by the sexually hostile work environment that a reasonable person in plaintiff's position would feel compelled to resign.

### (3) CLAIM FOR RETALIATION—ELEMENTS

Plaintiff Charlotte Boswell also claims that in taking the challenged actions, defendant FedEx was retaliating against her because she engaged in protected activities. Defendant FedEx denies this claim. To prevail on her claim for retaliation, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1. That the plaintiff engaged in or was engaging in an activity protected under federal law, such as opposing sexual advances, requests for sexual conduct, or other verbal or physical conduct of a sexual nature in the work environment; and

2. That FedEx subjected the plaintiff to an adverse employment action, as that is defined in the next instruction; and

3. That the protected activity was a substantial or motivating factor in causing the adverse employment action.

If you find that each of the elements on which the plaintiff has the burden of proof has been proved, plaintiff should prevail on the retaliation claim. If, on the other hand, the plaintiff has failed to prove any one of these elements, defendant should prevail on the retaliation claim.

"ADVERSE EMPLOYMENT ACTION" IN RETALIATION CASES

An action is an adverse employment action if it is reasonably likely to deter a employee from engaging in protected activity.

DAMAGES—PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on her claims for sexual harassment, constructive discharge or retaliation, or any of them, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

--The mental or emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life experienced by Charlotte Boswell.
and
–The reasonable value of wages lost to the present time or in the future.

The plaintiff has the burden of proving damages by a preponderance of the evidence, and it is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

You must not consider, or include as part of any award, attorney fees or expenses that plaintiff incurred in bringing this lawsuit; should you find FedEx liable, those matters will be decided and calculated by the Court.

MITIGATION

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

(1) that the plaintiff failed to use reasonable efforts to mitigate damages, and

(2) the amount by which damages would have been mitigated.

PUNITIVE DAMAGES

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are not to compensate the plaintiff, but to punish a defendant and to deter a defendant and others from committing similar acts in the future.

The plaintiff has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence. You may award punitive damages only if you find that defendant's conduct was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety and rights, or the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under state or federal law. An act or omission is oppressive if the person who performs it injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering punitive damages, you may consider the degree of reprehensibility of the defendant's conduct and the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

While you may consider similar acts towards others in determining the reprehensibility of FedEx's conduct, you cannot punish FedEx for harm to others who are not parties to the litigation. In other words, the amount that you award, if any, must bear a reasonable relation to the harm suffered by the plaintiff, and only the plaintiff.

NOMINAL DAMAGES

The law which applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. You verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through Tracy, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

RETURN OF VERDICT

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.