AMANDA METCALF, ESQ. (SBN 57177)
LAW OFFICES OF AMANDA METCALF
29 Marin Bay Park Ct.
San Rafael, CA  94901
Telephone:  (415) 454-0945
Facsimile:   (415) 454-9145

Attorneys for Kay McKenzie Parker

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ALVARADO, et al.,<br><br>        Plaintiffs,<br><br>  vs.<br><br>FEDEX CORPORATION, a Delaware corporation, dba FEDEX EXPRESS,<br><br>        Defendant. | CASE NO: C 04-0098 SI<br>CASE NO: C 04-0099 SI (White v. FedEx)<br><br>**KAY McKENZIE PARKER'S REQUEST TO SPECIAL MASTER FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION, OR ALTERNATIVELY CLARIFICATION, OF RULING DENYING FEE PETITIONS AS TO ALVARADO AND EVANS AS UNTIMELY**<br><br>Ruling Date:  June 20, 2007 (issued June 15, 2007 and stayed to June 20, 2007)<br><br>**Special Master Edward Swanson By Order Of Referral Of Hon. Susan Illston** |

     Movant Kay McKenzie Parker by her undersigned counsel hereby submits this request for leave to file a motion for reconsideration of the Special Master's ruling denying her attorney fees petitions as to Edward Alvarado and Pernell Evans as untimely, as follows:

     1.     Pursuant to Fed.R.Civ.P. Rule 6(a), this request for leave to file motion for reconsideration is timely filed within 10 days of date of ruling, June 20, 2007 (ruling issued on June 15, 2007 was stayed until June 20, 2007).

---

1   KAY McKENZIE PARKER'S REQUEST TO SPECIAL MASTER FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF RULING DENYING FEE PETITIONS AS TO ALVARDO AND EVANS AS UNTIMELY

    CASE NO. C 04-0098 SI/ C 04-0099 SI

2. Civil L.R. 7-9 provides that a party may request leave to file a motion for reconsideration upon a specific showing of ... "[(b)](3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."

3. In relation to Parker's fee petitions as to Plaintiffs Alvarado and Evans, the Special Master ruled that the fee petitions were untimely, based on the 14-day time limitation stated in Fed.R.Civ.Pro, Rule 54(d)(2). However, the Special Master also ruled that Judge Illston has not granted Ms. Parker's motion to intervene to file her fee petitions.

4. Therefore, the following questions are presented for reconsideration and/or for clarification:

    a. If Ms. Parker did not have intervenor status, what did the Special Master regard her status to be as concerns the ruling based on Fed.R.Civ.Pro., Rule 54(d)(2)? For purposes of the ruling, did the Special Master regard Ms. Parker as a party?

    b. If Ms. Parker is an intervenor (*de facto* or otherwise), is the time for an intervenor to file the attorney fee petition based on the timeliness provision in Fed.R.Civ.P.24 or is the fee petition limited to the time period of Fed.R.Civ.P.54?

    c. If Ms. Parker has intervenor status, is the standing issue resolved *ipso facto*?

5. Ms. Parker submits that she has standing as an intervenor to present her billing and cost statements to defendant FedEx for direct payment to her as the attorney of record who performed the itemized services for the prevailing parties. Fed.R.Civ.P. 24, *Venegas v. Skaggs*, 867 F.2d 527 (9th Cir. 1989) aff'd 495 U.S. 82 (1990).

2  KAY McKENZIE PARKER'S REQUEST TO SPECIAL MASTER
FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF
RULING DENYING FEE PETITIONS AS TO ALVARDO AND
EVANS AS UNTIMELY

CASE NO. C 04-0098 SI/ C 04-0099 SI

In *Skaggs*, the Ninth Circuit Court applied the permissive intervention provision of the statute. In *Prete v. Bradbury* (9th Cir. 2006) 438 F.3d 949, 956, fn.8, the Ninth Circuit Court explained that there is a split among the circuits whether an intervenor applicant must independently satisfy Article III standing to intervene <u>as of right</u> under that provision of Fed.R.Civ.P.24[1]. (The Fifth Circuit Court held in *Valley Ranch Develop. Co., Ltd. v. FDIC* (5th Cir. 2006) 960 F.2d 550, 556 that a discharged lawyer with a contingent fee agreement has a sufficient "interest" for purposes of intervention, as of right).

6.  Ms. Parker submits that no determination of the standing issue, whether in relation to the *Boswell* petition or the *Alvarado* and *Evans* petitions, should be made without addressing the intervention issues.

7.  It is Ms. Parker's position that Judge Illston granted the motion to intervene at the time of the first referral of Ms. Parker's fee petitions to the Special Master and, therefore, the time limitations for the first fee petitions (Alvarado and Evans) are based on the intervention statute. There is no question regarding the timely filing of Parker's fee petition in the *Boswell* matter because, now that she has the status of an intervenor, all of the rules that apply to parties in the action also apply to her. Further, that standing is provided to Ms. Parker under Fed.R.Civ.P.24,(see *Skaggs*, *supra*, and under FEHA, see *Flannery v. Prentice* (2001) 26 Cal.4th 572). Alternatively, Ms. Parker contends that the intervention issue was referred to the Special Master for his ruling in the first instance, and that all documents filed with the court regarding the intervention issue (Docket Nos. 572, 573, 574, 575, 580, 583, and 587) should be submitted to, reviewed by and ruled on by the Special Master. Ms. Parker further contends

---

[1] In Parker's Reply To And Motion To Strike FedEx's Opposition To Parker Fee Petition As To Plaintiff Boswell, Ms.

3   KAY McKENZIE PARKER'S REQUEST TO SPECIAL MASTER
    FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF
    RULING DENYING FEE PETITIONS AS TO ALVARDO AND
    EVANS AS UNTIMELY

CASE NO. C 04-0098 SI/ C 04-0099 SI

that the only proper resolution of her Request to Intervene is to grant her request, that only once the Request for Intervention had been granted could her obligation to comply with filing dates applicable to parties arise, and, that her fee petitions filed in the Alvarado and Evans cases should be deemed filed after approval of her request to intervene

For the foregoing reasons, Ms. Parker respectfully requests that the Special Master 1) reconsider his ruling denying her fee petitions as to Alvarado and Evans as untimely pursuant to Fed.R.Civ.P. 54, and, 2) amend that ruling to find that the fee petitions are timely under Fed.R.Civ.P. 24.  In the alternative, Ms. Parker requests clarification of the ruling in light of the issues presented and the case authorities cited herein.

| | |
|---|---|
| Respectfully submitted, | LAW OFFICES OF AMANDA METCALF |
| Date:  July 2, 2007 | <u>Amanda Metcalf</u>                    <br> Amanda Metcalf <br> Attorneys for Kay McKenzie Parker |

---

Parker has shown that she has Article III standing.

4   KAY McKENZIE PARKER'S REQUEST TO SPECIAL MASTER FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF RULING DENYING FEE PETITIONS AS TO ALVARDO AND EVANS AS UNTIMELY

CASE NO. C 04-0098 SI/ C 04-0099 SI