IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDWARD ALVARADO, et al.,

    Plaintiffs,

v.

FEDERAL EXPRESS CORPORATION,

    Defendant.

No. C 04-0098 SI, No. C 04-0099 SI

**ORDER DENYING PLAINTIFFS' MOTION FOR DISQUALIFICATION; GRANTING DEFENDANT'S MOTION FOR DISCOVERY**

On December 14, 2007, the Court heard argument on plaintiffs' motion to disqualify the Special Master and defendant's motion to conduct discovery into plaintiffs' fee arrangements and to depose Aldon Bolanos. For the reasons set forth below, the Court DENIES plaintiffs' motion for disqualification, and GRANTS defendant's motion for discovery.

**BACKGROUND**

By order filed October 13, 2005, the Court appointed Edward Swanson, Esq., as a Special Master in these cases. The Court originally appointed Mr. Swanson to supervise and preside over all remaining discovery. After plaintiffs Edward Alvarado, Pernell Evans, and Charlotte Boswell prevailed at trial, plaintiffs' counsel Waukeen McCoy filed motions for attorneys' fees. Plaintiffs' former attorney, Kay McKenzie Parker, filed liens in these cases, and also filed motions for attorneys' fees. After receipt of the attorneys' fees motions, FedEx filed motions for sanctions against Mr. McCoy, contending *inter alia*, that Mr. McCoy had submitted false declarations and billing records in connection with the fee petitions. By order filed June 7, 2007, the Court referred all of these motions to the Special Master.

Throughout the summer of 2007, the Special Master conducted numerous proceedings, including phone calls, email exchanges, and hearings on the motions. By order filed June 15, 2007, the Special Master denied as untimely Ms. Parker's motions for attorneys fees in the Alvarado and Evans matters. Ms. Parker appealed that order to this Court, and also retained new counsel who, in the briefing before this Court, raised new arguments that had not been presented to the Special Master. By order filed September 10, 2007, this Court noted that Ms. Parker's reply brief raised a new contention and authority not previously considered by the Special Master and found that it was in the interest of judicial efficiency to remand the matter to Mr. Swanson for consideration in the first instance.

On August 9, 2007, the Special Master held a hearing on the fee motions. Aldon Bolanos, Esq., (along with Mr. McCoy and Spencer Smith) appeared on behalf of plaintiffs, and Mr. Bolanos made various representations about his activities and the activities of Messrs. McCoy and Smith regarding the fee petitions. Mr. Bolanos also filed a declaration in support of the fee petitions and in opposition to FedEx's motion for sanctions. *See* Docket No. 919.

On October 9, 2007, Mr. Bolanos contacted the Special Master and left him a voice message. The Special Master informed counsel of the October 9, 2007 contact, as well as of several subsequent contacts between Mr. Swanson and Mr. Bolanos in an October 17, 2007 email:

> Counsel –
>
> I am writing to inform you that on Tuesday, October 9, 2007, I received a voice mail from Aldon Bolanos. In his voicemail message, Mr. Bolanos informed me that he was no longer employed by the Law Offices of Waukeen McCoy. He further stated in his message that he "left the firm pretty much specifically because of what's been going on and the things I've been asked to do." Mr. Bolanos asked to speak with me and left me his phone numbers.
>
> I contacted the Court and let the Court know of this phone message. I then phoned Mr. Bolanos on October 12, 2007. I told Mr. Bolanos that we were to have no substantive conversation over the phone. I would have to inform the parties of the fact and substance of his phone call to me, and I told him I would give him notice before I contacted the parties. I said that if he wanted to communicate with me, he could do so either in person in my office in the presence of a court reporter or by submitting a declaration. I informed him that, however he communicated with me, I would be required to share his communications with counsel for the parties. Mr. Bolanos then said that he did not wish to communicate with me further other than to inform me that he was no longer employed by the Law Offices of Waukeen McCoy.
>
> On October 16, I called Mr. Bolanos to inform him that I would be notifying the

> parties of his contact. In response, he said I should understand it is not just a litigation issue but that safety was involved. I asked him whether he was saying that, were I to reveal the fact and substance of his original phone call to me, he believed that he or others would be in danger of physical harm. He said no.
>
> If counsel for any of the parties would like to address this further, please let me know, and I will arrange a conference call.
>
> Thank you,
>
> Ed Swanson

Babcock Decl. Ex. C.

