IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ALVARADO, *et al.*, | No. C 04-0098 SI, No. C 04-0099 SI |
| Plaintiffs, | **ORDER GRANTING IN PART DEFENDANT'S MOTION FOR INTERPLEADER** |
| v. | |
| FEDERAL EXPRESS CORPORATION, | |
| Defendant. | |

On December 14, 2007 and February 1, 2008, the Court heard argument on defendant's motion for interpleader. For the reasons set forth below, the Court GRANTS IN PART defendants' motion, and interpleads 50% of the settlement funds. The balance of the settlement funds should be disbursed to the settling plaintiffs within 14 days of the filing date of this order.[1] Further, as stated at the December 14, 2007 hearing and in the sworn declarations of the settling plaintiffs and Waukeen McCoy, the settling plaintiffs will receive *all* of the disbursed funds and the settling plaintiffs *will not* make any payments to Mr. McCoy or any other individual from his firm out of the settlement proceeds.

**DISCUSSION**

Defendant and seven plaintiffs have agreed to settle all outstanding claims with prejudice; as part of the settlements, the plaintiffs have waived any claim for attorneys' fees and costs from defendant. Defendant now seeks to interplead a portion of the settlement funds in order to protect itself against claims for attorneys' fees and/or costs by three lienholders, Michael Davis, Kay McKenzie Parker, and

---

[1] As agreed at the February 1, 2008 hearing, defendant shall cut the checks in the names of the plaintiffs, and will mail the checks to the Law Offices of Waukeen McCoy for distribution.

Carlene Young.[2] The parties and the lienholders agree that interpleader is appropriate, but disagree as to the amount that should be interplead.[3] Defendant and the settling plaintiffs assert that 40% of the settlement funds should be interplead, while the lienholders contend that a greater percentage should be interplead in order to adequately protect the lienholders' interests.[4]

Federal Rule of Civil Procedure 22 states, in pertinent part,

> Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability . . . [and] a defendant exposed to similar liability may obtain such interpleader by way of cross-claim or counterclaim.

Fed. R. Civ. P. 22(1); *see also AETNA Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1034 (9th Cir. 2000) ("Interpleader's primary purpose is not to compensate, but rather to protect stakeholders from multiple liability as well as from the expense of multiple litigation.").

The lienholders argue that interpleading 40% of the funds is insufficient because there is too much uncertainty surrounding the competing claims for costs and attorneys' fees. As the parties and lienholders are aware, at this juncture it is unknown whether the lienholders are entitled to recover their fees and/or costs, and if they are, from whom and in what amounts. The Court finds that interpleader is an appropriate and necessary safeguard while the attorneys' fees and costs issues are adjudicated. However, the Court must balance defendant's and the lienholders' concerns against the settling plaintiffs' significant interest in resolving this action and receiving their settlement monies. This litigation has been extremely protracted, and the settling plaintiffs should not be forced to wait any longer than absolutely necessary to receive their settlement monies. The Court finds that interpleading 50% of the settlement funds will protect these competing interests and allow the settling plaintiffs to receive most of their settlements.

In their papers and at the hearings, the lienholders have expressed the concern that the settling

---

[2] Mr. Davis and Ms. Parker formerly represented plaintiffs, and Ms. Young is an expert retained by plaintiffs.

[3] Defendant's motion also seeks to join the lienholders for purposes of the interpleader. None of the lienholders opposed joinder, and the Court finds that joinder is appropriate.

[4] Mr. Davis and Ms. Parker contend that 60% of the funds should be interplead, and Ms. Young contends that 100% of the funds should be interplead.

2

1 plaintiffs may have agreed to pay Mr. McCoy a portion of their settlements. In response to that concern
2 and questioning by the Court on this point, each of the settling plaintiffs have filed sworn declarations
3 stating "Mr. McCoy has agreed to waive his right to costs from me, and I consent to that waiver," and
4 that "[a]s a result, I will be paid the full 60% of the settlement in this matter with no subtraction or
5 withholding of costs, fees, or any other sum, however denominated." *See e.g.*, Rivera Decl. ¶¶ 5-6. The
6 settling plaintiffs also declare that "I have not entered into any other agreement of any kind with any
7 person, including Waukeen Q. McCoy and all attorneys in his office, concerning the proceeds of the
8 settlement in this matter." *Id.* Mr. McCoy also filed a sworn declaration to the same effect, and further
9 stated that "I am aware of no other agreements which would impact the receipt of my clients of the full
10 60% of their settlement amounts." McCoy Decl. ¶ 8. The Court is satisfied that, based upon the sworn
11 declarations filed by the settling plaintiffs and Mr. McCoy, that the settling plaintiffs will receive the
12 full amounts of the settlement funds disbursed to them, and that no settling plaintiffs will make any
13 payments whatsoever to Mr. McCoy or any other individual.

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART defendant's motion for counterclaim and interpleader relief. (Docket No. 955). The Court also GRANTS plaintiffs' motion to file a response to the interpleader motion. (Docket No. 973). Defendant shall deposit 50% of the settlement funds with the Clerk of the Court, and shall disburse the remaining 50% of the settlement proceeds directly to the settling plaintiffs, on a pro rata basis, within 14 days of the filing date of this order.

**IT IS SO ORDERED.**

Dated: February 4, 2008

_____
SUSAN ILLSTON
United States District Judge