IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDWARD ALVARADO, et al.,

    Plaintiffs,

  v.

FEDERAL EXPRESS CORPORATION,

    Defendant.

No. C 04-0098 SI

**ORDER DENYING DEFENDANT'S MOTION FOR RENEWED JUDGMENT AS A MATTER OF LAW; GRANTING DEFENDANT'S MOTION FOR NEW TRIAL UNLESS PLAINTIFF ALVARADO ACCEPTS REMITTITUR**

**RE: EDWARD ALVARADO**

A jury trial was held from August 28, 2006 to September 6, 2006. The jury found against plaintiff Edward Alvarado on his discrimination claim, in favor of plaintiff Alvarado on his retaliation claim, and awarded damages in the amount of $500,000. The Court entered final judgment on February 28, 2007. Defendant has now filed a renewed motion for judgment as a matter of law, as well as a motion for a new trial, or alternatively a motion for amendment of the judgment. Defendant also alternatively requests remittitur of the damages award.

**I.    Renewed motion for judgment as a matter of law**

In reviewing defendant's motion for judgment as a matter of law, the Court must view the evidence in the light most favorable to plaintiff and draw all reasonable inferences in his favor. *See Josephs v. Pacific Bell*, 443 F.3d 1050, 1062 (9th Cir. 2006). "The test applied is whether the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Id*.

Defendant contends that plaintiff Alvarado's retaliation claim should be dismissed a matter of law because Alvarado did not show that he was subjected to any materially adverse employment action or that the alleged illegal employment actions were causally related to protected activity. Defendant

relies on *Burlington Northern & Santa Fe Railway Company v. White*, 126 S. Ct. 2405 (2006), which held that a plaintiff alleging retaliation must "show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id*. at 2415 (internal quotations and citations omitted). Defendant argues that the adverse employment actions at issue here – such as Alvarado's job assignments – were not "materially adverse" or objectively unreasonable. However, as the *Burlington Northern* court noted, schedule changes and job assignments could be "materially adverse" depending on the context. *See id*. at 2415-16. The Court finds that, applying the relevant standard, a jury could reasonably conclude that Alvarado suffered materially adverse employment actions.

Defendant also argues that it is entitled to judgment as a matter of law because plaintiff Alvarado failed to establish a causal connection between his protected activity and the adverse employment actions. The Court disagrees, finding that Alvarado put on evidence "sufficient for a reasonable trier of fact to infer that the defendant was aware that the plaintiff had engaged in protected activity." *Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1197 (9th Cir. 2003). Alvarado's evidence showed that he repeatedly complained about discrimination, and that soon after his complaints, he was subjected to various adverse employment actions such as discipline, unfavorable changes in shift and job assignments, and receiving a low performance score.[1]

Defendant also contends that plaintiff Alvarado's retaliation claim fails because Alvarado did not show that he was treated less favorably than employees who did not complain of discrimination. Specifically, FedEx argues that Lou Cuneau – who shared the Mountain View route with Alvarado – testified that he also did not receive assistance with his route, and Cuneau also testified that he witnessed Alvarado receiving help. However, Alvarado's testimony on this point contradicted Cuneau's, and the jury was entitled to credit Alvarado's testimony over Cuneau's. Defendant also argues that Alvarado's retaliation claim fails because other employees testified that they too were assigned "top-side" and that

---

[1] The Court also rejects defendant's contention that the Court improperly allowed evidence regarding Alvarado's dismissed age and disability claims. The Court allowed such evidence insofar as Alvarado's complaints about alleged age and disability discrimination constituted protected activities giving rise to his retaliation claim.

2

1 they did not receive assistance downloading freight. Here also, however, the evidence at trial was
2 disputed; Alvarado and other employees testified that they were assigned top-side after they made
3 complaints. Moreover, even accepting defendant's characterization of the evidence, there were
4 additional bases for Alvarado's retaliation claim upon which the jury could have found for Alvarado.
5 Alvarado also introduced evidence that FedEx retaliated against him by, *inter alia*, cutting his hours and
6 issuing him a disciplinary performance reminder as well as a low performance score.

