IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ALVARADO, et al., | No. C 04-0098 SI |
| Plaintiffs, | **ORDER RE: DEFENDANT'S RULE 60(b)(4) MOTION FOR RELIEF FROM JUDGMENTS** |
| v. | |
| FEDERAL EXPRESS CORPORATION, | |
| Defendant. | |

Defendant has filed a motion to vacate the judgments entered in favor of plaintiffs Alvarado and Evans on the ground that the judgments were entered against the wrong defendant, FedEx Corporation, and should have been entered against Federal Express Corporation. To the extent defendant's motion is directed at the practicalities of enforcing a judgment against plaintiffs' current and former employer – which is Federal Express Corporation – the Court will amend the judgments pursuant to Rule 60(a) to substitute Federal Express Corporation in the place of FedEx Corporation.

However, to the extent defendant's motion contends that the judgments are void because the Court does not have personal jurisdiction over FedEx Corporation and because FedEx Corporation was never served with a summons, the Court finds these contentions lack merit. Federal Rule of Civil Procedure 12(h)(1) provides, in relevant part:

> A defense of lack of personal jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in th circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

Fed. R. Civ. P. 12(h)(1). The Court finds that FedEx Corporation has waived its defenses of personal jurisdiction and insufficiency of process by failing to satisfy even the "minimum steps" outlined in Rule

12(h). *See Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1318 (9th Cir. 1998) (noting that "[m]ost defenses, including the defense of lack of personal jurisdiction, may be waived as a result of the course of conduct pursued by a party during litigation," and that even if a party complies with Rule 12(h), the party's subsequent litigation conduct could waive defense). Here, not only did FedEx Corporation never file a motion challenging personal jurisdiction or service, but defendant vigorously litigated this case for over three years, including through numerous rounds of motion practice and three trials.

As set forth above, the Court GRANTS in part defendant's motion. (Docket No. 710). The Court will issue separate amended judgments. The Court DENIES plaintiffs' request for Rule 11 sanctions. (Docket No. 776).

**IT IS SO ORDERED.**

Dated: March 18, 2008

SUSAN ILLSTON
United States District Judge