IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERNELL EVANS, *et al.*, | No. C 04-0098 SI, No. C 04-0099 SI |
|     Plaintiffs, | **ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL RE: PERNELL EVANS** |
|   v. | |
| FEDERAL EXPRESS CORPORATION, | |
|     Defendant. | |

    By order filed March 18, 2008, the Court granted defendant's motion for judgment as a matter of law with regard to plaintiff Pernell Evans. The Court entered an amended judgment the same day. Pursuant to Federal Rule of Appellate Procedure 4, plaintiff's notice of appeal was due no later than April 17, 2008. Plaintiff did not file a notice of appeal.

    Instead, on April 30, 2008, plaintiff filed a motion for an extension of time to file a notice of appeal on the ground of "excusable neglect" of counsel. Plaintiff's motion stated that "Plaintiff's counsel mistakenly calendared the date for the notice of appeal, applying a sixty day deadline to appeal pursuant to California Rules of Court 8.104(a) instead of the correct thirty day deadline pursuant to Fed. R. App. Proc. 4(a)(1)(A)." Motion at 2. Plaintiff's counsel submitted a sworn declaration stating, *inter alia*, "Prior to the filing of the notice of appeal in this matter, I had not previously filed a notice of appeal on a final judgment to the Ninth Circuit Court of Appeals, because all matters were settled without appeal." McCoy Decl. ¶ 3.

    Defendant opposes plaintiff's motion, contending that plaintiff has failed to meet the "excusable neglect" standard discussed in *Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004). Defendant has also submitted evidence showing that plaintiff's counsel Mr. McCoy has filed at least four timely notices of

appeal after final judgments to the Ninth Circuit Court of Appeals in 2003, 2005, and 2008. *See* Babcock Decl. Ex. A-J (*McCoy v. Alioto*, C 03-2841 JW; *Berry v. City of Antioch*, C 02-3862 CW; *Patterson v. Apple Computer Inc.*, C 04-405 PJH; and *Sanders v. City of Fresno*, C 05-469 AWI). The Court notes that in the *Sanders* case Mr. McCoy filed the timely notice of appeal on April 11, 2008, during the same time period at issue in this case. *See* Babcock Decl. Ex. I. In addition, defendant has submitted evidence that plaintiff's counsel Mr. McCoy has filed numerous interlocutory appeals in *Harmston v. City of San Francisco*, C 07-1186 SI. Further, the parties are well aware that Mr. McCoy has filed a number of interlocutory appeals in this action and the related case of *Satchell v. FedEx Express*, C 03-2659 SI.

Plaintiff's reply brief attempts to correct the apparent falsity of Mr. McCoy's declaration. With respect to Mr. McCoy's statement that "Prior to filing a notice of appeal in this matter, I had not previously filed a notice of appeal on a final judgment to the Ninth Circuit Court of Appeals, because all matters were settled without appeal," plaintiff asserts:

> This statement is not contradictory in that summary judgments have been appealed by McCoy but never an order granting [a] post trial motion reducing a jury verdict. The declaration of Babcock references appeals of summary judgment orders not final judgments after a Court's ruling on post-trial motions.

Reply at 3-4. Plaintiff's counsel did not submit an additional declaration in connection with the reply brief.

The Court has "wide discretion" to grant or deny a motion for an extension of time to file a notice of appeal. *Pincay*, 389 F.3d at 859. Courts consider a four-part balancing test to evaluate whether there has been "excusable neglect": "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Id*. at 855 (citing *Pioneer Invest. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993)). The Ninth Circuit has instructed that courts "should determine the issue of excusable neglect within the context of the particular case." *Pincay*, 389 F.3d at 859.

Here, the third and fourth *Pioneer* factors weigh against a finding of excusable neglect. As the

*Pincay* court noted, "a lawyer's failure to read an applicable rule is one of the least compelling excuses that can be offered," *id*., and the Court finds that plaintiff has not offered a good reason for the delay.[1]

However, notwithstanding this fact, the Court would have been inclined to grant the extension had it not been for Mr. McCoy's false sworn statement that "Prior to filing a notice of appeal in this matter, I had not previously filed a notice of appeal on a final judgment to the Ninth Circuit Court of Appeals, because all matters were settled without appeal." The Court finds that Mr. McCoy's declaration was filed in bad faith, and his attempt to correct this misstatement by asserting in the reply that he had only been referring to "appeals of summary judgment orders not final judgments after a Court's ruling on post-trial motions," is not persuasive. The distinction between final judgments after a summary judgment versus final judgments after resolution of post-trial orders is a distinction without a difference; the time for appeal is the same for both.[2] Instead, it appears that Mr. McCoy was attempting to mislead the Court as to his experience regarding filing notices of appeal in federal court.

The Court has presided over this case for over four years, and is very familiar with the history of this litigation and the quality of plaintiff's representation. On this record, the Court finds that plaintiff has not demonstrated excusable neglect for the failure to file a timely notice of appeal. Accordingly, plaintiff's motion is DENIED. (Docket No. 1090).

**IT IS SO ORDERED.**

Dated: June 5, 2008

SUSAN ILLSTON
United States District Judge

---

[1] Moreover, as defendants note, on the same day that the Court granted defendant's motion for judgment as a matter of law regarding plaintiff Evans, the Court also resolved post-trial motions regarding plaintiff Charlotte Boswell and entered an amended judgment in Boswell's case. Defendant filed a timely notice of appeal of the amended Boswell judgment on April 16, 2008, and Mr. McCoy received electronic notice of that filing. Thus, as of April 16, 2008, Mr. McCoy was on notice that defendant had appealed the amended Boswell judgment, which was entered on the same day as the amended Evans judgment. Mr. McCoy provides no explanation for why he did not realize until April 29, 2008 that the time to file an appeal had lapsed.

[2] The Court notes that California Rule of Court 8.104(a), upon which Mr. McCoy purportedly relied when miscalendaring the date for the filing of a notice of appeal, does not draw a distinction between appeals from summary judgments and appeals from post-trial orders.