IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ALVARADO, *et al.*, | No. C 04-0098 SI, No. C 04-0099 SI |
| Plaintiffs, | **ORDER GRANTING DEFENDANT'S MOTION FOR CONTINUANCE OF STAYS OF EXECUTION OF JUDGMENTS** |
| v. | |
| FEDERAL EXPRESS CORPORATION, | |
| Defendant. | |

Defendant has filed a motion for a continuance of the stays of execution of judgments in the Alvarado and Boswell cases. As background, on February 28, 2007, the Court entered judgment in favor of plaintiff Alvarado, and on May 21, 2007, the Court entered judgment in favor of plaintiff Boswell. The Court granted defendant's motions to stay execution of the judgments pending disposition of post-trial motions and appeals,[1] and ordered defendant to post supersedeas bonds. Defendant posted a bond in the amount of $600,000 for Alvarado, and $3,000,000 bond for Boswell. Both bonds state:

> WHEREAS, the Principal intends to appeal first to the United States District Court for the Northern District of California and then to the United States Court of Appeal for the Ninth Circuit from a judgment entered [date] within the applicable deadlines.
>
> NOW, THEREFORE, the condition of this obligation is such that if the Principal shall

---

[1] Defendant moved for a stay pursuant to Federal Rule of Civil Procedure 62(b) and 62(d). The Court issued the orders pursuant to Rule 62(b), which provides that a court may stay the execution of a judgment pending the disposition of post-trial motions. With respect to the Alvarado judgment, the Court's order stated that it was granting the stay in light of defendant's intention to file post-trial motions and an appeal if necessary. *See* Docket No. 714. The Boswell order did not specifically mention defendant's intention to appeal, although defendant's motion to stay the execution of the Boswell judgment sought the stay on the ground that, *inter alia*, defendant intended to file an appeal if necessary. *See* Docket No. 826.

   diligently prosecute its appeal to a decision, and shall promptly perform and satisfy the
   judgment, then this obligation will be void; otherwise to remain in full force and effect.

Docket Nos. 729 & 850.

  On March 18, 2008, the Court resolved the post-trial motions with regard to both plaintiffs, and in so doing, remitted Alvarado's jury award to $300,000, and reduced Boswell's jury award to $850,000. The Court entered an amended judgment as to Boswell on March 18, 2008, and an amended judgment as to Alvarado on April 1, 2008. On April 16, 2008, defendant filed timely notices of appeal of both amended judgments. Plaintiffs then attempted to execute the amended judgments, and defendant filed an *ex parte* motion to quash the writs of execution. The Court granted the motion and preserved the status quo to allow the parties the opportunity to fully brief the issue. Defendant then filed the instant motion to continue the stays of execution of the Alvarado and Boswell judgments.

  Plaintiffs contend that the Court's order staying the execution of the judgment lapsed upon the resolution of the post-trial motions, and that prior to filing the notices of appeal defendant should have moved to stay the execution of the amended judgments pursuant to Rule 62(d). None of the authority cited by plaintiffs supports this position, and all the cases are distinguishable from the situation here. For example, in *In re Bucyrus Grain Company, Inc.*, 127 B.R. 52 (D. Kan. 1991), a bank moved to stay the execution of a judgment that had been entered against it more than two years earlier. The court denied the stay on the ground that the request was untimely. Similarly, in *Ribbens Int'l, S.A. de C.V. v. Transp. Int'l Pool, Inc.*, 40 F. Supp. 2d 1141 (C.D. Cal. 1999), the defendant waited almost two months from the date of the entry of judgment to file a supersedeas bond and move for a stay of execution. *See also Laborers Nat'l Pension Fund v. ANB Investment Mgmt. & Trust Co.*, 26 F. Supp. 2d 1048, 1051 (N.D. Ill. 1998) (judgment debtor did not seek stay for numerous months).

  These cases are inapposite because here defendant diligently obtained a stay of execution of the judgments. The record shows that the stays were always intended to remain in place during any appeals, and the bonds explicitly state that they are "in full force and effect" during the prosecution of any appeals. In an abundance of caution, the Court *nunc pro tunc* amends the orders granting defendant's motions for a stay of execution of the judgments (Docket Nos. 714 & 844) so that those orders are issued pursuant to Federal Rule of Civil Procedure 62(b) and 62(d). The Court also GRANTS

defendant's motion for a continuance of the stays of execution.  (Docket No. 1097).

**IT IS SO ORDERED.**

Dated: June 6, 2008

_____
SUSAN ILLSTON
United States District Judge