IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERNELL EVANS, *et al.*, | No. C 04-0098 SI, No. C 04-0099 SI |
| Plaintiffs, | **ORDER DENYING PLAINTIFF EVANS' MOTION FOR RECONSIDERATION** |
| v. | |
| FEDERAL EXPRESS CORPORATION, | |
| Defendant. | |

By order filed June 5, 2008, the Court denied plaintiff Pernell Evans' motion for an extension of time to file a notice of appeal. On June 19, 2008, plaintiff filed a motion for leave to file a motion for reconsideration of the June 5, 2008 order.

The Court's June 5, 2008 order held that plaintiff had not established "excusable neglect" of counsel because, *inter alia*, plaintiff's counsel Mr. McCoy had filed a misleading declaration stating that he had miscalendared the deadline for the appeal under the California Rules rather than the Federal Rules, and that this mistake was attributable to the fact that he "had not previously filed a notice of appeal of final judgment to the Ninth Circuit Court of Appeals, because all matters were settled without appeal." McCoy Decl. ¶ 3 (Docket No. 1091). After defendant filed documents showing that, in fact, Mr. McCoy had filed at least four recent notices of appeal of final judgments to the Ninth Circuit Court of Appeals, plaintiff filed a reply asserting that Mr. McCoy's April 30, 2008 declaration was not incorrect because "summary judgments have been appealed by McCoy but never an order granting [a] post trial motion reducing a jury verdict." Mr. McCoy did not file a declaration with that reply brief.

As explained in greater detail in the June 5, 2008 order, the Court found that it appeared that Mr.

1 McCoy attempted to mislead the Court as to his experience regarding filing notices of appeal in federal
2 court. The Court stated that the distinction between an appeal of a summary judgment order and an
3 order resolving post-trial motions is a distinction without a difference, as the time to appeal is the same
4 for both.[1] The Court further noted that Mr. McCoy did not file a sworn declaration in connection with
5 the reply. The Court exercised its discretion and denied the motion for an extension of time to file the
6 notice of appeal.

7 Plaintiff seeks to file a motion for reconsideration proffering yet another explanation for the
8 misstatements in Mr. McCoy's April 30, 2008 declaration. Plaintiff now asserts that the misstatement
9 was due to a drafting error by another individual in Mr. McCoy's office, and that paragraph 3 of the
10 April 30, 2008 declaration should have stated that Mr. McCoy "had not previously filed a notice of
11 appeal of a *verdict*" instead of "final judgment." Mr. McCoy has filed a new declaration stating that
12 "[t]he declaration should have read that I have never had to appeal a jury verdict in Federal Court where
13 the Court took away a plaintiff's verdict on remitittur." June 19, 2008 McCoy Decl. ¶ 3 (Docket No.
14 1159). Mr. McCoy states that he was out of the country at the time the reply was filed, that he directed
15 another attorney in his office, Spencer Smith, to prepare the reply brief, and that Mr. McCoy was not
16 aware that his corrections to his April 30, 2008 declaration had not been incorporated until he read this
17 Court's June 5, 2008 order denying the motion for an extension of time to appeal. *Id*. ¶¶ 5-6.[2] Mr.
18 Smith has also filed a sworn declaration stating that he drafted and filed the reply at Mr. McCoy's
19 direction, that at the time of the filing of the reply Mr. McCoy was out of the country and "therefore no
20 supplemental declaration was filed in reply," and that at the time Mr. Smith filed the reply, he was
21 unaware of the fact that Mr. McCoy's April 30, 2008 declaration did not contain Mr. McCoy's
22 corrections. Smith Decl. ¶¶ 2-4.

---

[1] Indeed, the Court notes that the four recent notices of appeal filed by Mr. McCoy (not including numerous interlocutory appeals in this case and the related *Satchell* action) were not limited to appeals of summary judgment orders. *See e.g.*, Babcock Decl. (Docket No. 1132) Ex. A-B (appealing order granting a motion to dismiss with prejudice in *McCoy v. Alioto*, C 03-2841 JSW); *id*. Ex. C-E (appealing order dismissing a case with prejudice, as well as a summary judgment order in *Berry v. City of Antioch*, C 02-3862 CW)).

[2] Mr. McCoy's June 19, 2008 declaration is incorrectly numbered as it contains duplicate paragraphs 3 and 4. For purposes of this order the Court has renumbered those paragraphs 5 and 6.

Plaintiff's motion for leave to file a motion for reconsideration does not, as required by Civil Local Rule 7-9(b), show (1) "a material difference in fact or law exists from that which was presented to the Court"; or (2) "[t]he emergence of new material facts or a change of law occurring after the time of such order"; or (3) a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented the Court." Instead, plaintiff's shifting-sands approach only confirms the Court's opinion that Mr. McCoy's original declaration was intentionally misleading. Mr. McCoy's April 30, 2008 declaration stated that his office miscalendared the notice of appeal date because he "had not previously filed a notice of appeal of final judgment to the Ninth Circuit Court of Appeals, because all matters were settled without appeal." Now, plaintiff has submitted the declaration of Dow Patten, who states that "Mr. McCoy directed that paragraph 3 of his declaration be amended to state "verdicts" instead of "on a final judgment." Patten Decl. ¶ 3. Again, this is a distinction without a difference, as the time for appeal is the same regardless of the type of order leading to the final judgment. Moreover, Mr. McCoy does not explain how his "corrected" statement would have made sense in conjunction with the phrase "all matters were settled without appeal" since, according to Mr. McCoy, this is the *first* such federal post-trial order he has appealed,[3] and as demonstrated by defendant, Mr. McCoy *has* appealed numerous other final judgments and interlocutory appeals to the Ninth Circuit.

Further, Mr. McCoy's current assertion that he was not aware that his "corrections" had not been made to his April 30, 2008 declaration until he read this Court's June 5, 2008 order is problematic on several levels. First, if Mr. McCoy was not, in fact, aware that his "corrections" were not made to his April 30, 2008 declaration, that declaration should not have been filed under his signature. Second, the reply brief was filed under Mr. McCoy's signature; even if that brief was prepared by another attorney at Mr. McCoy's office, Mr. McCoy is ultimately responsible for its contents since the brief was filed under his signature. More importantly, Mr. McCoy does not explain how, if he and Mr. Smith were unaware of the "mistake" in Mr. McCoy's April 30, 2008 declaration, plaintiff was able to advance the arguments contained in the reply brief explaining the April 30, 2008 declaration. The reply brief

---

[3] Mr. McCoy states in his new declaration that he has never appealed "a jury verdict in Federal Court where the Court took away a plaintiff's verdict on remitittur." As a factual matter, the Court notes that the Court *did not* reduce plaintiff Evans' jury verdict on remitittur. Instead, the Court granted defendant's motion for judgment as a matter of law.

3

specifically quoted the statement at issue – *see* Reply Brief at 3:21-24 – and asserted that "this statement is not contradictory in that summary judgments have been appealed by McCoy but never an order granting post trial motion reducing a jury verdict." *Id*. at 3:24-26. Accordingly, the Court DENIES plaintiff's motion for leave to file a motion for reconsideration. (Docket No. 1158).

**IT IS SO ORDERED.**

Dated: June 26, 2008

SUSAN ILLSTON
United States District Judge