Sanford Jay Rosen – 62566
Holly M. Baldwin – 191317
Kenneth M. Walczak – 247389
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
srosen@rbg-law.com
hbaldwin@rbg-law.com
kwalczak@rbg-law.com

Attorneys for Kay McKenzie Parker

**GRANTED**
*Judge Susan Illston*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EDWARD ALVARADO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FEDEX CORPORATION, a Delaware corporation, dba FEDEX EXPRESS,<br><br>Defendant. | Case No. C 04-0098 SI<br>Case No. C 04-0099 SI (White v. FedEx)<br><br>**KAY MCKENZIE PARKER'S REQUEST FOR LEAVE TO FILE SUPPLEMENTAL OPPOSITION AND SUPPLEMENTAL OPPOSITION TO DEFENDANT'S RENEWED MOTION FOR DECLARATORY RELIEF** |

PARKER'S REQUEST FOR LEAVE TO FILE AND SUPPLEMENTAL OPPOSITION TO DEFENDANT'S RENEWED MOTION FOR DECLARATORY RELIEF, CASE NO. C 04-0098/0099 SI

[219398-1]

# TABLE OF CONTENTS

Page

REQUEST FOR LEAVE TO FILE SUPPLEMENTAL OPPOSITION ................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................ 2

INTRODUCTION ......................................................................................................................... 2

PROCEDURAL BACKGROUND AND RELEVANT FACTS ................................................. 2

ARGUMENT ................................................................................................................................. 6

    I.     NEITHER FEDEX NOR THE SETTLEMENT PLAINTIFFS HAD AUTHORITY TO SIGN AWAY OR NEGOTIATE MS. PARKER'S VALID CLAIM FOR STATUTORY ATTORNEY'S FEES, AND THEY HAVE WAIVED ANY ARGUMENT FOR TERMINATION OF HER CLAIM. ................................................................................................................. 6

    II.     THE PLAIN LANGUAGE OF THE SETTLEMENT AGREEMENTS SIMPLY DOES NOT BIND MS. PARKER. ANY STATEMENTS CONCERNING INDEMNIFICATION THEREIN ARE WHOLLY INEFFECTIVE. ............................................................................................................ 9

    III.     MS. PARKER HAS STANDING TO SEEK AN AWARD OF STATUTORY ATTORNEY'S FEES FOR WORK PERFORMED ON BEHALF OF THE SETTLEMENT PLAINTIFFS. ............................................. 13

CONCLUSION ........................................................................................................................... 135

i

PARKER'S REQUEST FOR LEAVE TO FILE AND SUPPLEMENTAL OPPOSITION TO DEFENDANT'S
RENEWED MOTION FOR DECLARATORY RELIEF, CASE NO. C 04-0098/0099 SI

[219398-1]

# TABLE OF AUTHORITIES

Page

### CASES

Belth v. Garamendi,
    232 Cal. App. 3d 896 (1991) ................................................................................ 14

City of Chino v. Jackson,
    97 Cal.App.4th 377 (2002) .................................................................................. 11

Comedy Club, Inc. v. Improv West Associates,
    514 F.3d 833 (9th Cir. 2007) ................................................................................ 7

Comer v. Micor, Inc.,
    436 F.3d 1098 (9th Cir. 2006) .............................................................................. 8

Crowley Maritime Corp. v. Boston Old Colony Ins. Co.,
    158 Cal.App.4th 1061 (2008) ............................................................................... 7

EEOC v. Waffle House, Inc.,
    534 U.S. 279 (2002) .............................................................................................. 7

Flannery v. Prentice,
    26 Cal.4th 572 (2001) ................................................................................... 14, 15

Folsom v. Butte County Ass'n of Governments,
    32 Cal.3d 668 (1982) ............................................................................. 10, 13, 15

Graham v. DaimlerChrysler Corp.,
    34 Cal.4th 553 (2004) ......................................................................................... 15

Lanyi v. Goldblum,
    177 Cal.App.3d 181 (1986) ................................................................................ 10

Lindelli v. Town of San Anselmo,
    139 Cal. App. 4th 1499 (2006) ..................................................................... 14, 15

Lyons v. Chinese Hospital Ass'n,
    136 Cal.App.4th 1331 (2006) ....................................................................... 13, 15

Muckleshoot Tribe v. Puget Sound Power & Light,
    875 F.2d 695 (9th Cir.1989) ............................................................................... 10

Olinick v. BMG Entertainment,
    138 Cal.App.4th 1286 (2006) ............................................................................. 12

People v. Roger Hedgecock for Mayor Comm.,
    183 Cal. App. 3d 810 (1986) .............................................................................. 14

Planned Parenthood v. Aakhus,
    14 Cal.App.4th 162 (1993) ................................................................................. 13

[219398-1]

*Rheem Mfg. Co. v. United States,*
    57 Cal.2d 621 (1962) ............................................................................................. 6, 9

*Rubin v. Los Angeles Fed. Sav. & Loan Assn.,*
    159 Cal.App.3d 292 (1984) ...................................................................................... 6

*Santisas v. Goodin,*
    17 Cal.4th 599 (1998) ............................................................................................. 13

*Savaglio v. Wal-Mart Stores, Inc.,*
    149 Cal.App.4th 588 (2007) ................................................................................ 6, 9

*Taylor v. Sturgell,*
    — S.Ct. —, 2008 WL 2368748 ...................................................................... 1, 8, 16

