IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ALVARADO, *et al.*,<br><br>            Plaintiffs,<br><br>    v.<br><br>FEDEX CORPORATION, *dba* FEDEX EXPRESS,<br><br>            Defendant.<br>_____/ | No. C 04-0098 SI; No. C 04-0099 SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PARKER'S MOTION TO STRIKE OR SEAL DOCUMENTS** |

Kay McKenzie Parker has filed an administrative motion to strike or seal five documents filed by plaintiffs' counsel Mr. Waukeen McCoy in the *Alvarado* and *White* cases. The five documents are Docket Nos. 918, 1262, and 1262-2 in *Alvarado*, C 04-0098, and Docket Nos. 297 and 297-2 in *White*, C 04-0099. Ms. Parker contends that these documents should be stricken because they contain false, misleading and irrelevant allegations against her. All five documents relate in some manner to the fee petitions filed by Ms. Parker and Mr. McCoy. Ms. Parker objects that (1) Mr. McCoy has filed documents from an "unrelated and irrelevant" State Bar proceeding, presented in an incomplete and deceptive manner, (2) Mr. McCoy "stands the truth on its head by presenting Mr. McCoy's frivolous and vexatious motions as 'steps taken . . . to obtain an expeditious resolution'"; and (3) Mr. McCoy proffers false allegations about the quality of Ms. Parker's representation of the plaintiffs and the quality of her work in these cases.[1]

Both FedEx and Mr. McCoy oppose Ms. Parker's motion. FedEx argues that the documents at

---

[1] For example, Ms. Parker objects to Mr. McCoy's statement that Parker's role was to "assist in administrative matters." Docket No. 1262 in C No. 04-0098.

1 issue are relevant to the competing fee petitions, and notes that on numerous occasions Ms. Parker has
2 levied similar attacks against Mr. McCoy. *See*, *e.g.*, Docket Nos. 794, 795 & 863 in 04-0098. Mr.
3 McCoy argues that Ms. Parker has failed to specifically identify the offending material within each
4 document, and further that if the Court strikes or seals any "spurious, irrelevant and inflammatory"
5 material, then the Court should also strike or seal all documents filed by Ms. Parker containing similar
6 accusations against Mr. McCoy.

7 The Court has reviewed the five documents at issue, and finds that in general they do not meet
8 the criteria to be stricken or sealed. Under Civil Local Rule 79-5(a), a sealing order "may issue only
9 upon a request that establishes that the document, or portions thereof, is privileged or protectable as a
10 trade secret or otherwise entitled to protection under the law." The rule emphasizes that the request
11 must be "narrowly tailored." Although Ms. Parker may object to Mr. McCoy's characterizations of her
12 work, both lawyers have repeatedly denigrated each other's work and character in this internecine fee
13 dispute. Indeed, the Court previously *granted* Ms. Parker's motion – over Mr. McCoy's objection – to
14 unseal a number of documents related to defendant's motion for sanctions, and in so doing rejected the
15 contention that "protection against embarrassment" was a sufficient basis for sealing documents. *See*
16 Docket No. 927.

17 The Court will seal the State Bar documents, and portions of the filings that describe those
18 documents, because Ms. Parker asserts that the filings in the record are misleading because they are
19 incomplete. While Ms. Parker may also be correct that the State Bar proceedings are irrelevant, the
20 Court makes no determination at this point on the relevance of the State Bar proceedings. If the Court
21 later determines that the State Bar proceedings are relevant to the fee matters pending before this Court,
22 the Court may unseal the State Bar documents and order that the record in this case be supplemented
23 to present a complete account of those proceedings.

24 Accordingly, the Court GRANTS in part and DENIES in part Ms. Parker's administrative
25 motion to strike or seal documents. (Docket No. 1286). The Clerk shall restrict public access to Docket
26 Nos. 918, 1262-2 in C. No. 04-0098 and Docket Nos. 297 and 297-2 in C. 04-0099. No later than
27 **February 20, 2009**, plaintiffs (Mr. McCoy) shall refile these four documents pursuant to Civil Local
28 Rule 79 with only those portions describing the State Bar proceedings, as well as the State Bar

2

1   documents themselves, under seal.[2]

3   **IT IS SO ORDERED.**

5   Dated: February 10, 2009

SUSAN ILLSTON
United States District Judge

**United States District Court**
For the Northern District of California

---

28  [2] For example, in Docket No. 1262-2 (C. No. 04-0098), only paragraph 11 should be under seal, and in Docket No. 297 (C. No. 04-0099), only footnote 1 should be under seal.