United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ALVARADO, *et al.*, | No. C 04-0098 SI; No. C 04-0099 SI |
| Plaintiffs, | **ORDER TO SHOW CAUSE WHY MR. McCOY'S OBJECTIONS TO SPECIAL MASTER'S NOTICES OF NON-PAYMENT SHOULD NOT BE DENIED** |
| v. | |
| FEDEX CORPORATION, dba FEDEX EXPRESS, | |
| Defendant. | |

The Special Master has filed several notices of non-payment (Docket Nos. 1181 & 1349), to which Mr. McCoy has objected. The vast majority of the Special Master's unpaid bills relate to the litigation of defendant's motion for sanctions against Mr. McCoy. The Special Master allocated and assessed to Mr. McCoy the payment of all of the Special Master's fees related to the drafting of the Recommendation and Order on sanctions. In an objection filed July 15, 2008, Mr. McCoy asserted that until the Court ruled on his objection to the Special Master's Recommendation and Order, it was premature to rule on the allocation of the Special Master's fees. By order filed March 19, 2009, the Court denied Mr. McCoy's objection to the Special Master's sanctions recommendation, and as such, it is now appropriate to require Mr. McCoy to pay the outstanding balance of the Special Master's bills.

Mr. McCoy raises several other objections. First, Mr. McCoy contends that the Special Master's allocation is unfair. Second, Mr. McCoy contends that his former clients, Mr. Alvarado and Ms. Boswell, should be responsible for the Special Master's fees, and that he is not liable for those bills because he is not a "party" to this litigation.

The Court finds Mr. McCoy's objections lack merit, and hereby provides Mr. McCoy notice that

the Court intends to impose liability on Mr. McCoy personally for the Special Master's bills related to the sanctions matter pursuant to 28 U.S.C. § 1927. That statute provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *See also B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002). Defendant's motion for sanctions was directed at Mr. McCoy based on his bad faith and misconduct in filing and prosecuting his statutory fee petitions; the sanctions motion did not involve any allegations of misconduct on behalf of any of the plaintiffs. For all of the reasons set forth in the Court's March 19, 2009 order, the Court finds that Mr. McCoy has, in bad faith, unreasonably and vexatiously multiplied the sanctions proceedings before the Special Master, and therefore that it is fair and reasonable to require Mr. McCoy to pay the Special Master's fees.

The Court will provide Mr. McCoy the opportunity to respond to this order and argue why he should not be required to pay the Special Master's outstanding fees. If Mr. McCoy wishes to file a response, he must do so no later than **March 30, 2009**. Also by March 30, 2009, defendant and plaintiffs Alvarado and Boswell may, but are not required to, file briefs stating their views as to the proper allocation of the Special Master's fees. After receipt of these filings, the Court will take the matter under submission and issue a ruling.[1]

**IT IS SO ORDERED.**

Dated: March 20, 2009

SUSAN ILLSTON
United States District Judge

---

[1] To the extent the March 19, 2009 order required Mr. McCoy to pay the Special Master's outstanding bills by March 29, 2009, this order modifies the March 19, 2009 order.

2