IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ALVARADO, *et al.*, | No. C 04-0098 SI; No. C 04-0099 SI |
|     Plaintiffs, | **ORDER RE: APRIL 23, 2009 HEARING ON INTERPLED FUNDS** |
|   v. | |
| FEDEX CORPORATION, dba FEDEX EXPRESS, | |
|     Defendant. | |

     An evidentiary hearing is scheduled for April 23, 2009 regarding the interpled settlement funds. The purpose of the hearing is to resolve all issues related to the interpled funds. By order filed February 25, 2009, the Court denied Mr. McCoy's motion to immediately disburse the interpled funds to the settlement plaintiffs, and directed all lienholders/parties with an interest in the funds to file a claim by March 13, 2009. Mr. McCoy, who presumably claims an interest in the funds for payment of attorneys' fees, has not filed a claim. Instead, Mr. McCoy filed a notice of appeal of the February 25, 2009 order, and has filed a "response" asserting that the appeal divests this Court of jurisdiction. Mr. McCoy also requests that this Court stay all proceedings related to the interpled funds until the Ninth Circuit resolves the appeal.[1]

     The Court finds that Mr. McCoy's appeal does not divest this Court of jurisdiction, and DENIES Mr. McCoy's request for a stay. (Docket No. 1374). As the docket reflects, these matters have been pending for a long time, and the Court is eager to disburse the interpled funds and, in particular, to

---

[1] Mr. McCoy's response asserts that "all matters related to the payment of post-settlement attorney's fees to Waukeen McCoy must be stayed pending appeal."

release any monies that might be due to the settlement plaintiffs.[2] In the absence of a claim by Mr. McCoy, it will be difficult for the Court to determine Mr. McCoy's entitlement to any of the interpled funds. Accordingly, notwithstanding Mr. McCoy's position that this Court does not have jurisdiction over these matters, the Court directs as follows: if Mr. McCoy wishes to file a claim for payment of attorney's fees[3] related to the settlement plaintiffs, he shall file a claim and any supporting documentation no later than **April 21, 2009**.

In addition, if any person wishes to present evidence or testify at the April 23, 2009 hearing (including any settlement plaintiff), they shall so inform the Court's clerk, Tracy Sutton, no later than **April 21, 2009**, at 415.522.2028. The Clerk shall serve a copy of this order to all counsel, lienholders, and each of the settlement plaintiffs.

**IT IS SO ORDERED.**

Dated: April 17, 2009

SUSAN ILLSTON
United States District Judge

---

[2] As noted in the February 25, 2009 order, although Mr. McCoy filed the motion to immediately release the interpled funds on behalf of the settlement plaintiffs, there have been indications that the settlement plaintiffs actually wish to proceed with the interpleader process and the April 23, 2009 hearing.

[3] The settlement agreements state that Mr. McCoy has waived his claims for costs, and thus presumably Mr. McCoy does not and will not seek costs from the interpled funds.

2