JONATHAN R. BASS (State Bar No. 075779)
SUSAN K. JAMISON (State Bar No. 131867)
MARIO A. MOYA (State Bar No. 262059)
COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, California 94111-4213
Telephone: 415.391.4800
Facsimile: 415.989.1663
Email: ef-jrb@cpdb.com
Email: ef-skj@cpdb.com
Email: ef-mam@cpdb.com

Attorneys for WAUKEEN Q. McCOY
in Interpleader Proceeding

**DENIED**
*Susan Illston*
Judge Susan Illston

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ALVARADO, et. al., <br><br> Plaintiffs, <br><br> v. <br><br> FEDEX CORPORATION d/b/a FEDEX EXPRESS, <br><br> Defendant. | Case No. C 04-0098-SI; No. 04-0099-SI <br><br> **EX PARTE APPLICATION TO CONTINUE APRIL 23, 2009 HEARING ON INTERPLED FUNDS** <br><br> Hearing Date: April 23, 2009 <br> Time: 9:00 a.m. <br> Courtroom: 10, 19th Floor <br> Judge: Honorable Susan Illston |

## INTRODUCTION

Waukeen Q. McCoy hereby moves, *ex parte*,[1] for an order continuing the April 23, 2009 hearing on interpleaded funds to a date convenient to the Court during the week of April 27 or after May 19, 2009. This brief continuance will provide Mr. McCoy's counsel, who has just been retained, sufficient time to familiarize himself with the matter, and will allow Mr. McCoy, who has been ordered to attend a pretrial conference in Los Angeles on April 23, to attend the hearing

---

[1] This motion is made pursuant to Civil Local Rule 7-11.

13676.001.1116797v2     1     C 04-0098-SI; No. 04-0099-SI
EX PARTE APPLICATION TO CONTINUE APRIL 23, 2009 HEARING ON INTERPLED FUNDS

and give testimony. Yesterday, we asked the parties to stipulate to this brief continuance. Two of them have declined to do so.

## ARGUMENT

I.   THERE IS GOOD CAUSE TO CONTINUE THE HEARING.

Mr. McCoy's counsel was first approached concerning this matter on Friday, April 17, and actually engaged yesterday, April 20. He would benefit from a reasonable opportunity to prepare for the hearing. Continuing the hearing to the week of April 27 would provide that opportunity. (Declaration of Jonathan R. Bass, ¶¶ 2-3; Declaration of Waukeen Q. McCoy, ¶ 2.)

Mr. McCoy will be unable to attend the April 23 hearing because he has been ordered to attend a pretrial conference in Los Angeles Superior Court, and his request to continue that hearing, to have an associate attend in his place, or to appear telephonically, have all been denied by that Court. (McCoy Decl., ¶ 3.). The two-week trial in that case is set for on May 4, 2009. (*Id.*, ¶ 3.)

In light of the fact that Mr. McCoy has just retained counsel, and given his inability to attend the April 23 hearing, good cause exists to grant a brief continuance.

In an effort to resolve this scheduling matter by way of stipulation, we wrote to counsel for the parties yesterday. (Bass Decl, Exh. A.) We received two rejections, one from counsel for Kay McKenzie Parker, and the other from counsel for FedEx Corporation. (*Id.*, Exhs. B and C.)

All that we are asking for is a continuance of a few days, to a date (if one is available) next week. This is hardly the sort of schedule change that would afford Mr. McCoy any tactical advantage vis a vis the other parties. The plain fact is that Mr. McCoy only recently came to realize that he should not be handling this matter by way of self-representation, and so he engaged counsel – the firm that is already representing him on the Ninth Circuit appeal of the Court's ruling in the *Satchell v. FedEx Corporation* action. In the course of reviewing the matter, counsel learned that Mr. McCoy had a pretrial conference in another case in Los Angeles on April 23, but it was believed that the judge in that case would accommodate this hearing – by continuing that conference, by allowing Mr. McCoy's associate to appear, or by allowing a telephonic appearance. But the judge denied all of those requests yesterday. (McCoy Decl., ¶ 3.) It was at that point that

we decided to ask counsel whether they would stipulate to a brief continuance of this hearing, and to make an *ex parte* application if they refused. (Bass Decl., ¶ 3.)

Mr. McCoy had nothing to gain, tactically or otherwise, by waiting until a few days before the hearing to retain counsel, and he had nothing to gain from being summoned to a pretrial conference in Los Angeles on the same day that this hearing is set. It probably would have been wiser to have retained counsel earlier, and to have attempted to solve the scheduling conflict earlier as well. But, given the relatively modest relief we are seeking, we do not believe that either lapse on his part should dictate the outcome.

## CONCLUSION

For the foregoing reasons, Mr. McCoy requests that the evidentiary hearing that is currently scheduled in this case be continued to a date during the week of April 27, or after May 19, 2009.

DATED: April 21, 2009          COBLENTZ, PATCH, DUFFY & BASS LLP


By: _____/S/_____
    JONATHAN R. BASS
    Attorneys for
    WAUKEEN Q. McCOY