IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ALVARADO, *et al.*, | No. C 04-0098 SI, 04-0099 SI |
| Plaintiffs, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO REJECT OR PARTIALLY REVERSE THE SPECIAL MASTER'S 7/2/09 ORDER** |
| FEDEX CORPORATION, dba FEDEX EXPRESS, | |
| Defendant. | |

On September 11, 2009, the Court held a hearing on defendant's motion to reject or partially reverse the Special Master's July 2, 2009 Order on Defendant's Second Motion to Compel. For the reasons set forth below, the Court GRANTS in part and DENIES in part defendant's motion.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 53 governs the use of court-appointed special masters. Pursuant to Rule 53(g), the Court reviews a special master's findings of fact for "clear error." However, the clearly erroneous standard applies only to purely factual findings. The court reviews de novo a special master's conclusions of law, *Burlington N. R.R. Co. v. Dep't of Revenue*, 934 F.2d 1064, 1072 (9th Cir. 1991), and resolution of mixed questions of law and fact, *Swoboda v. Pala Mining, Inc.*, 844 F.2d 654, 656 (9th Cir. 1988). In addition, the Court "may set aside a master's ruling on a procedural matter only for an abuse of discretion." Fed. R. Civ. P. 53(g)(5). A party may file objections to a special master's decision within 20 days from the time the master's decision is served. *Id.* at 53(g)(2).

**DISCUSSION**

Now before the Court is defendant's motion to reject or partially reverse the Special Master's July 2, 2009 Order on Defendant's Second Motion to Compel. That order denied defendant's requests that Kay McKenzie Parker be ordered to produce (1) her underlying, contemporaneous billing records in *Satchell v. FedEx*, C 03-2659 SI; (2) time records for any other case she performed legal work on for the time period beginning June 3, 2003 through September 30, 2006; and (3) a complete and unredacted set of time records to the Special Master for *in camera* review. Defendant challenges each of these rulings as erroneous. Defendant contends that it needs Parker's billing records from *Satchell* and other cases in order to demonstrate that Parker's billing records in this case are inflated, erroneous, and not actually contemporaneous. With regard to the request for *in camera* review, defendant asserts that because it found one instance in which Parker improperly redacted information, the Special Master should review all of the redactions to determine whether there were additional improper redactions.

With regard to the *Satchell* fee records, the Special Master found that FedEx already had the information it asserted that it needed:

> FedEx seeks the records for all of Parker's work on the *Satchell* matter. FedEx argues that it should be entitled to add the hours spent on *Alvarado* on any given day to the hours spent on *Satchell* for the same day to determine whether the total number of hours billed on that day was unreasonable. However, FedEx already has the information necessary to complete this task – counsel for Parker represents that FedEx has received all 25[1] pages containing records for days on which Parker billed both *Satchell* and *Alvarado* time. In other words, if there exist additional records reflecting Parker's billing in *Satchell* that FedEx has not yet received, those records would not contain *Alvarado* entries. Therefore, those records would not shed any light on whether Parker billed an excessive amount of hours on those days she worked on *Alvarado*.

July 2, 2009 Order at 7:27-8:7. In the briefing before this Court, defendant asserted that the Special Master was incorrect when he stated that Parker has already produced all time records showing time recorded in both *Satchell* and *Alvarado*. In order to clarify this factual question, the Court directed Parker's counsel to file a statement on the question prior to the hearing; unfortunately, that statement did not illuminate matters. However, at the hearing on this motion, Parker's counsel confirmed the following: (1) there are, in fact, handwritten billing sheets that may include both *Satchell* and *Alvarado*

---

[1] The record is unclear as to the exact number of pages of *Satchell* billing records produced, but that issue is not relevant to the present motion.

2

time located in storage, and Parker has not retrieved those records and they have not been produced, and (2) the Special Master was not informed of the existence of these billing records. Parker's counsel contended at the hearing that there was no need to produce these records because FedEx has ample material with which to challenge Parker's fee petition. While it is true that Parker has produced a significant amount of documentation, in light of the unusual nature of the fee litigation in this case, the Court finds it appropriate that Parker should be required to produce these additional materials. At the hearing, Parker's counsel also bemoaned the length of these proceedings, and asserted that "enough is enough." The Court is also eager to conclude this protracted fee litigation, which has threatened to dwarf the already considerable litigation on the merits. However, the Court believes that Parker should be able to retrieve and produce the billing records in an expeditious manner, and that this additional discovery will not delay proceedings in any meaningful manner. Accordingly, the Court GRANTS defendant's motion and ORDERS Parker to produce, no later than **October 2, 2009**, all of her handwritten billing sheets, and any other "billing records,"[2] for days on which she recorded time in both *Satchell* and Alvarado.[3]

FedEx also seeks all of Parker's time records related to every case Parker worked on from June 3, 2003 through September 30, 2006. The Special Master stated,

