IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ALVARADO, *et al.*, <br><br> Plaintiffs, <br> v. <br><br> FEDEX CORPORATION, <br><br> Defendant. | No. C 04-0098 SI; C 04-0099 SI <br><br> **ORDER TO DISBURSE RESERVED FUNDS** |

In an order filed December 18, 2009, the Court resolved various competing claims to the interpled funds, including competing claims for attorneys' fees by Mr. McCoy and Ms. Parker. The Court determined how much of the interpled funds was owed to the seven "settlement plaintiffs" and ordered the disbursement of that money to the settlement plaintiffs. As a result of the December 18, 2009 order, the seven settlement plaintiffs have received all of the settlement funds to which they are entitled.

With respect to attorneys' fees, the Court determined how much of the interpled funds was due to Mr. McCoy as his attorneys' fees. The Court then made numerous deductions from Mr. McCoy's portion for a variety of reasons set forth in the order, and reserved $24,000 of Mr. McCoy's portion pending an accounting by the Special Master for unpaid bills. On January 4, 2010, the Special Master filed a statement stating that his office incurred $20,225.72 in fees and expenses in connection with the motion for sanctions filed by FedEx Corporation against Mr. McCoy. Further, the Special Master states that an additional $3,578.55 remains outstanding and unpaid on invoices sent to Mr. McCoy's office beginning in July 2008, and that the total due from Mr. McCoy is $23,804.27.

Mr. McCoy has filed an objection to the Special Master's statement, asserting that it is improper to pay the Special Master from the reserved funds because those "settlement funds" are derived from

the seven plaintiffs' settlements, whereas the Special Master's invoices are for work related to the three plaintiffs who went to trial (Boswell, Alvarado and Evans). Mr. McCoy has also filed several declarations and a letter, all raising that same point. In addition, plaintiff Rivera, one of the settlement plaintiffs, has filed a declaration objecting to paying the Special Master from the reserved funds.

The Court finds that the objections asserted by Mr. McCoy and Mr. Rivera lack merit, and that it is appropriate to pay the Special Master from the reserved funds. Contrary to Mr. McCoy's assertions, the reserved funds are not the settlement plaintiffs' settlement monies. The Court has already disbursed all the money due to the settlement plaintiffs. The money that remains in the Court's registry is Mr. McCoy's attorneys' fees.

Accordingly, the Clerk shall disburse $23,804.27 to Special Master Edward Swanson, and $195.73 to Waukeen McCoy.

**IT IS SO ORDERED.**

Dated: April 6, 2010

SUSAN ILLSTON
United States District Judge