IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ALVARADO, *et al.*, | No. C 04-0098 SI; C 04-0099 SI |
|         Plaintiffs, | **ORDER REMANDING BILLING MATTER TO SPECIAL MASTER** |
|   v. | |
| FEDEX CORPORATION, | |
|         Defendant. | |

      This order addresses the $23,804.27 that has been reserved in the Court's registry for payment to the Special Master. In the Special Master's May 22, 2008 Recommendation and Order Re: Sanctions Motions, the Special Master made recommendations to the Court regarding FedEx's motion for sanctions against Mr. McCoy, and also allocated and assessed to Mr. McCoy all of the Special Master's fees related to the drafting of the Recommendation and Order. The Special Master explicitly stated that the fee assessment was not a sanction, and instead "is simply the allocation of fees based on the special master's determination that McCoy caused these fees to be incurred." Recommendation and Order at 37:27-38:1. The Special Master also noted that he had the discretion to do so pursuant to the Order appointing him as Special Master. *Id*. at 37:24-25; *see also* Docket No. 292 at 4:3.

      In an order filed March 19, 2009, this Court adopted and modified the Special Master's recommendation regarding sanctions and imposed monetary sanctions of $25,000 on Mr. McCoy. As a separate matter, and after receiving briefing and objections from Mr. McCoy, the Court issued several orders denying Mr. McCoy's objections to the Special Master's fee assessment. After receiving an accounting from the Special Master regarding the amount due, the Court filed an order on April 6, 2010, directing that $23,804.27 of money otherwise due to Mr. McCoy out of the interpled funds be disbursed

to the Special Master. Mr. McCoy filed a petition for writ of mandamus challenging the April 6, 2010 order, and on June 14, 2010, the Ninth Circuit denied Mr. McCoy's petition. Docket No. 1552.

In a separate decision filed on June 16, 2010, the Ninth Circuit reversed this Court's March 19, 2009 order imposing monetary sanctions. By order filed on July 29, 2010, the Court ordered the Clerk to release to Mr. McCoy all of the funds ($25,000.00 plus interest) that had been reserved in the Court's registry for payment of the monetary sanctions.

It has now come to the Court's attention that, in light of the Ninth Circuit's reversal of this Court's March 19, 2009 sanctions order, Mr. McCoy has taken the position that the $23,804.27 reserved for the Special Master's fees should be released to him, and not the Special Master.

The Court finds it appropriate to remand this question to the Special Master. Specifically, the Court requests that the Special Master consider whether the Ninth Circuit's June 16, 2010 decision alters his previous discretionary decision to assess $23,804.27 of his fees to Mr. McCoy, and if so, how the fees should be allocated. After the Special Master issues a statement on this issue, the parties may file responses within 5 days of the Special Master's statement. The Court will then issue an order on the matter.

**IT IS SO ORDERED.**

Dated: July 30, 2010

SUSAN ILLSTON
United States District Judge