IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERNELL EVANS, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>FEDERAL EXPRESS CORPORATION,<br><br>　　　　Defendant.　　　　　　　　／ | No. C 04-0098 SI<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND TIME TO FILE NOTICE OF APPEAL** |

Plaintiff's motion to extend the time to file a notice of appeal is scheduled for a hearing on September 17, 2010. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court GRANTS the motion.

**DISCUSSION**

In an order filed on March 18, 2008, the Court granted defendant's motion for judgment as a matter of law and set aside a jury verdict in favor of plaintiff. Plaintiff's notice of appeal was due on April 17, 2008. On April 30, 2008, plaintiff filed a motion to extend the time to file a notice of appeal due to the excusable neglect of counsel, asserting that counsel had miscalendared the deadline to appeal under the California rules rather than the federal rules. In orders filed June 5, 2008 and June 26, 2008, the Court denied that motion, finding that plaintiff had not established excusable neglect because plaintiff's counsel had engaged in bad faith by filing a declaration that the Court determined was intentionally misleading.

Plaintiff appealed, and the Ninth Circuit vacated and remanded for reconsideration in light of *Lemoge v. United States*, 587 F.3d 1188 (9th Cir. 2009). In *Lemoge*, the court held that a district court making an excusable neglect determination abused its discretion when it failed, *inter alia*, to explicitly consider each of the four factors set forth in *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993), as well as the prejudice the moving party would suffer if its motion was denied. *Lemoge*, 587 F.3d at 1192, 1194-96. The "*Pioneer*" factors are (1) the danger of prejudice to the nonmoving party, (2) the length of delay, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith. *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (en banc) (citing *Pioneer*, 507 U.S. at 395).

The Court finds that on balance the *Pioneer* factors, together with the prejudice to plaintiff if the motion for an extension was denied, requires that the motion be granted. The first three *Pioneer* factors weigh in favor of plaintiff, as there is no danger of prejudice to defendant because the appeal will be decided upon a complete record, the length of delay in filing the motion – 13 days – was minimal, and the reason for the delay was carelessness. With regard to the fourth factor, if an assessment of good faith is confined to the reason for the delay, that factor also weighs in favor of plaintiff. However, if the good faith analysis includes consideration of the explanation provided for the delay, for all of the reasons set forth in the Court's prior orders, the Court finds that counsel acted in bad faith and this factor weighs in favor of denying the motion.[1] Finally, the prejudice to plaintiff if the motion is denied would be great, as he will have lost the opportunity to challenge this Court's post-trial order, which reversed a jury verdict in his favor. The Court agrees with plaintiff that this prejudice is not mitigated by the possibility that plaintiff could bring a malpractice action against counsel.

///

---

[1] As the parties have noted in their briefs on remand, at oral argument the Ninth Circuit panel noted that the case law does not specifically address the scope of the bad faith analysis.

**CONCLUSION**

Accordingly, the Court GRANTS plaintiff's motion for an extension of time to file a notice of appeal. (Docket No. 1584). **Plaintiff may file his notice of appeal up to and including September 30, 2010.**

**IT IS SO ORDERED.**

Dated: September 14, 2010

SUSAN ILLSTON
United States District Judge