IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ALVARADO, *et al.*, | No. C 04-0098 SI, No. C 04-0099 SI |
| Plaintiffs, | **ORDER RE: DEFENDANT'S MOTION FOR COUNTERCLAIM AND INTERPLEADER RELIEF RE: EDWARD ALVARADO** |
| v. | |
| FEDERAL EXPRESS CORPORATION, | |
| Defendant. / | |

Defendant has filed a motion for counterclaim and interpleader relief. Defendant seeks to interplead Mr. Alvarado's jury award, plus interest, in order to protect itself against duplicative claims for attorneys' fees and/or costs arising out of the jury award monies. Plaintiff and lienholders/claimants Mr. McCoy and Ms. Parker have filed responses to the motion, and the parties and claimants agree that an interpleader action is appropriate and that some portion of the jury award should be immediately disbursed to Mr. Alvarado. Defendant has deposited with the Clerk of the Court the underlying jury award of $300,000 and $56,492.05 in interest, for a total amount of $356,492.05.

There are two disputes presented by defendant's motion. The first relates to percentage of the funds that should retained while the attorneys' fees and costs issues are adjudicated. Plaintiff, defendant, and Ms. Parker assert that the Court should retain 40% of the funds, while Mr. McCoy asserts that 50% of the funds should be retained. In light of Mr. McCoy's claim for a 40% contingency fee as well as costs, the Court finds it appropriate to retain 50% of the jury award, and immediately disburse the remaining 50%, or $178, 246.03, to Mr. Alvarado.

The second dispute concerns whether the reserved funds should be retained in the Court's registry or deposited directly into Mr. McCoy's client trust account. Counsel for Mr. McCoy asserts that the funds should be deposited directly into Mr. McCoy's client trust account because he is the only

claimant with a legitimate claim for attorneys' fees. However, Ms. Parker's motion for statutory attorneys' fees with regard to Mr. Alvarado's case is pending, and Ms. Parker has filed a motion seeking a determination that in the event her statutory motion is denied, she would have a right to seek fees from Mr. Alvarado under a *quantum meruit* theory. Moreover, the question of whether Mr. McCoy will be permitted to file a motion for statutory fees for his work on Mr. Alvarado's case is also currently unresolved; in other contexts, plaintiff Alvarado has taken the position that if Mr. McCoy is awarded a statutory fee, Mr. McCoy is not also entitled to a contingent fee. In light of the complexity of the issues surrounding the attorneys' fees issues, the Court finds it prudent for the disputed funds to remain in the Court's registry while the attorneys' fees matters are adjudicated.

Accordingly, the Court GRANTS defendant's motion for counterclaim and interpleader relief. The Court directs the Clerk to immediately distribute $178,246.03 to plaintiff Edward Alvarado, which represents 50% of the interpled amount. The remaining 50% of the interpled funds shall remain deposited with the Clerk of the Court. The Court directs counsel to meet and confer regarding a proposed schedule for resolving the competing claims to the interpled funds.[1] The parties and claimants shall file, no later than **November 5, 2010**, a joint status statement setting forth a proposed schedule, as well as the parties' positions on whether the resolution of the competing claims to the interpled funds is dependent upon the Court's resolution of the issues surrounding Mr. McCoy's and Ms. Parker's statutory fee petitions.

Within 30 days of the filing date of this Order, defendant is directed to deposit with the Clerk of the Court an additional $1,439.96, which represents costs awarded to Mr. Alvarado in the Ninth Circuit appeal. Upon defendant's deposit of this amount with the Clerk, the Clerk shall immediately distribute this amount to plaintiff Edward Alvarado.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion for counterclaim and interpleader relief. (Docket No. 1586). Defendant has paid the judgment in full, and the Court hereby

---

[1] Although defendant does not have a claim to the interpled funds, in light of the issues related to the statutory fee petitions, defendant may also wish to participate in the meet and confer.

1  DISMISSES with prejudice all claims asserted by plaintiff Alvarado against defendant.

3  **IT IS SO ORDERED.**

5  Dated: October 12, 2010

   SUSAN ILLSTON
   United States District Judge