IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ALVARADO, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>WAUKEEN McCOY, *et al.*,<br><br>　　　　Defendants. | No. C 09-485 SI<br>Related Case Nos. C 04-0098 SI and<br>C 04-0099 SI<br><br>**ORDER CLARIFYING THE COURT'S 9/27/10 ORDER RESOLVING DECLARATORY RELIEF MOTIONS** |

Defendant Kay McKenzie Parker filed a motion for clarification of the Court's September 27, 2010 Order Resolving Declaratory Relief Motions. The motion is scheduled for a hearing on December 16, 2010. No party has filed an opposition to the motion. Pursuant to Civil Local Rule 7-1(b), the Court finds that this matter is appropriate for resolution without oral argument, and VACATES the hearing.

Defendant Parker seeks clarification of her rights to seek *quantum meruit* recovery for her work on behalf of plaintiffs Edward Alvarado, Charlotte Boswell, and/or Pernell Evans in the event that this Court or any court of final jurisdiction orders that Parker shall receive no statutory attorneys' fees for her work for those clients. The Court's September 27, 2010 order stated,

> Defendant Parker seeks a declaration that in addition to her right to seek statutory fees from FedEx, she has a right to seek fees from plaintiffs under *quantum meruit* in the event she does not receive a "fully compensatory" statutory fee. Parker relies on *Fracasse v. Brent*, 6 Cal.3d 784 (1972), and *Mardirossian & Assoc., Inc. v. Ersoff*, 153 Cal. App. 4th 257 (2007), which both held that discharged attorneys had a right to recover in *quantum meruit* from their former clients. However, if not for *quantum meruit*, the attorneys in *Fracasse* and *Mardirossian* would have received nothing, even though there was an expectation on the part of both the discharged attorneys and the clients that the discharged attorneys would receive compensation for their services. Here, in contrast, Ms. Parker is seeking her statutory fees for all of the work she

performed for plaintiffs.[1] Ms. Parker has provided no authority for the contention that a discharged attorney may recover in *quantum meruit* from her former clients if she is dissatisfied with a statutory fee award.

Order at 11:27-12:9.

Parker's current motion seeks clarification that in the event this Court or a court of final jurisdiction holds that she is entitled to *no* statutory fee, Parker may seek in *quantum meruit* from her former clients. The Court agrees that this is a correct interpretation of the order and GRANTS Parker's request for such a clarification. (Docket No. 65 in C 09-485 SI and Docket No. 1611 in C 04-0098).

**IT IS SO ORDERED.**

Dated: December 14, 2010

SUSAN HILLSTON
United States District Judge

---

[1] Motions related to Parker's statutory fee petitions for Alvarado and Boswell are scheduled in C 04-0098 SI on January 21, 2011.