IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ALVARADO, *et al.*, | No. C 04-0098 SI, No. C 04-0099 SI, C 09-485 SI |
| Plaintiffs, | **ORDER RE: VARIOUS MOTIONS** |
| v. | |
| FEDERAL EXPRESS CORPORATION, | |
| Defendant. | |

On February 4, 2011, the Court held a hearing on numerous motions in these cases. The Court has considered the parties' papers and arguments, and enters the following order.

**I.  McCoy's motion for leave to file an amended fee petition** (Docket No. 1625 in 04-0098)

After consideration of the record in this case, the Court exercises its discretion and GRANTS McCoy leave to file an amended fee petition. The Court expects that McCoy and his counsel will take all steps necessary to ensure that the amended fee petition is accurate and properly documented. The Court is mindful of the issues raised by FedEx in opposition to McCoy's motion for leave. However, the Court finds that denying McCoy leave to file an amended fee petition would both adversely and unfairly affect his former clients, and would result in an inequitable windfall to FedEx. FedEx correctly notes that it has already expended considerable resources with regard to the attorneys' fees issue, and McCoy states that the Court may consider FedEx's expenditures when evaluating the amount of the statutory fee to be awarded McCoy. *See* Docket No. 1641 at 5:17-22.

The Court sets the following schedule for the briefing and hearing on McCoy's fee petition: the petition is due March 4, 2011, the opposition is due March 25, 2011, and the reply is due April 8, 2011. The Court will hold a hearing on the fee petition on April 27, 2011 at 2:00 pm.

**II.  Defendant's motion for sanctions against Kay Parker** (Docket No. #1536 in 04-0098)

The Court has reviewed *de novo* the Special Master's 15 page Report and Recommendation regarding defendant's motion for sanctions against Kay Parker. FedEx requests that the Court deny Parker's amended fee petition in its entirety on the grounds that the documentation supporting her petition is fraudulent and because the hours she has claimed are excessive. The Court agrees with the Special Master's detailed findings that sanctions are not appropriate because there is no evidence that Parker falsified her time records. The Court agrees with the Special Master that while Parker's petition may be inflated in various respects, the inflation does not support imposition of the extreme sanction that FedEx seeks, and can be appropriately addressed by reducing Parker's fee award.

**III.  Parker's amended fee petition and FedEx's objections to the Special Master's Report and Recommendation Re the Same** (Docket Nos. 1217 and 1636 in 04-0098)

Ms. Parker has filed an amended fee petition seeking fees from FedEx for her work on behalf of plaintiffs Charlotte Boswell and Edward Alvarado. On October 12, 2010, the Special Master issued a 51 page Report and Recommendation regarding Parker's amended fee petition, and on December 8, 2010, FedEx filed an objection to that Report and Recommendation. FedEx asserts, *inter alia*, that if McCoy is permitted to file an amended fee petition, the Court should evaluate McCoy's fee petition in conjunction with Parker's fee petition. Parker argues that the Court should not link the two fee petitions, and she is concerned that doing so will unreasonably delay a final decision on her fee petition. The Court agrees with FedEx that it is necessary to assess the two fee petitions together in order to determine a reasonable fee, as both attorneys are seeking to recover for work performed on behalf of the same clients. With regard to further delay, the Court has set an expeditious schedule for the resolution of McCoy's fee petition, and thus does not anticipate that any delay will be lengthy. In order to resolve all matters related to the statutory fee petitions, Parker's counsel shall file a supplemental fee on fee application covering the time spent since August 31, 2008 to the present. The supplemental fee petition will be briefed on the same schedule as McCoy's amended fee petition, and the Court will hold a hearing on Parker's fee petition on April 27, 2011 at 2:00 pm.

**IV.  FedEx's motion for counterclaim and interpleader relief re: Boswell, Mr. McCoy's motions to dismiss the interpleader re: Alvarado** (Docket Nos. 1648, 1651, 1659 in 04-0098)

FedEx seeks to interplead the amount of plaintiff Boswell's compensatory damages award, $550,000, as well as interest on that amount since the date of judgment. FedEx contends that an interpleader is necessary in order to protect FedEx against duplicative claims for attorneys' fees and costs arising out of the jury award. FedEx seeks to interplead the entire amount, while Parker asserts that only 50% should be interpled to account for both fees and costs, and Boswell asserts that only 40% should be interpled. McCoy[1] contends that no amount should be interpled and that the entirety of Boswell's judgment should be paid to his trust account. McCoy has also filed several motions to dismiss the interpleader with regard to plaintiff Alvarado, and contends that those interpled funds should be immediately disbursed to McCoy as contingent fees.

