IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ALVARADO, *et al.*, | No. C 04-0098 SI, No. C 04-0099 SI |
| Plaintiffs, | **ORDER DIRECTING CLERK TO DISBURSE INTERPLED FUNDS TO EDWARD ALVARADO AND CHARLOTTE BOSWELL** |
| v. | |
| FEDERAL EXPRESS CORPORATION, | |
| Defendant. | |

In an order filed October 12, 2010, the Court interpled $356,492.05, which consisted of plaintiff Edward Alvarado's jury award plus accrued interest. Docket No. 1617. The Court ordered that 50% of that amount, or $178,246.03, be immediately disbursed to Mr. Alvarado. In an order filed February 4, 2011, the Court interpled $656,609.69, which consisted of plaintiff's Charlotte Boswell's jury award plus accrued interest. Docket Nos. 1681 & 1692. On March 3, 2011, the Court ordered that 50% of that amount, or $328,304.85, be disbursed immediately to Ms. Boswell. The Court retained the remaining 50% of the interpled funds in the Court's registry pending resolution of the statutory fee petitions filed by Mr. McCoy and Ms. Parker, as well as any claims by Mr. McCoy and Ms. Parker to the interpled funds.

On September 30, 2011, the Court issued an order resolving the statutory fee petitions,[1] and on October 12, 2011 the Court issued an Order to Show Cause re: Claims to Interpled Funds. Ms. Parker and Mr. McCoy have filed responses to the Order to Show Cause.

Ms. Parker asserts that the Court should retain the interpled funds until any appeal of the September 30, 2011 order is resolved in order to preserve her ability to seek her fees in *quantum meruit*

---

[1] Ms. Parker has filed a motion to alter that order, and that motion will be addressed in a separate order.

from plaintiffs in the event the Ninth Circuit should find that she is not entitled to a statutory fee. The Court finds Ms. Parker's arguments unpersuasive. Plaintiffs have waited years to receive their damages awards, and the Court is unwilling to further delay plaintiffs' receipt of their jury awards because of the theoretical possibility that the Ninth Circuit may, after a lengthy appeal, completely eliminate Ms. Parker's statutory fee award.

Mr. McCoy seeks the following amounts out of the interpled funds: (1) $37,678.50 of expert fees paid to Carlene Young, (2) $24,000[2] in compensatory sanctions that the Court awarded against Mr. McCoy in connection with the proceedings before the Special Master, and (3) approximately $293,955.13 in attorneys' fees incurred by Mr. McCoy in connection with litigating Mr. McCoy's amended statutory fee petition.[3]

The Court finds that Mr. McCoy is not entitled to recover these amounts from the interpled funds. With regard to the expert fees of Carlene Young, neither plaintiff benefitted from Ms. Young's work as the Court struck her designation as an expert witness because she was not disclosed in a timely and appropriate manner. Ms. Young did not interview Ms. Boswell, and while she interviewed Mr. Alvarado, she did not testify at his trial. Moreover, Mr. McCoy did not make any attempt to apportion Ms. Young's fees to Ms. Boswell and Mr. Alvarado, as opposed to the seven settlement plaintiffs for whom Mr. McCoy waived his costs. At the hearing Mr. McCoy asserted that the Court denied his request for Ms. Young's fees in his amended statutory fee petition. However, a review of that amended fee petition and supporting declarations shows that Mr. McCoy did not specifically seek Ms. Young's expert fees in the amended fee petition. *See* Docket No. 1731 at ¶ 41 & Ex. D. With regard to the compensatory sanctions, the Court has previously explained why those costs should be paid by Mr. McCoy and not plaintiffs. *See* Docket No. 1681 at 6:11-8:2. Finally, the Court has already awarded $231,292.75 in statutory fees-on-fees and expenses to Mr. McCoy's former fees counsel, Mr. Bass. Mr.

---

[2] Mr. McCoy states that the Court imposed $24,000 in compensatory sanctions. The ultimate amount of compensatory sanctions imposed, however, was $20,225.72. *See* Docket No. 1681 at 7:8.

[3] Mr. McCoy states that the lawyer who litigated his amended fee petition, Mr. Bass, claims that Mr. McCoy owes him a total of $525,247.38 in fees pursuant to a fee agreement between Mr. McCoy and Mr. Bass. The Court's September 30, 2011 order awarded Mr. Bass $231,292.75 in statutory fees-on-fees and expenses.

McCoy provides no authority to support his contention that plaintiffs should be required to pay additional, non-statutory legal fees that Mr. McCoy incurred and that Mr. Bass claims is owed to him pursuant to a fee agreement between Mr. McCoy and Mr. Bass and to which neither plaintiff was a party.

Accordingly, the Court directs the Clerk of the Court to immediately disburse the previously interpled funds ($178,246.03 plus accrued interest for Mr. Alvarado, and $328,304.85 plus accrued interest for Ms. Boswell). The Clerk shall issue two checks payable as follows: (1) Edward Alvarado and his attorney Stephen M. Murphy and (2) Charlotte Boswell and her attorney Stephen M. Murphy.

**IT IS SO ORDERED.**

Dated: December 19, 2011

SUSAN ILLSTON
United States District Judge