IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ALVARADO, *et al.*, | No. C 04-0098 SI, No. C 04-0099 SI |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART KAY McKENZIE PARKER AND ROSEN, BIEN & GALVAN'S MOTION TO ALTER OR AMEND** |
| v. | |
| FEDERAL EXPRESS CORPORATION, | |
| Defendant. | |

On December 16, 2011, the Court held a hearing on the motion filed by Kay McKenzie Parker and Rosen, Bien & Galvan to alter or amend the Court's September 30, 2011 order. The Court corrects the error in the September 30, 2011 order with respect to double counting a 40% deduction for certain deposition time, and amends that order to award an additional $31,635 to Ms. Parker's merits lodestar, for a total merits award of $406,774.80. The addition to the merits lodestar requires an adjustment of RBG's fees-on-fees award, as that award was based upon a percentage formula. With the adjustment made in this order, Ms. Parker's merits recovery is 28.5% of the amount she originally sought in her fee petition ($1,425,769.50 not including a multiplier). Accordingly, the Court awards RBG $376,916.24, which is 28.5% of the total fees-on-fees amount originally sought before the Special Master and this Court ($1,322,513.11).

The Court DENIES the balance of the motion to amend. With regard to the claimed travel time and Ms. Parker's 200 hours for fees-on-fees time disallowed by the Special Master, the Court finds this time is not recoverable for the reasons stated in the September 30, 2011 order and the Special Master's report and recommendation. Ms. Parker's motion to amend also seeks $48,731 in costs that the Court previously disallowed with respect to Ms. Parker's *quantum meruit* award from the settlement plaintiffs. The Ninth Circuit reversed that portion of the Court's order, holding that Ms. Parker was entitled to

recover these costs from the settlement plaintiffs. Ms. Parker's motion to amend now seeks these costs from FedEx, despite the fact that Ms. Parker did not seek these costs from FedEx in her statutory fee petition. The Court finds that it is procedurally improper for Ms. Parker to seek these costs from FedEx in a motion to amend when Ms. Parker did not seek them in the first instance in her statutory fee petition. Moreover, Ms. Parker's motion does not identify what these costs are, nor does Ms. Parker attempt to apportion the costs between the settlement plaintiffs and Mr. Alvarado and Ms. Boswell. If Ms. Parker wished to seek these costs from FedEx, Ms. Parker should have sought them in her statutory fee petition, and she should have submitted documentation in support of the claimed costs.

Accordingly, the motion to alter or amend the September 30, 2011 order is GRANTED in part and DENIED in part. This order resolves Docket Nos. 1762 and 1778.

**IT IS SO ORDERED.**

Dated: December 19, 2011

SUSAN ILLSTON
United States District Judge