On October 10, 2007, the Special Master requested additional information from plaintiffs and Ms. Parker about the fee arrangements the plaintiffs had entered into with counsel. In response, on October 16, 2007, Ms. Parker submitted an "original fee agreement" dated June 22, 2002, and executed by plaintiff Maria Munoz; Ms. Parker affirmed that all plaintiffs executed the same document, although she could not find the original documents purportedly executed by plaintiffs Alvarado, Evans and Boswell. On October 23, 2007, Mr. McCoy responded and attached different, undated fee agreements signed by each plaintiff. *Compare* Docket No. 932 and 939.

On October 23, 2007, plaintiffs filed a motion to disqualify the Special Master, based in part on his contacts with Mr. Bolanos. On November 9, 2007, FedEx filed a motion to conduct discovery into the fee arrangements between plaintiffs and their current and former counsel, as well as to take the deposition of Mr. Bolanos. Ms. Parker has opposed the disqualification motion, and has filed a joinder in FedEx's discovery motion.

**DISCUSSION**

**I.    Plaintiffs' motion for disqualification**

Plaintiffs move to disqualify the Special Master on two grounds: (1) alleged bias due to an undisclosed "prior relationship" between Mr. Swanson and Ms. Parker's current counsel, Rosen, Bien & Galvan LLP, and (2) Mr. Swanson's *ex parte* communications with Mr. Bolanos. Neither of the asserted grounds is a basis for disqualification, and the Court finds plaintiffs' motion wholly without merit. Plaintiffs' accusations of impropriety and bias are serious, and such allegations should not be made lightly. The Court notes with extreme dismay that plaintiffs chose to file such a

patently frivolous motion, and in so doing, to impugn the character of the Special Master who has always comported himself with the highest professionalism and ethical standards.

Turning to the specific contentions raised by plaintiffs, plaintiffs first assert that the Special Master is biased because he is also a court expert in *Armstrong v. Schwarzenegger*, C 94-2307 CW, and the Rosen firm is one of five firms representing the plaintiffs in that case. Plaintiffs argue that Mr. Swanson was required to disclose this "relationship" to the parties once the Rosen firm made an appearance in this case. The Court disagrees, and finds nothing improper in Mr. Swanson's failure to disclose[1] the fact that he has been appointed as a neutral court expert in another case in this district. As the documents filed by Ms. Parker demonstrate, the parties in *Armstrong* jointly proposed several experts to Judge Wilken; Judge Wilken selected and appointed Mr. Swanson; and the *Armstrong* defendants pay for Mr. Swanson's time in that case. Plaintiffs have not pointed to a single fact that suggests any impropriety on Mr. Swanson's part. Plaintiffs also incorrectly claim that this Court's September 10, 2007 order remanding the issue of Ms. Parker's standing to the Special Master is somehow evidence of Mr. Swanson's bias. To the contrary, and as plainly stated in the order, the Court issued that order in the interest of judicial efficiency so the Special Master could consider the newly-raised contention in the first instance.

Second, plaintiffs argue that Mr. Swanson should be disqualified based upon his *ex parte* communications with Mr. Bolanos. The Court notes that it was Mr. Bolanos who initiated the contact with the Special Master. The Special Master promptly contacted the Court, and the Special Master's further communications with Mr. Bolanos were all done at the direction of, and in consultation with, the Court. Further, as Mr. Swanson's October 17, 2007 email to counsel states, none of Mr. Swanson's contacts with Mr. Bolanos were substantive, and Mr. Swanson took great pains to ensure that any substantive communication that did occur would be on the record. Given Mr. Bolanos' involvement in this case, and the vague and highly suggestive message he left for Mr.