Finally, defendant contends that plaintiff Alvarado's punitive damages claim should be dismissed as a matter of law because there was no evidence of intentional discrimination. This contention lacks merit. As an initial matter, the jury did not award punitive damages; the jury awarded $500,000 in the compensatory damages phase, and $0 in the punitive damages phase. Defendant asserts that the jury must have included punitive damages in the compensatory damages award. However, even if that is true, the jury found that defendant retaliated against Alvarado for engaging in protected activity; such intentional conduct could support a punitive damages award. *See Kolstad v. American Dental Ass'n*, 527 U.S. 526, 536 (1999) (holding an employer may be liable for punitive damages in any case where it "discriminate[s] in the face of a perceived risk that its actions will violate federal law.").

## II. Motion for new trial, or alternatively for amended judgment

Defendant moves for a new trial, or in the alternative for an order amending the judgment and dismissing all claims against FedEx. Defendant also argues for remittitur of the damages award. Defendant argues that the verdict is contrary to the clear weight of the evidence. Defendant also argues that the Court erred by admitting certain testimony, allowing Alvarado to exceed his time limitation, improperly instructing the jury, and by preventing defendant from interviewing *Satchell* class members as part of its trial preparation.

Federal Rule of Civil Procedure 59(a) states, "A new trial may be granted . . . in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a)(1). The Ninth Circuit has noted, "Rule 59 does not specify the grounds on which a motion for a new trial may be granted." *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir. 2003). Instead, the court is "bound by

those grounds that have been historically recognized." *Id.* "Historically recognized grounds include, but are not limited to, claims 'that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving.'" *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 728 (9th Cir. 2007) (*quoting Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940)). The Ninth Circuit has held that "[t]he trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." *Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 510 n. 15 (9th Cir. 2000).

### A. Insufficiency of evidence/remittitur

In reviewing a Rule 59 motion based on insufficiency of the evidence, the Court must evaluate the evidence and assess for itself the credibility of witnesses. *See Murphy v. City of Long Beach*, 914 F.2d 183, 187 (9th Cir. 1990). However, the Court may not grant a Rule 59 motion "merely because it might have come to a different result from that reached by the jury." *Wilhelm v. Assoc. Container Transp. (Australia) Ltd.*, 648 F.2d 1197, 1198 (9th Cir. 1981).

Here, for the reasons set forth above in Section I *supra*, the Court finds that the jury's finding that defendant retaliated against Alvarado is not contrary to the clear weight of the evidence. The Court also notes that the jury had the opportunity to hear all of the parties' testimony and assess the credibility of Alvarado and defendants' witnesses. The jury found against defendant on Alvarado's retaliation claim, and in doing so, implicitly found at least some of defendant's witnesses incredible. The Court cannot fault that assessment. Further, the Court finds that Alvarado was articulate, possessed a forthright demeanor, and that his testimony was persuasive.

Defendant alternatively seeks remittitur of the damages awarded by the jury. Defendant contends that the $500,000 award is grossly excessive and unsupported by the evidence. The Ninth Circuit has held that a jury's finding on the amount of damages should be reversed only if the amount is "grossly excessive or monstrous," *Zhang*, 339 F.3d at 1040 (internal quotation marks omitted), or if the amount is "clearly unsupported by the evidence" or "shocking to the conscience." *Brady v. Gebbie*, 859 F.2d 1543, 1557 (9th Cir. 1988) (internal quotation marks omitted). In making this determination,

the Court must focus on evidence of the qualitative harm suffered by Alvarado. "The severity or pervasiveness of the conduct is relevant insofar as it provides probative evidence from which a jury may infer the nature and degree of emotional injury suffered, but direct evidence of the injury is still the primary proof." *Velez v. Roche*, 335 F. Supp. 2d 1022, 1038 (N.D. Cal. 2004); *see also Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 513-14 (9th Cir. 2000) (focusing on evidence of harm suffered by plaintiff, such as anxiety and rashes).

The Court concludes that the jury's award of $500,000 in emotional distress damages is excessive and unsupported by the evidence, and that it should be reduced to $300,000. Notably, there was no testimony that Alvarado suffered from depression or anxiety, or that Alvarado was unable to perform his job. Alvarado did not prevail on his discrimination claim, and there was no evidence of any loss of salary or benefits as a result of the retaliation.