*Thirteen Comm. v. Weinreb,*
    168 Cal. App. 3d 528 (1985) .................................................................................. 14

*Tipton-Whittingham v. City of Los Angeles,*
    34 Cal.4th 604 (2004) ............................................................................................ 14

*Torres v. City of San Diego,*
    154 Cal. App. 4th 214 (2007) ................................................................................ 11

*Zambrano v. Oakland Unified School Dist.,*
    229 Cal.App.3d 802 (1991) .................................................................................... 10

## STATUTES

Cal. Code of Civil Procedure § 1021.5 ................................................................................ 14

Cal. Govt. Code § 12965 ...................................................................................................... 14

## OTHER AUTHORITIES

Richard M. Pearl, *California Attorney Fee Awards* (2d ed., 2005) ............................... 13, 14

PARKER'S REQUEST FOR LEAVE TO FILE AND SUPPLEMENTAL OPPOSITION TO DEFENDANT'S RENEWED MOTION FOR DECLARATORY RELIEF, CASE NO. C 04-0098/0099 SI

# REQUEST FOR LEAVE TO FILE SUPPLEMENTAL OPPOSITION

Kay McKenzie Parker, former attorney for Plaintiffs Brown, Duenas, Lewis, Neely, Theodore, and Walker in the *Alvarado v. FedEx* case and for Plaintiff Rivera in the related *White v. FedEx* case (collectively, the "Settlement Plaintiffs"), requests that the Court allow and consider her Supplemental Opposition to the Renewed Motion for Declaratory Relief filed by Defendant Federal Express ("FedEx") on June 20, 2008 (Docket No. 1163) ("Renewed Mot."). The purpose of this Supplemental Opposition is to clarify Ms. Parker's position, in light of the Court's recent decision adopting the Special Master's recommendation concerning her standing to file fee claims under the California FEHA, to address new contentions made by FedEx in relation to that decision, and to bring the Court's attention to a recent Supreme Court decision that has some bearing on issues in this matter.

On June 12, 2008, the Supreme Court issued its decision in *Taylor v. Sturgell*, ___ S.Ct. ____, 2008 WL 2368748. In *Taylor*, the Court rejected theories of "virtual representation" of the sort relied on by FedEx in its efforts to deny Ms. Parker compensation for her work on behalf of the Settlement Plaintiffs. By rejecting "virtual representation," the Court reaffirmed the principle that resolutions of claims, such as those obtained by the Settlement Plaintiffs, cannot preclude the valid claims of a non-party to the resolutions, such as Ms. Parker.

The Special Master's Order Regarding Kay Parker's Fee Petitions in *Alvarado*, *Boswell*, and *Evans*, filed 4/7/08 (Docket No. 1062) ("SM Recommendation"), and the Court's Order Adopting the Special Master's April 7, 2008 Order Regarding Parker's Standing and Timeliness of Fee Petitions; Setting Schedule for Resolution of Pending Matters, filed 6/5/08 (Docket No. 1145) ("Adopting Order"), address several of the issues raised in FedEx's renewed motion. Like the Supreme Court's decision in *Taylor*, the SM Recommendation and the Adopting Order have issued since Ms. Parker last briefed her entitlement to recover her fees and costs for work performed on behalf of the Settlement Plaintiffs. *See* Opposition to Defendant's Motion for Declaratory Relief, filed 1/11/08 (Docket No. 999).

For these reasons, and those stated in the Memorandum of Points and Authorities filed herewith, Ms. Parker respectfully requests that the Court allow and consider her Supplemental

1

PARKER'S REQUEST FOR LEAVE TO FILE AND SUPPLEMENTAL OPPOSITION TO DEFENDANT'S RENEWED MOTION FOR DECLARATORY RELIEF, CASE NO. C 04-0098/0099 SI

[219398-1]

Opposition to Defendant's Renewed Motion for Declaratory Relief.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Ms. Parker performed services on behalf of seven plaintiffs who prevailed via settlement in this matter. She was, however, a stranger to the negotiations and agreements that finally resolved their claims. She fully informed the settling parties of her claims for attorney's fees and costs, and of her desire to participate in any settlement negotiations. She was ignored.

The agreements drafted solely by FedEx and the Settlement Plaintiffs cannot dispose of Ms. Parker's valid claims. In fact, they explicitly acknowledge the existence and therefore the survival of such claims. As the Special Master and the Court expressly determined, under the FEHA, Ms. Parker personally owns the claims for attorney's fees and costs due to her work on behalf of prevailing plaintiffs, and she has standing to pursue these claims as a matter of law. Because neither FedEx nor the Settlement Plaintiffs had actual or "virtual" authority to represent her interests in the settlement negotiations, and because the parties have waived their rights to claim otherwise by systematically excluding her from the negotiations, Ms. Parker may present to the court her claim for reasonable attorney's fees, and her unreimbursed costs.

### PROCEDURAL BACKGROUND AND RELEVANT FACTS

As counsel for the seven Settlement Plaintiffs, Ms. Parker worked diligently to pursue their interests, both before they were severed from the related *Satchell* class action, and thereafter in this action. Ms. Parker was terminated by the Settlement Plaintiffs in July of 2006. *See* Orders, filed 7/19/06 (Docket Nos. 449-451, 453, & 455-457). Following her termination, Ms. Parker informed FedEx and the Settlement Plaintiffs in every way possible that she was pursuing all her claims for attorney's fees, and that she wanted to be included in any negotiations resolving any claims that might bear on her attorney's fees. She was ignored and frozen out by FedEx and the Settlement Plaintiffs.