> FedEx's reasoning is that it needs to determine whether the hours Parker claims she worked on *Alvarado* and *Boswell* are reasonable given the extent of other demands on Parker's time. Of course, this rationale would justify FedEx's seeking discovery on every aspect of Parker's personal and professional life. FedEx cites no authority or precedent for such a sweeping and intrusive request. The special master finds that, notwithstanding the long hours that FedEx has identified Parker billing on several days, FedEx has not met its burden to justify production of the material. That is not to say that such records might not be of some marginal benefit to FedEx; certainly, if FedEx were able to reconstruct every hour of Parker's days during the time she worked on *Alvarado*, FedEx might be able to undermine more effectively some of the hours that Parker is claiming here. But that sort of discovery is not appropriate in fee litigation. The special master finds that, "[w]eigh[ing] the need for the information against the cost and delay that would attend discovery," and considering "the completeness of the material

---

[2] It appears that at least some of the confusion over what materials have been produced has been over the parties' usage of the term "billing records" as opposed to handwritten time sheets. This order directs Parker to produce *all* records, handwritten or not, that have not already been produced to FedEx, that reflect time recorded in both *Satchell* and *Alvarado*.

[3] The Court is of the view that these records should already have been produced, or at the very least retrieved and reviewed. The Court will be reluctant to grant any request for an extension of the October 2, 2009 deadline.

3

submitted in support of the fee motion," including the unredacted *Satchell* records that FedEx has copies of, FedEx has not met its burden to justify the discovery it seeks. *See* Advisory Committee Notes, FED. R. CIV. P. 23(h)(2).

July 2, 2009 Order at 8:8-24.

Contrary to FedEx's assertions, the Special Master did not "incorrectly assume that defendant sought discovery on every aspect of Parker's personal and professional life." Instead, the Special Master properly found that the discovery at issue – Parker's billing records in *every other case* that Parker worked on over a three year period – was not justified given the materials already produced, and the additional delay and expense that would be incurred if such discovery was ordered. *See Lobatz v. U.S. West Cellular of California, Inc.*, 222 F.3d 1142, 1148 (9th Cir. 2002) (holding district court did not abuse discretion in denying request for disclosure of class counsel's contemporaneous billing records where movant "failed to show any legitimate need for the records"). Here, FedEx already has Parker's contemporaneous billing records in this case, and will soon have all of the *Satchell* records, and defendant does not need Parker's billing records from other cases to make the argument that Parker's time entries are inflated or incorrect.[4]

Finally, defendant contends that the Special Master should conduct an *in camera* review of Parker's redactions of her billing records "to ensure that Parker's redactions are proper and not being used to hide improper billing." Motion at 12:2-3. In denying this request, the Special Master stated,

> FedEx has identified one instance in which it believes Parker improperly redacted information on her records. The record in question reads "Service of Process – we'll need to talk later," and Parker redacted the phrase "we'll need to talk later." FedEx claims that this single instance calls all of Parker's redactions into question and asks that the special master order her to produce a complete set of unredacted time records for *in camera* review.
>
> FedEx's identification of a single redaction it claims is problematic does not justify this request. The special master notes that he previously denied FedEx's motion for a privilege log of Parker's redactions, and FedEx did not seek reconsideration of that order or appeal it to the District Court. Nor in filing this motion did FedEx seek a privilege

---

[4] The Court agrees with the Special Master that FedEx's discovery motion is not a motion to determine whether any of the problems that FedEx has identified with Parker's submissions warrant a reduction in Parker's fee request; those questions will be resolved when the Special Master, and ultimately the Court, rule on the merits of the fee petitions. The problems identified by FedEx include, *inter alia*, the fact that Parker's amended fee petitions have grown exponentially over the amount Parker originally sought, as well as discrepancies between different sets of billing records for February 2004 and unreasonably long billing days when Parker claims she billed between 16 and 24 hours on various days.

4

> log, although it did make the request as part of its opposition to Parker's motion for sanctions. FedEx's showing on this point does not warrant the special master's review of all of Parker's redactions, and FedEx's belated second request for [a] privilege log was not properly presented.

July 2, 2009 Order at 8:26-9:9. The Court finds no error in the Special Master's ruling on this point. FedEx has not demonstrated a basis for *in camera* review of the redactions, and as noted by the Special Master, failed to seek reconsideration or review of the Special Master's order denying a privilege log.

## CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part defendant's motion to reject or partially reverse the Special Master's July 2, 2009 order. (Docket No. 1461). Parker shall produce the additional billing records no later than **October 2, 2009**. Parker and FedEx are directed to confer with the Special Master regarding a schedule to resolve the pending fee petitions.

**IT IS SO ORDERED.**

Dated: September 11, 2009

SUSAN ILLSTON
United States District Judge