The Court GRANTS FedEx's motion for counterclaim and interpleader relief re: Boswell, and DENIES the motions to dismiss the interpleader filed by McCoy. As the record reflects, the disputes over attorneys' fees and costs have been protracted and complicated, and there are competing claims to the interpled funds: Boswell and Alvarado assert that neither McCoy nor Parker is entitled to contingent or *quantum meruit* fees; Parker seeks costs that she advanced, as well as the right to seek in *quantum meruit* if her statutory fee is denied; and McCoy asserts he is entitled to both a contingent fee and a statutory fee. Until the Court issues a final order regarding McCoy's and Parker's fee awards, the Court cannot make a determination about whether plaintiffs must pay any contingent or *quantum meruit* fees to their former attorneys. The Court has previously rejected McCoy's jurisdictional and procedural challenges to the interpleader process, *see e.g.*, Docket No. 1314, and the Court finds that the interpleader process is the most fair and efficient way to both protect FedEx against duplicative claims while also safeguarding plaintiffs' monies.

Further, as the Court is permitting McCoy to file an amended fee petition, it would be improper to release the interpled funds to McCoy in payment of his contingent fee. Indeed, in seeking leave to file an amended fee petition, McCoy repeatedly argues that he should be permitted to do so because

---

[1] Although counsel is representing Mr. McCoy with regard to the filing of an amended fee petition, Mr. McCoy is representing himself with regard to the filings related to the interpleader.

3

denying him leave would harm the plaintiffs. *See* Docket No. 1625 at 5:23-7:11; *see also Venegas v. Skaggs*, 867 F.2d 527, 534 n.7 (9th Cir. 1989) ("Where the district court concludes that a contingent fee that exceeds the statutory award is reasonable, the plaintiff may be required to pay the difference between the 1988 award paid by the defendant and the contingent fee. . . . The plaintiff's attorneys are not entitled to *both* the statutory award and the full amount of the contingent fee.") (emphasis in original).

Accordingly, in light of the competing claims for attorneys' fees and costs, the Court finds it appropriate to retain 50% of Boswell's jury award and accrued statutory interest, and to disburse the remaining 50% plus interest to Ms. Boswell.[2] FedEx shall deposit these funds with the Clerk of the Court as soon as possible. After FedEx has deposited the funds with the Court's registry and the funds have been disbursed to Ms. Boswell, plaintiff shall file a proposed order dismissing all claims for compensatory damages, including lost wages, and declaring that the affirmed judgment has been paid in full.

**V. Parker's motion for clarification of the Court's 9/27/10 order resolving declaratory relief motions** (Docket No. 1611 in 04-0098 and Docket No. 67 in 09-485)

Parker seeks clarification of her rights to seek *quantum meruit* recovery for her work on behalf of plaintiffs Alvarado, Boswell, and/or Pernell Evans in the event that this Court or any court of final jurisdiction orders that Parker shall receive no statutory attorneys' fees for her work for those clients. The Court's September 27, 2010 order stated,

> Defendant Parker seeks a declaration that in addition to her right to seek statutory fees from FedEx, she has a right to seek fees from plaintiffs under *quantum meruit* in the event she does not receive a "fully compensatory" statutory fee. Parker relies on *Fracasse v. Brent*, 6 Cal.3d 784 (1972), and *Mardirossian & Assoc., Inc. v. Ersoff*, 153 Cal. App. 4th 257 (2007), which both held that discharged attorneys had a right to recover in *quantum meruit* from their former clients. However, if not for *quantum meruit*, the attorneys in *Fracasse* and *Mardirossian* would have received nothing, even though there was an expectation on the part of both the discharged attorneys and the

---

[2] At the hearing, McCoy's counsel argued that the Court should retain substantially more than 50% of the interpled funds in order to account for McCoy's possible fee recovery against Boswell for work performed in 09-485. The Court finds that it is only necessary to retain 50% of the total amount in light of the fact that it is likely the Court will be awarding statutory fees to McCoy and Parker, thus reducing and/or eliminating the attorneys' contingent and *quantum meruit* recovery from Boswell's interpled funds.

4

> clients that the discharged attorneys would receive compensation for their services. Here, in contrast, Ms. Parker is seeking her statutory fees for all of the work she performed for plaintiffs. Ms. Parker has provided no authority for the contention that a discharged attorney may recover in *quantum meruit* from her former clients if she is dissatisfied with a statutory fee award.