---

[1] The Court notes that plaintiffs also assert that Mr. Swanson "actively concealed" the fact that he was appointed as a neutral court expert in the *Armstrong* case. Plaintiffs would be well-advised to refrain from using such inflammatory language. Plaintiffs do not cite any facts suggesting that Mr. Swanson affirmatively "concealed" his role in the *Armstrong* case. Moreover, as plaintiffs are aware, Mr. Swanson's role in that case is a matter of public record.

4

1  Swanson, the Court finds it was entirely appropriate for Mr. Swanson to respond to Mr. Bolanos and
2  inquire whether he wanted to speak on the record with him prior to informing the parties of the
3  contact. Plaintiffs assert that the Special Master delayed disclosing the fact of his contact with Mr.
4  Bolanos until after plaintiffs submitted the fee agreements; there is nothing in the record to suggest
5  that the timing of these two events is anything but coincidental. Indeed, the 8 day "delay" between
6  the initial contact and the disclosure to the parties was attributable in large part to the Special
7  Master's assiduous consultation with the Court regarding how to proceed with regard to Mr.
8  Bolanos.

## II.  Defendant's motion for discovery

Defendant seeks to conduct discovery into the fee arrangements between plaintiffs and their current and former counsel, and also to depose Aldon Bolanos. FedEx contends that this discovery is relevant to the attorneys' fees motions pending before the Special Master, as well as FedEx's motion for sanctions.

Plaintiffs contend that the fee arrangement discovery is not necessary because Mr. McCoy has already produced the fee agreements to the Special Master. However, this fact does not moot the need for such discovery; plaintiffs' fee agreements with Mr. McCoy and Ms. Parker may be relevant to Ms. Parker's fee motions, and there is a factual dispute between Mr. McCoy and Ms. Parker regarding the operative fee agreements. Accordingly, the Court finds as a general matter that such discovery is warranted. The Special Master shall determine the scope of discovery.

Plaintiffs also contend that defendant has not demonstrated the "extreme good cause" necessary to permit the deposition of Aldon Bolanos. Plaintiffs argue that Mr. Bolanos' voice message to the Special Master does not provide any basis for believing that Mr. Bolanos wished to communicate anything substantive to the Special Master regarding the pending motions, and instead "there is no indication that Mr. Bolanos wished to do anything [other] than talk to another attorney concerning the termination of his employment." Opposition at 7.

The Court disagrees. If, as plaintiffs argue, Mr. Bolanos simply wanted to inform the Special Master that he was no longer employed at the Law Offices of Waukeen McCoy, he could have easily

5

done so. Instead, Mr. Bolanos made a point of specifically informing the Special Master that he "left the firm pretty much specifically because of what's going on and the things that I've been asked to do," and asked to speak with the Special Master. While plaintiffs are correct that Mr. Bolanos' message was vague, the Court finds that the message strongly suggests that Mr. Bolanos wanted to discuss his involvement in the motions pending before the Special Master. The fact that Mr. Bolanos did not want to speak to the Special Master on the record, or submit a declaration, does not mean that Mr. Bolanos does not possess information relevant to the attorneys' fees and sanctions motions. The Court finds that the possibility of fraud upon the Court establishes the "extreme good cause" to permit the deposition of Mr. Bolanos. The Special Master shall address any issues related to Mr. Bolanos' deposition.

## CONCLUSION

For the foregoing reasons, the Court DENIES plaintiffs' motion for disqualification (Docket No. 940) and GRANTS defendant's motion for discovery (Docket No. 949).

**IT IS SO ORDERED.**

Dated: December 19, 2007

SUSAN ILLSTON
United States District Judge