"When the court, after viewing the evidence concerning damages in a light most favorable to the prevailing party, determines that the damages award is excessive, it has two alternatives. It may grant defendant's motion for a new trial or deny the motion conditional upon the prevailing party accepting a remittitur. The prevailing party is given the option of either submitting to a new trial or of accepting a reduced amount of damage which the court considers justified." *Fenner v. Dependable Trucking Co.*, 716 F.2d 598, 603 (9th Cir. 1983). Accordingly, the Court GRANTS defendant's motion for a new trial unless plaintiff Alvarado accepts the Court's order of remittitur. **By March 31, 2008, Alvarado shall file and serve a statement regarding whether he accepts the remittitur or opts for a new trial.**

### B.     Evidentiary objections

Defendant also contends that a new trial is warranted because the Court erred by admitting testimony by Al Ferguson, Gary White and Devon Butler regarding their assignments to "top-side." Defendant argues that this testimony was irrelevant and prejudicial. The Court disagrees, finding that such testimony was relevant to Alvarado's showing of pretext. At trial, defendant argued that Alvarado's assignment to "top-side" was not retaliatory; the testimony of Ferguson, White and Butler rebutted that explanation because all three individuals testified that they too were assigned to "top-side" after engaging in protected activities, and thus the jury could draw the inference that defendant assigned

5

employees to "top-side" as a form of punishment.

Defendant also argues that the Court erred by admitting hearsay testimony by Andy Cuneo that Aaron Holstein referred to a Latino employee as a "lazy wetback." However, such testimony was not hearsay because the significance of the "lazy wetback" statement was that it was made, and not because of the truth of the matter asserted. The testimony at issue was relevant to Alvarado's unsuccessful discrimination claim. *See Heyne v. Caruso*, 69 F.3d 1475, 1479-80 (9th Cir. 1995) ("Evidence of the employer's discriminatory attitude in general is relevant and admissible to prove race discrimination.") (*citing United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 713-14 n.2 (1983)).

Finally, defendant contends that the Court abused its discretion by allowing testimony regarding Alvarado's dismissed age and disability claims. However, as the Court previously held, testimony regarding Alvarado's dismissed age and disability claims was relevant insofar as those issues were predicates for Alvarado's retaliation claim.

### C. Jury instructions

Defendant contends that the Court erred by failing to give three instructions proposed by defendant concerning "similarly situated employees," the "business judgment rule," and punitive damages under FEHA.

#### (1) Similarly-Situated Employee

Defendant proposed the following instruction:

> Similarly-situated employees are those who have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it. The Plaintiff must show that the employees he compares himself to are similarly situated in all respects. Employees are not similarly situated if they do not hold the same job title, perform the same job duties, and have the same responsibilities. For purposes of determining whether the Plaintiff share the same supervisor as the other employees, it must be the same supervisor who made the adverse employment action at issue.

Docket No. 498. Defendant argues that the Court erred in refusing to give this instruction because in a discrimination case, a showing that the employer treated similarly-situated employees more favorably than the plaintiff is probative of the employer's discriminatory motivation. Defendant also asserts that

6

this instruction was particularly important because the Court allowed Alvarado to put on testimony from other employees, such as the testimony from other employees regarding their assignments to top-side.

The Court finds no error in the decision not to give the proffered instruction. As Alvarado notes, defendant's proposed instruction is not contained in the Ninth Circuit Model Civil Jury Instructions. Indeed, much of the language from defendant's instruction – such as the requirements that similarly-situated employees have the same job title, same job duties, and same supervisor – does not appear to be based on Ninth Circuit case law. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003), which defendant cites as authority for the proposed instruction, held that "individuals are similarly situated when they have *similar* jobs and display *similar* conduct." *Id*. at 641 (emphasis added). Instead, defendant's language appears to be drawn from a Sixth Circuit case, which was cited in a footnote in *Vasquez. See id*. at 641 n.17. Under these circumstances, the Court believes it would have been error to give the proffered instruction.

### (2) Business Judgment

Defendant proposed the following instruction:

> Pretext cannot be shown by attacking the soundness of the decision itself. Defendant may base its employment decisions on a good reason, a bad reason, a reason based on erroneous facts, or no reason at all, as long as the reason was not because Plaintiff engaged in protected activity or because of unlawful discrimination. Title VII does not authorize the jury to determine the appropriateness or fairness of an employer's termination decisions, to second-guess an employer's good faith determination decisions or to sit as a personnel department to re-examine an employer's termination or promotion decisions. An employer is free to set whatever performance standards it wants, provided they are not a pretext for unlawful discrimination. Even the fact that Defendant may have made a mistake or showed poor judgment is irrelevant as long as the decision was not the result of an unlawful motivation.
>
> You should keep in mind that under the law, Plaintiff's claims and Defendant's defenses are directed only toward whether Defendant violated applicable law. There are, of course, many ways in which an employer might treat an employee unfairly, but the law does not require fair treatment of all employees. The Plaintiff is entitled to relief under applicable law only if the unfairness takes the form of illegal treatment motivated by discrimination.