By April of 2006, Ms. Parker became aware of Defendants' efforts to reach settlements with the Settlement Plaintiffs. *See* Declaration of Holly M. Baldwin, filed herewith ("Baldwin Decl."), ¶ 3. On April 13, 2006, Ms. Parker wrote to Frederick L. Douglas, counsel for FedEx,

"requesting that [FedEx] copy [her] on any and all settlement proposals" that FedEx might present. Letter, attached as Exhibit A to Baldwin Decl. She received no response. Baldwin Decl., ¶ 3.

During the month of May 2007, Ms. Parker renewed her request to be informed of the negotiations between FedEx and the Settlement Plaintiffs, so that she might protect her interests. On May 11, 2007, Ms. Parker faxed a letter to counsel for FedEx, emphasizing that her lien for attorney's fees and costs entitles her to a share of any settlement payment. *See* Letter, attached as Exhibit B to Baldwin Decl. Ms. Parker therefore requested that her name be "included as an additional payee on any payment ... related to any settlement for Tanda Brown, Bertha Duenas, Janice Lewis, Kevin Neely, Alexander Rivera, Dyronn Theodore, [or] LaSonia Walker[.]" *Id.* Again, she received no response. Baldwin Decl., ¶ 4.

Following the Court's July 16, 2007 Order (Docket No. 897) directing the parties to "prepare a plan to resolve Ms. Parker's fee issues prior to proceeding," Ms. Parker again attempted to discern the status of settlement negotiations, and to protect her status as an attorney's fees claimant and a lienholder. *See* Letter Brief, filed 7/20/07 (Docket No. 901), and Exhibits A and B thereto. She "sent several e-mails to attorneys Frederick Douglas and Waukeen McCoy asking for specific information regarding the status of each plaintiff's case – whether there has been a settlement and, if so, what amount, etc. Neither attorney has responded to my inquiries." Letter, dated 7/18/07, filed as Exhibit A to Docket No. 901.

Ms. Parker retained Rosen, Bien & Galvan as counsel for her fees claims shortly thereafter. On August 8, 2007, newly retained counsel sent a letter to counsel for FedEx, referencing these communications, and asking to be informed "in writing of FedEx's exact proposal." Letter, attached as Exhibit C to Baldwin Decl. Ms. Parker's counsel received no response to this letter. Baldwin Decl., ¶ 5.

On August 9, 2007, Ms. Parker attended the hearings set before the Special Master concerning her standing and the motions for sanctions filed by FedEx against Mr. McCoy. Following those hearings, counsel for Ms. Parker again discussed the issue of potential settlements between FedEx and the Settlement Plaintiffs, and offered to discuss interpleader

3

PARKER'S REQUEST FOR LEAVE TO FILE AND SUPPLEMENTAL OPPOSITION TO DEFENDANT'S RENEWED MOTION FOR DECLARATORY RELIEF, CASE NO. C 04-0098/0099 SI

[219398-1]

1 | arrangements with all relevant counsel. Baldwin Decl., ¶ 6. *See also* Letter, attached as
2 | Exhibit D to Baldwin Decl.
3 |      On August 22, 2007, Sanford Jay Rosen, counsel for Ms. Parker, sent a letter to
4 | Waukeen McCoy, counsel for the Settlement Plaintiffs. In this letter, counsel explicitly
5 | requested that Ms. Parker be permitted to participate in any settlement negotiations, and again
6 | requested information pertinent to a possible interpleader. Baldwin Decl., Exhibit D.
7 | Specifically, Mr. Rosen wrote:

> [U]nless Ms. Parker participates in the mediation process and agrees to a final resolution of the claims (including attorneys fees claims) arising from the seven cases yet to be tried, she is not legally bound by any agreement between and among FedEx, the seven plaintiffs and you. She intends to pursue her legitimate FEHA fee shifting claims against FedEx directly in the federal court action.
>
> This, however, does not render an Interpleader of settlement funds impossible or even unduly onerous. All that is required is that all of the settlement funds be deposited initially to an Interpleader account. Promptly thereafter, FedEx can be dismissed from the Interpleader action, and all interested parties can determine the appropriate amounts that then promptly can be released to each of the seven plaintiffs. …
>
> Additionally, before she can agree to any Interpleader or other mechanism for distributing settlement funds Ms. Parker needs to know the amount of the actual settlements.

*Id.*

     On October 2, 2007, Frederick L. Douglas, counsel for FedEx, forwarded to Ms. Parker, a letter that Mr. Douglas received from Mr. McCoy concerning the disbursement of settlement funds to the Settlement Plaintiffs. *See* e-mail, attached as Exhibit E to Baldwin Decl. In response to Mr. Douglas's request to each lienholder for "a short statement regarding your position," counsel for Ms. Parker wrote: "I have made most of Ms. Parker's position clear in my letter of August 22, 2007 and have received no satisfactory response to that letter from either [FedEx] or Mr. McCoy. … Look again at my letter to you of August 8, 2007 as well. We stand by the positions stated in both of my letters." E-mail dated 10/5/07, attached as Exhibit F to Baldwin Decl. Counsel also renewed Ms. Parker's request for information concerning the terms and amounts of the relevant settlements: "What are the amounts and terms of the settlements? … Has Mr. McCoy entered into new contracts with the plaintiffs? If

so what are their terms?" *Id.*

FedEx and the Settlement Plaintiffs reached agreements disposing of the seven cases during the first week of November, 2007. Baldwin Decl., ¶ 10. On November 15, 2007, FedEx filed its Motion for Counterclaim and Interpleader Relief (Docket No. 955), informing the Court that "FedEx and ... [the] 'Settlement Plaintiffs'[] have agreed to settle all outstanding claims with prejudice." *Id.*, at 2:16-19. At this time, Ms. Parker had "no knowledge of the terms of the settlement agreement or agreements" at issue. Conditional Agreement to Interpleader, filed 11/26/07 (Docket No. 958), at 1:24-25. Ms. Parker explained to the Court that "FedEx and Plaintiffs have consistently refused to disclose information to her regarding any agreements they may have reached." *Id.*, at 1:25-27.