Order at 11:27-12:9.

Parker's current motion seeks clarification that in the event this Court or a court of final jurisdiction holds that she is entitled to no statutory fee, Parker may seek in *quantum meruit* from her former clients. Alvarado and Boswell object that Parker did not properly raise this issue because she did not move for summary judgment in her favor. The Court finds that Parker adequately preserved this issue by asserting her entitlement to *quantum meruit* in her answer and in opposition to plaintiffs' motion for summary judgment in 09-485. The Court also finds no reason to defer ruling on Parker's request for clarification simply because Parker's fee petition is still being litigated in 04-0098. Accordingly, the Court GRANTS Parker's motion and holds that Parker has a right to seek *quantum meruit* recovery in the event that a court of final jurisdiction holds that she cannot recover statutory attorneys' fees and costs for her work representing plaintiffs Alvarado, Boswell, and/or Evans.

Parker also seeks an order providing that the Court will retain jurisdiction over a sufficient portion of the interpled funds to ensure that Parker can meaningfully exercise her right to seek *quantum meruit* recovery in the event it becomes necessary for her to do so. The Court finds it unnecessary at this stage of the fee litigation to decide whether it may be appropriate to retain any portion of the interpled funds after the Court resolves the statutory fee petitions.

**VI.    McCoy's motion for fees in 09-485** (Docket No. 67 in 09-485)

Pursuant to his contingency fee agreements with Alvarado and Boswell, McCoy seeks $81,580.50 in attorneys' fees and $1,541.08 in costs incurred in defending the declaratory relief action brought by his former clients. McCoy contends that he is the prevailing party in 09-485 because plaintiffs did not prevail in their efforts to seek a declaration that they do not owe McCoy any attorneys' fees. In particular, McCoy notes that the Court denied plaintiffs' motion for summary judgment, which sought a ruling that if plaintiffs settled while their cases were on appeal, plaintiffs did not owe McCoy a contingency fee. Plaintiffs argue that McCoy is not a prevailing party in 09-485 because although the

5

1 Court's summary judgment order held that plaintiffs would be required to pay McCoy a contingency
2 fee in the event of a settlement on appeal, the Court declined jurisdiction over the remainder of the
3 issues raised by the declaratory relief complaint and directed that those issues could be raised and
4 addressed in 04-0098.

The Court agrees that any assessment of prevailing party status is premature, and the Court DENIES McCoy's motion for fees without prejudice to renewal after the conclusion of the fee litigation in 04-0098. Plaintiffs' declaratory relief complaint broadly sought a declaration of their rights under the legal services agreements, and the Court's summary judgment order did not resolve most of the issues raised by the complaint.

## VII. Special Master's unpaid fees

### A. Fees related to sanctions motions

On August 25, 2010, the Court remanded to the Special Master the question of payment for fees incurred by the Special Master in connection with FedEx's motion for sanctions against McCoy. At issue are $20,225.72 in fees associated with the Special Master's sanctions recommendation, and $3,578.55 due on other invoices unrelated to the sanctions recommendation sent to McCoy as counsel for plaintiffs. McCoy has never paid these fees. When the Court ordered disbursement of the interpled funds related to the seven settlement plaintiffs, the Court retained $24,000 of McCoy's money until the issue of payment of the Special Master's fees was resolved. *See* Docket No. 1499 at 31:23-32:24.

In his May 22, 2008 sanctions recommendation, the Special Master assigned payment of his fees to McCoy, not to plaintiffs themselves. The Special Master did so because FedEx sought sanctions based on McCoy's conduct, not on the conduct of the plaintiffs, and because the Special Master found that McCoy's conduct, not that of his clients, occasioned the fees.

On September 9, 2010, the Special Master issued his response to the Court's August 25, 2010 order. The Special Master agrees with McCoy that Federal Rule of Civil Procedure 53(g)(3) does not contemplate assignment of fees to an attorney for a party, even where it is the attorney, not the party, whose conduct caused the fees to be incurred. Instead, the Special Master recommends that pursuant to Rule 53(c)(2), the Court impose compensatory sanctions in the amount of $20,225.72 against McCoy

6

1 and payable to the Special Master. The Special Master makes this recommendation based on his finding 2 that the fees were incurred as a result of McCoy's bad faith conduct, and not the conduct of plaintiffs 3 or FedEx. "McCoy's actions incurred costs which, if not borne by McCoy, would have to be borne by 4 plaintiffs and/or FedEx, despite the fact that neither party is to blame for the conduct that caused the fees 5 to be incurred. Because the recommended sanction is limited to actual costs incurred by the special 6 master, it is compensatory in nature and thus civil, rather than punitive." Docket No. 1597 at 3:6-10.