Docket No. 498.

The Court finds no error in its refusal to give this instruction. As with the previous instruction, this instruction is not found in the Ninth Circuit Model Civil Jury Instructions. This instruction was

unnecessary because the jury was instructed on the elements of the discrimination and retaliation claims. In addition, the Court believes this instruction may have been potentially confusing to the jury, as the instruction discusses termination and promotion decisions, neither of which were present in this case.

### (3) Punitive damages

Defendant contends that the Court erred by failing to instruct the jury that plaintiff needed to prove punitive damages by clear and convincing evidence. The Court provided one instruction on punitive damages, which required proof by a preponderance of the evidence. Defendant argues that while the instruction correctly stated the standard for awarding punitive damages under Title VII, such damages are only available under FEHA if plaintiff shows culpable conduct by clear and convincing evidence. Defendant also argues that a separate instruction was necessary if the Court did not intend to cap plaintiff's damages at the Title VII $300,000 cap.

As an initial matter, the Court notes that the jury did not award punitive damages, and thus defendant's argument is moot. However, even if the jury's award included punitive damages, any error was harmless in light of the Court's order of remittitur reducing Alvarado's damages to $300,000.

### D. Other arguments

Defendant argues it is entitled to a new trial because the Court denied defendant's request to interview class members in the *Satchell* case. After the close of discovery in this action, defendant sought to conduct "confidential interviews" of 14 FedEx employees who were also class members in *Satchell et al. v. FedEx Express*, C 03-2659 SI. The Court denied defendant's request on the ground that fact discovery had closed. The Court finds no error in this ruling. Defendant was well aware of the 14 individuals' identities prior to the close of discovery, and could have deposed these individuals within the discovery period.

Defendant also asserts that the Court abused its discretion by allowing plaintiff to exceed the 6.5

hour limitation set forth in the pretrial order.[2] Defendant states that if it had known that the Court would allow plaintiff to exceed this time limitation, defendant would have planned for trial differently by conducting longer examinations of witnesses.

The Court finds these arguments lack merit for a number of reasons. It is within the Court's discretion to set reasonable time limits on a trial. *See Amarel v. Connell*, 102 F.3d 1494, 1513 (9th Cir. 1996). The Court imposed time limits on the parties in order to provide structure to the trial, and also to give the jury notice of the trial's expected duration so the jury could plan accordingly. As the Ninth Circuit has instructed, "[r]igid and inflexible hour limits on trials, however, are generally disfavored." *See id.* Here, the Court exercised its discretion and allowed both parties to exceed their time as was appropriate under the circumstances.

Finally, defendant contends that plaintiff's counsel committed misconduct by referring to the testimony of Lisa McCoy during opening statement and closing argument. According to defendant, plaintiff's counsel stated that Ms. McCoy's testimony would concern the fact that she was assigned to top-side after she filed DFEH complaints; Ms. McCoy did not in fact testify at trial.[3] The Court finds that plaintiff's counsel did not engage in misconduct, and that any reference to Ms. McCoy was harmless. The jury was instructed that the lawyers' opening statements and closing arguments were not evidence. In addition, to the extent that defendant objects to the references to Ms. McCoy because the subject matter of her proposed testimony was irrelevant, the Court disagrees for the reasons set forth above.

**CONCLUSION**

For the foregoing reasons, the Court DENIES defendant's renewed motion for judgment as a matter of law (Docket No. 717), and GRANTS defendant's motion for a new trial unless plaintiff Alvarado accepts the Court's order of remittitur. (Docket No. 720). By **March 31, 2008**, plaintiff

---

[2] Defendant simply asserts that plaintiff exceeded the time limitation, but does not provide any calculation of how much time plaintiff actually used during trial.

[3] Defendant did not submit any trial transcripts in connection with its motion, and it appears from the Court's docket that no transcripts were ordered. Plaintiff does not dispute defendant's account of plaintiff's opening statement and closing argument.

9

Alvarado shall file and serve a statement regarding whether he accepts the remittitur or opts for a new trial.

**IT IS SO ORDERED.**

Dated: March 18, 2008

SUSAN ILLSTON
United States District Judge