For six more weeks, FedEx and the Settlement Plaintiffs continued to freeze Ms. Parker out. Instead they filed pleadings in support of motions for interpleader, and later declaratory, relief. *See* Response to Defendant's "Objections" Re: Interpleader Agreement, filed 11/30/07 (Docket No. 965), at 3:1-2 ("FedEx asks the Court to dismiss Ms. Parker's valid fees claim on the basis of Agreements which it has yet to produce to either Ms. Parker or the Court."); Order Granting Administrative Motion for Leave to File Settlement Agreements Under Seal, filed 12/10/07 (Docket No. 971), at 2:14-17 (FedEx directed to "serve copies of the Declaration of Frederick L. Douglas attaching true and correct copies of the settlement agreements on all parties and lienholders"); Preliminary Objections to Defendant's Motion for Declaratory Relief, filed 12/12/07 (Docket No. 977), at 2:5-7 ("Ms. Parker cannot properly address FedEx's claims concerning the interpleader issue until she has received the Agreements that FedEx has promised to produce "in connection with its motion for declaratory relief."). On December 13, 2007, counsel for Ms. Parker finally received copies of the Agreements negotiated and executed by FedEx and each of the Settlement Plaintiffs. Baldwin Decl., ¶ 11.

On December 14, 2007, the Court conducted a hearing on FedEx's Motion for Counterclaim and Interpleader Relief. *See* Transcript, filed 1/7/08 (Docket No. 995). On February 1, 2008, the Court conducted a hearing on FedEx's Motion for Declaratory Relief. *See* Transcript, filed 2/29/08 (Docket No. 1027). Following these hearings, the Court issued an

order interpleading 50% of the settlement funds, as "an appropriate and necessary safeguard while the attorneys' fees and costs issues are adjudicated." Order Granting In Part Defendant's Motion for Interpleader, filed 2/4/08 (Docket No. 1008), at 2:15-16. The Court also denied FedEx's motion for declaratory relief without prejudice, finding it "prudent to allow the Special Master to conclude his work on the matters pending before him [including Ms. Parker's standing to recover fees and costs for her work on behalf of the judgment plaintiffs] before this Court resolves the issues raised by defendant's motion for declaratory relief." Order Denying Without Prejudice Defendant's Motion for Declaratory Relief, filed 2/4/08 (Docket No. 1009), at 1:20-22.

In his April 7, 2008 order, the Special Master found that Ms. Parker has standing to seek the reasonable attorney's fees and unreimbursed costs she incurred for her work on behalf of prevailing judgment plaintiffs, and that she has standing to seek these fees and costs directly from FedEx. SM Recommendation, at 14:19-15:1, 15:2-16:16 (finding Parker is a "prevailing party" entitled to seek attorney's fees and costs under FEHA). The Court adopted these findings in its Adopting Order, filed June 5, 2008.

## ARGUMENT

**I. NEITHER FEDEX NOR THE SETTLEMENT PLAINTIFFS HAD AUTHORITY TO SIGN AWAY OR NEGOTIATE MS. PARKER'S VALID CLAIM FOR STATUTORY ATTORNEY'S FEES, AND THEY HAVE WAIVED ANY ARGUMENT FOR TERMINATION OF HER CLAIM.**

Ms. Parker put FedEx and the Settlement Plaintiffs on full notice of her statutory fees claims. She never authorized any of the parties to sign away or otherwise negotiate her claim for statutory attorney's fees and unreimbursed costs, and FedEx and the Settlement Plaintiffs have waived any argument to the contrary. "[W]aiver may ... stem from conduct which, according to its natural import, is so inconsistent with an intent to enforce [a] right as to induce a reasonable belief that such right has been relinquished." *Savaglio v. Wal-Mart Stores, Inc.*, 149 Cal.App.4th 588, 598 (2007), *quoting Rheem Mfg. Co. v. United States*, 57 Cal.2d 621, 626 (1962); *Rubin v. Los Angeles Fed. Sav. & Loan Assn.*, 159 Cal.App.3d 292, 298 (1984).

Ms. Parker made repeated efforts, both on her own behalf and through counsel, to

protect her own fees and costs claims by participating in the settlement negotiations between FedEx and the Settlement Plaintiffs. She was repeatedly ignored and rebuffed. Given these facts, FedEx cannot contend that the Settlement Plaintiffs (or indeed that any person in the room during settlement negotiations), was empowered to represent Ms. Parker (virtually or otherwise), or to waive or alienate her rights.