7 The Court agrees with the Special Master's assessment, and finds that it is appropriate to require 8 McCoy to pay $20,225.72 in compensatory sanctions to the Special Master. McCoy argues that the 9 Ninth Circuit reversed the Court's sanctions order, and thus that McCoy cannot be required to pay the 10 Special Master's fees. However, while the Ninth Circuit reversed the Court's imposition of sanctions 11 on the ground that the Court did not afford McCoy adequate due process, the Ninth Circuit affirmed the 12 Court's denial of McCoy's fee petitions and the Court's factual findings about McCoy's misconduct in 13 creating those fee petitions. It is McCoy's misconduct that gave rise to FedEx's motion for sanctions, 14 and that necessitated the lengthy proceedings before the Special Master. The Court agrees with the 15 Special Master that it would be unfair to require plaintiffs and FedEx to pay the Special Master's fees 16 related to the sanctions motion because those fees were incurred as a result of McCoy's misconduct. 17 The sanctions are compensatory and civil in nature. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1111- 18 12 (9th Cir. 2005); *United States v. Dowell*, 257 F.3d 694, 699-700 (7th Cir. 2001).

19 McCoy objects that the Special Master's fees cannot be considered a compensatory sanction 20 because these fees were not incurred by the Court, but rather by the Special Master. The Court finds 21 that this distinction is not meaningful, as the Court appointed the Special Master in order to assist the 22 Court with this unusually contentious litigation. The Court found that a Special Master was necessary 23 to avoid wasting judicial resources. *See* Docket No. 292 at 3:1-18 (Order Appointing Special Master).

24 Where sanctions are compensatory rather than punitive, due process requires only notice and an 25 opportunity to be heard. *Lasar*, 399 F.3d at 1112. McCoy objects that the Special Master has changed 26 his characterization of the fee assessment during the proceedings on this matter, and he generally asserts 27 that he has been denied his due process rights. However, McCoy has been on notice of the possible 28 imposition of these fees since the Special Master's recommendation in May 2008, and McCoy has been

7

provided with numerous opportunities to be heard on this matter. *See, e.g.*, Docket No. 1359 (Order to Show Cause).

### B. Remaining unpaid fees

The remaining $3,578.55 is the unpaid balance on invoices unrelated to FedEx's motion for sanctions, and which were sent to McCoy when he was counsel for plaintiffs. The Court's Order Appointing Special Master directed the parties to "pay the Special Master's fees within ten calendar days of assessment[.]" Docket No. 292 at 4. McCoy has never objected to the validity or amount of these bills. The Special Master states that counsel for the other parties submitted payment for their portions long ago. The Court finds that as counsel of record for plaintiffs during the period when the invoices were issued, McCoy is responsible for ensuring that the court-ordered payment is made. As these are costs incurred on behalf of plaintiffs, McCoy may seek reimbursement of these costs in his statutory fee petition.

Accordingly, the Court directs the Clerk to disburse $23,804.27, plus accrued interest, to the Special Master, Edward Swanson. The Clerk shall disburse the remainder of McCoy's retained monies, $195.73, plus accrued interest, to Waukeen McCoy.

### CONCLUSION

For the foregoing reasons, the Court DENIES FedEx's motion for sanctions against Parker, DEFERS ruling on FedEx's objection to Parker's amended fee petition, GRANTS McCoy's motion to file an amended fee petition, GRANTS FedEx's motion for counterclaim and interpleader relief re: Boswell, DENIES McCoy's motions to dismiss the interpleader, and DENIES WITHOUT PREJUDICE TO RENEWAL McCoy's motion for fees in 09-485.

After FedEx interpleads the amount of Boswell's jury award ($550,000 plus accrued interest), the Clerk shall disburse 50% of the interpled amount directly to plaintiff Charlotte Boswell. In addition, the Court directs the Clerk to disburse $23,804.27, plus accrued interest, to Special Master Edward Swanson. The Clerk shall disburse the remainder of McCoy's retained monies, $195.73, plus accrued

interest, to Waukeen McCoy.

**IT IS SO ORDERED.**

Dated: February 4, 2011

SUSAN ILLSTON
United States District Judge