Yet this is precisely the argument FedEx has proffered, again and again, to this Court. *See, e.g.*, Defendant's Objections to Conditional Agreement of Kay McKenzie Parker to Defendant's Motion for Counter-Claim and Interpleader Relief, filed 11/29/07 (Docket No. 964), at 3:16-18 ("because Parker's former clients are parties to the action, and agreed to settle their claims, Parker is bound to the settlement agreements reached by her former clients"); Defendant's Motion for Declaratory Relief, filed 12/12/07 (Docket No. 976), at 4:3-6:14 (Parker allegedly bound by Agreements made by her former clients); Defendant's Reply In Support Of Its Motion for Declaratory Relief, filed 1/17/08 (Docket No. 1001) ("1/08 Reply"), at 2:23-25 ("The Settlement Plaintiffs intended that they would be responsible for compensating their attorneys, including Parker") and 3:1-3 ("The Settlement Plaintiffs warranted that they had authority to enter the Settlement Agreements").

To the extent that FedEx is arguing that the settlement agreements bind Parker as a non-party, the Special Master and the Court have recently considered, and rejected, that argument. The Special Master's holding, though issued in the context of Ms. Parker's standing to recover fees for her work on behalf of the Judgment Plaintiffs, applies with equal force to the facts at issue in this Motion.

> Under California and federal law, "a contract cannot bind a nonparty." *Crowley Maritime Corp. v. Boston Old Colony Ins. Co.*, 158 Cal.App.4th 1061, 1069 (2008) (*citing EEOC v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002)). The limited circumstances under which a non-party may acquire rights under a contract do not apply here, because Parker is not "an intended third party beneficiary, an agent, or an assignee" of the [agreements]. *Comedy Club, Inc. v. Improv West Associates*, 514 F.3d 833, 844 (9th Cir. 2007) (discussing California law). Even assuming the parties to the ...agreements somehow intended those documents to benefit Parker, the contracts cannot divest her of any right to fees. "A third party beneficiary might in certain circumstances have the power to sue

> under a contract; it certainly cannot be *bound* to a contract it did not sign or otherwise assent to." *Comer v. Micor, Inc.*, 436 F.3d 1098, 1102 (9th Cir. 2006) (emphasis in the original) (citations omitted). Thus, whatever rights Parker had to statutory fees ... [are] not affected by ... agreements to which she was not a party, of which she had no notice, and for which she received no consideration.

SM Recommendation, at 13:13-26. *See also* Adopting Order, at 1:25-27 ("the Special Master correctly applied the relevant and controlling legal authority to determine ... that Ms. Parker has standing to seek statutory fees pursuant to FEHA.")

The Settlement Agreements are contracts which, on approval of the Court, gain the preclusive force of judgments. To the extent that FedEx is asserting that the Settlement Plaintiffs and/or FedEx "virtually represented" Ms. Parker in submitting to these judgments, the Supreme Court's decision in *Taylor* resolves the issue in Ms. Parker's favor:

> A party's representation of a nonparty is "adequate" for preclusion purposes only if, at a minimum: (1) the interests of the nonparty and her representative are aligned; and (2) either the party understood herself to be acting in a representative capacity or the [resolution] took care to protect the interests of the nonparty[.] In addition, adequate representation sometimes requires (3) notice of the original suit to the persons alleged to have been represented ...
>
> An expansive doctrine of virtual representation, however, would ... authorize preclusion based on identity of interests and some kind of relationship between parties and nonparties, shorn of the procedural protections prescribed in [the case law] and Rule 23. These protections, grounded in due process, could be circumvented were we to approve a virtual representation doctrine that allowed courts to create *de facto* class actions at will.

2008 WL 2368748, at *13-14 (citations and quotations omitted).

As Ms. Parker has briefed extensively (*see* footnote 1, *infra*), she was not in privity with any party to the Settlement Agreements at the time they were negotiated or signed. Her interests were not aligned with those of any party to the Agreements. Having terminated her as counsel, the Settlement Plaintiffs could not have understood themselves to be acting in a representative capacity toward Ms. Parker. In the same way that the judgments reached in *Taylor* could not bind nonparties thereto, the agreements disposing of the cases brought by the Settlement Plaintiffs cannot be said to bind Ms. Parker.

The holdings of *Savaglio* and *Rheem*, and principles of equity and fairness, compel the opposite conclusion: having determined not to allow Ms. Parker to represent herself or her interests in the settlement negotiations, FedEx and the Settlement Plaintiffs are now estopped from using those negotiations, or the agreements they produced, to interfere with Ms. Parker's valid claims. The conduct of FedEx and the Settlement Plaintiffs in excluding Ms. Parker from the negotiations was so inconsistent with an intent to enforce their rights to argue that Ms. Parker was represented in the negotiations, or that her interests were protected therein, "as to induce a reasonable belief that [they] had relinquished such right." *Savaglio*, 149 Cal.App.4th at 600-601. FedEx has therefore waived any right to argue representation (actual or "virtual") before the Court.

## II. THE PLAIN LANGUAGE OF THE SETTLEMENT AGREEMENTS SIMPLY DOES NOT BIND MS. PARKER. ANY STATEMENTS CONCERNING INDEMNIFICATION THEREIN ARE WHOLLY INEFFECTIVE.

The plain language of the Settlement Agreements filed under seal by FedEx establishes that they were not intended to limit Ms. Parker's claims. In them, the signing parties directly acknowledge the existence of Ms. Parker's claim to attorney's fees and costs. "Settlement plaintiffs have <u>not</u> resolved outstanding liens brought by three (3) Lienholders: Michael Davis and Kay McKenzie Parker, two former attorneys associated with Waukeen Q. McCoy, and Dr. Carlene Young, an expert witness retained on behalf of the Settlement Plaintiffs." Motion for Counterclaim and Interpleader Relief (Docket No. 955), at 2:18-22 (emphasis added). This language recognizes what contract law requires: that following her dismissal as counsel of record, Ms. Parker was not in privity with the Settlement Plaintiffs, and both they and FedEx lack the ability to negotiate away her right to seek reasonable compensation. *See* Section I, *supra*.

FedEx's contrary assertions concerning the parties' intent do nothing to change these facts. FedEx and the Settlement Plaintiffs had ample actual notice of Ms. Parker's desire to protect her own interests, but ignored it. *See* Procedural Background and Relevant Facts, *supra*. More importantly, the language agreed upon by these parties supposedly so intent on

9

PARKER'S REQUEST FOR LEAVE TO FILE AND SUPPLEMENTAL OPPOSITION TO DEFENDANT'S RENEWED MOTION FOR DECLARATORY RELIEF, CASE NO. C 04-0098/0099 SI

[219398-1]

disposing of Ms. Parker's claims makes no reference whatsoever to the rights or claims of terminated counsel or lienholders. Instead, the agreements specifically disclaim any resolution of the outstanding lienholders' claims. *See* Settlement Agreements, filed under seal on 12/7/07 (Docket No. 970), at page 7 of each agreement.

Under California law, no waiver can be inferred from such wholly insufficient language. *See Zambrano v. Oakland Unified School Dist.*, 229 Cal.App.3d 802, 805-806 (1991) (settlement agreements silent as to attorney's fees do not operate as waiver; "California courts have generally been hesitant to find implied waivers of attorney fees"); *Lanyi v. Goldblum*, 177 Cal.App.3d 181, 193 (1986) ("We cannot infer a waiver of the [statutory] fees from mere silence."), *citing Folsom v. Butte County Assn. of Governments*, 32 Cal.3d 668, 680-681 (1982) (statutory fees properly awarded unless expressly or by necessary implication excluded by a stipulating party); *see also Muckleshoot Tribe v. Puget Sound Power & Light*, 875 F.2d 695, 698 (9th Cir.1989) (similar requirement of explicit waiver under federal law).

Nor can FedEx rely on the supposed indemnification clause contained within the agreements. *See, e.g.*, 1/08 Reply, at 3:1-3 ("The Settlement Plaintiffs warranted that they had authority to enter the Settlement Agreements ... and [they] are subject to legal action (including an action for indemnification) if their warrant was unreliable."). This provision—contained in Paragraph 21 of each Agreement—applies, by its terms, solely to any matters that can be lawfully waived by each Settlement Plaintiff. It is no more constructed to bind Ms. Parker and her independent, pre-existing claim than any other provision of the Settlement Agreements, and no less subject to each Agreement's explicit acknowledgement that Ms. Parker's lien remains unresolved.

Had the parties genuinely desired to assign liability for any fees and/or costs arising out of Ms. Parker's claims to each Settlement Plaintiff, they could have easily done so, using language similar to the following:

**Liens/Claims of Subrogation**

Plaintiff agrees to defend, indemnify, and hold harmless Defendant FedEx from any and all claims or demands of subrogation or any and all private or public

10
PARKER'S REQUEST FOR LEAVE TO FILE AND SUPPLEMENTAL OPPOSITION TO DEFENDANT'S
RENEWED MOTION FOR DECLARATORY RELIEF, CASE NO. C 04-0098/0099 SI

[219398-1]

compensation, legal or other liens, asserted by any person or entity that has furnished, supplied and/or paid or will furnish, supply and/or pay benefits, anything of value, or any form of compensation to or for Plaintiff for any claimed expense, detriment or damage resulting from acts and/or omissions as alleged in the Complaint.

**Hold Harmless**

Plaintiff agrees to defend, indemnify and hold harmless Defendant FedEx from any and all known claims, demands, causes of action, expenses, losses, liabilities and damage of any kind or character, including attorneys' fees and court costs arising out of or in any way connected with this case or other proceedings brought by or prosecuted by or for the benefit of or on the initiative of Plaintiff based upon the subject matter of this Agreement. It is further agreed that this hold harmless provision shall be deemed breached and a cause of action accrued thereon immediately upon the commencement of any action contrary to this Agreement and in any such action, this Agreement may be pleaded by Defendant FedEx as a defense or asserted by way of cross-complaint, counter claim, or cross claim.

Under such a clause, each Settlement Plaintiff might be held liable for Ms. Parker's claim for statutory attorney's fees and costs, even though she was not in privity with any Settlement Plaintiff. *Cf. Torres v. City of San Diego*, 154 Cal.App.4th 214 (2007) (language of City Resolution, requiring that City "defend, indemnify and hold harmless" Retirement Board members against costs of claims arising from performance of their duties, required City to pay members' third-party attorney's fees); *City of Chino v. Jackson*, 97 Cal.App.4th 377, 384 (2002) (clause requiring indemnification "from and against any and all liability, loss, claims, demands, costs, damages, attorneys fees and expenses of whatever kind or nature which [indemnitee] may sustain or incur" is unambiguous and enforceable without resort to extrinsic information).

The Settlement Plaintiffs could never sign away Ms. Parker's right to assert her valid claims, but they might lawfully assume the obligation to pay her, as a condition of reaching settlement and receiving funds from FedEx. The Agreements contain no such language. They make no mention of liens or lienholders (except to acknowledge Ms. Parker's outstanding

claim), and warrant only that each Settlement Plaintiff will file no additional claims. *See* Docket No. 970 at ¶ 21 of each agreement. The only indemnification enacted by each Agreement is a duty of each Settlement Plaintiff to hold FedEx harmless from payments of costs incurred as a result of any new claims filed by that Plaintiff. *Id.*

FedEx is a sophisticated party, represented by a sizeable cadre of in-house and outside counsel who surely have experience drafting or reviewing valid indemnification clauses. FedEx could have included language such as the above in the Settlement Agreements at issue, had it so desired. Since it did not do so, FedEx's failure to include such language must be construed as an indication that it never actually intended the Settlement Plaintiffs to assume the risk that Ms. Parker would assert her valid claims. *Cf. Olinick v. BMG Entertainment*, 138 Cal.App.4th 1286, 1299-1300 (2006) (sophisticated commercial entities, desiring to contract for a choice-of-law clause applicable to claims not recited therein, could and should "negotiate and obtain the assent of their fellow parties to explicit contract language specifying" the additional claims).

Despite both parties' clear awareness of Ms. Parker's outstanding claims for fees and costs (*see* page 7 of each Agreement), FedEx did not negotiate and obtain consent to indemnification language which specifically assigned responsibility for those fees and costs to anyone. Instead, FedEx opted for language which clearly identifies actions brought by the Settlement Plaintiffs themselves as the only suits triggering indemnification. FedEx is therefore bound by the plain meaning of "Releasing Party," along with all other terms of the signed documents, and cannot rely on any purported understanding that the Settlement Plaintiffs "intended" to assume responsibility for paying Ms. Parker's claims.

//
//
//
//
//
//

### III. MS. PARKER HAS STANDING TO SEEK AN AWARD OF STATUTORY ATTORNEY'S FEES FOR WORK PERFORMED ON BEHALF OF THE SETTLEMENT PLAINTIFFS.

Ms. Parker has briefed and argued the issue of her standing to recover statutory attorney's fees and costs for her work on behalf of all plaintiffs, both the Settlement Plaintiffs and Judgment Plaintiffs Alvarado and Boswell.[1] In response, FedEx continues to rely on a definition of "prevailing party" that includes those who prevail via judgment, but not those who prevail via settlement. This distinction is utterly unsupported by California law on attorney's fees. *See Folsom*, 32 Cal.3d at 685 (1982); *Lyons v. Chinese Hospital Ass'n*, 136 Cal.App.4th 1331, 1345 (2006) ("It is undisputed that relief obtained through a settlement may qualify a plaintiff as the prevailing party, even in the presence of a stipulation disclaiming liability on the merits."), *citing Santisas v. Goodin*, 17 Cal.4th 599, 621-622 (1998); *Planned Parenthood v. Aakhus*, 14 Cal.App.4th 162, 174 (1993); Richard M. Pearl, *California Attorney Fee Awards*, § 2.23 at p. 58 (2d ed., 2005).

In its Renewed Motion, as in its Reply In Support of Declaratory Relief, FedEx attempts to distinguish these cases based on insignificant factual disparities, or on the specific fee-shifting statute at issue. *See, e.g.,* 1/08 Reply, at 5:3-12 (cases cited by Parker on ability of contracts to bind third parties are allegedly deficient for, *inter alia*, discussing bills of lading, mutual mistake, and leases of land, in addition to the contract principles for which they were

---

[1] Ms. Parker hereby incorporates the previously-filed documents demonstrating her standing to recover her reasonable attorney's fees and unreimbursed costs. On the subject of her standing in general, these include the SM Recommendation and Adopting Order, cited *supra*; and the universe of documents catalogued in Ms. Parker's Opposition to Defendant's Motion to Partially Reverse or Reject the Special Master's Order, filed 5/16/08 (Docket No.1133), at 1, n.1.

On the subject of Ms. Parker's standing to recover fees and costs for her work on behalf of the Settlement Plaintiffs, these include Ms. Parker's Conditional Agreement to Defendant's Motion for Counterclaim and Interpleader Relief, filed 11/26/07 (Docket No. 958); Declaration of Kay McKenzie Parker In Support of Conditional Agreement to Defendant's Motion for Counterclaim and Interpleader Relief, filed 11/26/07 (Docket No. 959); Request for Leave to File and Response to Defendant's "Objections" Re: Interpleader Agreement, filed 11/30/07 (Docket No. 965); Request for Leave to File Objections and Objections to Defendant's Motion for Declaratory Relief, filed 12/12/07 (Docket No. 977); and Ms. Parker's Opposition to Defendant's Motion for Declaratory Relief, filed 1/11/08 (Docket No. 999).

cited). *See also* Renewed Mot. at 1, n. 1 (Parker has not "cited to any California state court case holding that a <u>FEHA</u> plaintiff is a 'prevailing party' (and, thus, entitled to statutory fees) absent a Judgment entered in the plaintiff's favor") (emphasis added).

FedEx's piecemeal effort to identify disparate facts in these on-point cases is distracting and unhelpful. Worse, it flatly contradicts the general theory of California fees law, in which "[h]undreds of [state] statutes provide for an award of attorney fees to the prevailing party … Given that most [of these] fee-shifting theories and statutes serve similar purposes … courts generally treat the prevailing party issue the same for all statutes." Pearl, *supra*, at § 2.1, p. 21 (2d ed., 2007 update), *citing Belth v. Garamendi*, 232 Cal. App. 3d 896, 901 (1991); *People v. Roger Hedgecock for Mayor Comm.*, 183 Cal. App. 3d 810 (1986); *Thirteen Comm. v. Weinreb*, 168 Cal. App. 3d 528 (1985).

The Special Master in this case has recently cited this principle, in rejecting the exact "FEHA vs. non-FEHA" distinction urged on the Court by FedEx:

> Section 1021.5 provides that, under certain conditions, a court "may award attorneys' fees to a successful party . . . in any action which has resulted in the enforcement of an important right affecting the public interest[.]" CAL. CODE CIV. P. § 1021.5. California courts have repeatedly held that Civil Procedure Code Section 1021.5 and Government Code Section 12965 [the FEHA fees provision] are analogous and that interpretation of one section is relevant to interpretation of the other. *See Tipton-Whittingham v. City of Los Angeles,* 34 Cal.4th 604, 610 (2004) ("In deciding whether to, and how to, award attorney fees under section 12965, subdivision (b), courts will look to the rules set forth in cases interpreting section 1021.5."); *Lindelli* [*v. Town of San Anselmo*, 139 Cal. App. 4th 1499, 1508 (2006)] ("Code of Civil Procedure section 1021.5 and Government Code section 12965 share similar language and purposes and an interpretation of one carries weight in interpreting the other."); *Flannery* [*v. Prentice*, 26 Cal.4th 572, 582 (2001)] (discussing section 1021.5 in analyzing legislative intent of FEHA fee-shifting provisions).

SM Recommendation, at 7, n. 6.

Contrary to FedEx's allegation, the Special Master did <u>not</u> find that "a party is not a prevailing party, under Government Code Section 12965, absent a jury verdict that withstands an appeal." Renewed Mot., at 1, fn1. To the contrary, the Special Master rejected the "narrow[ed] definition of 'prevailing party' … suggested by plaintiffs and FedEx," in favor of

14

PARKER'S REQUEST FOR LEAVE TO FILE AND SUPPLEMENTAL OPPOSITION TO DEFENDANT'S
RENEWED MOTION FOR DECLARATORY RELIEF, CASE NO. C 04-0098/0099 SI

[219398-1]

the general rule that "the fees belong to the attorneys who labored to earn them" SM Recommendation, at 15:8-11, *citing Flannery*, 26 Cal.4th at 575; *Lindelli*, 139 Cal.App.4th at 1509-10.

As the party who labored to earn fees on behalf of the Settlement Plaintiffs, Ms. Parker is entitled to attorney's fees under FEHA. In determining Ms. Parker's standing in connection with the Plaintiffs who prevailed by settlement on their FEHA claims, the Court must be guided by *Flannery* and *Lindelli*, as well as by the holdings of cases construing "prevailing party" for purposes of other fees-shifting statutes such as Cal. Code of Civil Procedure § 1021.5. Those holdings leave no doubt of Ms. Parker's entitlement to fees following settlements such as those reached with FedEx. "It is undisputed that relief obtained through a settlement may qualify a plaintiff as the prevailing party, even in the presence of a stipulation disclaiming liability on the merits." *Lyons*, 136 Cal.App.4th at 1345 (2006). "[T]he procedural device by which a plaintiff seeks to enforce an important right is not determinative of his or her entitlement to attorney fees[.]" *Graham v. DaimlerChrysler Corp.*, 34 Cal.4th 553, 566 (2004) (reaffirming public policy underlying the catalyst theory, which "provide[s] substantial attorney's fees to successful litigants in such cases"). "The critical fact is the impact of the action, not the manner of its resolution." *Folsom*, 32 Cal.3d at 685 (1982).

## CONCLUSION

Ms. Parker's position is as it has always been: she does not seek to delay or otherwise interfere with the payment of settlement proceeds, but she is entitled to protect her interests. She has standing to seek her reasonable attorney's fees and her unreimbursed costs for her work on behalf of the Settlement Plaintiffs, and her rights are not affected by agreements to which she was not a party, and for which she received no consideration.. She made all reasonable efforts short of litigation to settle her claims with FedEx, and to participate in the negotiations between FedEx and the Settlement Plaintiffs.

Assessing Ms. Parker's fees and costs against FedEx, the non-prevailing party, protects California's fundamental public policy, preserves Ms. Parker's rights, allows for efficient and unimpeded distribution of interpleaded funds to the Settlement Plaintiffs, and recognizes the

explicit language and intent of the Settlement Agreements themselves.

Given ample opportunity and ability to construct an effective waiver or indemnification clause, FedEx did no such thing. Instead, it signed agreements which are silent as to Ms. Parker's rights, except where they explicitly recognize the existence of her outstanding claims.

Since FedEx and the Settlement Plaintiffs barred Ms. Parker from participating in the negotiations, they have waived any right to claim that her interests were <u>actually</u> represented by any participating party. The Supreme Court's recent holding in *Taylor v. Sturgell*, ___ S.Ct. ___, 2008 WL 2368748, makes it even clearer than before that Ms. Parker's interests were not <u>virtually</u> represented. She must now be permitted to present her statutory fee claims as to the Settlement Plaintiffs.

Dated: June 24, 2008

Respectfully submitted,

ROSEN, BIEN & GALVAN, LLP

By: */s/ Kenneth M. Walczak*
    Sanford Jay Rosen
    Holly M. Baldwin
    Kenneth M. Walczak
    Attorneys for Kay McKenzie Parker