IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ALVARADO, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>FEDERAL EXPRESS CORPORATION,<br><br>    Defendant.<br>                                              / | No. C 04-0098 SI, No. C 04-0099 SI , No. C 09-485 SI<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES FROM WAUKEEN McCOY** |

On December 16, 2011, the Court held a hearing on plaintiffs' motion for attorneys' fees against Waukeen McCoy. Plaintiffs seek $152,961.88 in attorneys' fees incurred in litigating the declaratory relief action plaintiffs filed against McCoy,[1] *Alvarado et al. v. McCoy et al.*, C 09-485 SI. Plaintiffs contend that they are entitled to fees pursuant to the legal services agreements that plaintiffs entered into with McCoy. Those agreements contain a provision stating, "Should any action, arbitration, or other proceedings be commenced between us, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs incurred thereby." Docket No. 1757, Ex. 1 & 2. Plaintiffs contend that they prevailed in the declaratory relief action because in C 04-0098 SI this Court has awarded McCoy statutory fees from FedEx and has not awarded McCoy any contingent fees from plaintiffs.

---

[1] Plaintiffs also sued their former attorneys Kay McKenzie Parker and Michael Davis. Plaintiffs are not seeking fees from these defendants, and thus this order only discusses the declaratory relief claims against McCoy.

Plaintiffs filed the declaratory relief action because they wished to explore settlement of the then-pending Ninth Circuit appeals (of judgments entered in C 04-0098 SI), and they sought a declaration of the parties' rights and responsibilities under the contingent fee agreements in the event of a settlement. The amended complaint in the declaratory relief action alleged that "Plaintiffs and FedEx Corporation (the defendant in the underlying action) wish to discuss settlement of FedEx's appeals from the amended judgment. Because of the ambiguity of their legal services agreements, the plaintiffs cannot determine the extent of their liability to defendants for attorney fees. Furthermore, they cannot determine whether a settlement of their appeals with FedEx might alter their liability for attorney fees under the legal services agreement by, for example, transforming a 'judgment' into a 'settlement.'" Amended Compl. ¶ 14.

Plaintiffs filed a motion for summary judgment in the declaratory relief action contending that (1) in the event of a recovery by trial the only compensation to be provided to McCoy under the fee agreements with plaintiffs was the exclusive right to pursue statutory fees; (2) McCoy was not entitled to *quantum meruit*; and (3) the parties had fully discharged their obligations under the fee agreements and hence the judgments awarded to plaintiffs belong solely to plaintiffs and may be settled without plaintiffs becoming liable to pay any portion of such settlements to McCoy. McCoy contended that (1) this matter was not ripe; (2) under the fee agreements, a settlement on appeal was a settlement after trial, and thus McCoy was entitled to 40% of the recovery; (3) the fee agreements gave him a 40% contingency after trial, whether or not plaintiffs settled; and (4) if the fee agreements were found not to apply to amounts received at trial, McCoy was entitled to recover under *quantum meruit*. In an order filed September 27, 2010, the Court granted in part and denied in part plaintiffs' motion for summary judgment in the declaratory relief action. Docket No. 63 in C 09-485 SI. That order held, *inter alia*, that (1) under the language of the fee agreements, a settlement on appeal was a "settlement after trial," and thus the fee agreements applied, (2) the plain language of the fee agreements did not address the fee arrangement in the event of a judgment at trial and could not be resolved on the record before the Court, and (3) the question of McCoy's entitlement to any contingency fees would be resolved in the ongoing fee litigation in C 04-0098 SI.

Plaintiffs contend that they are the prevailing parties in the declaratory relief action because on

September 30, 2011, the Court issued an order in C 04-0098 SI awarding McCoy $997,670 in statutory merits fees and $224,645 in statutory fees-on-fees and stating,

> The Court has also heeded the Ninth Circuit's caution to consider the possible effect on the plaintiffs of denying McCoy a statutory fee, namely that "if McCoy is unable to collect statutory attorney's fees from FedEx he may be able to collect contractual attorney's fees from the clients. In that event, it would be the clients rather than McCoy who would suffer the adverse consequences of McCoy's misconduct in seeking fees." Docket No. 1553 at 6. It is the Court's view that because the statutory fee awards granted in this order exceed 40% of the jury awards sustained on appeal, neither Parker nor McCoy is entitled to any contingent fees from trial clients Alvarado and Boswell.

Docket No. 1752 at 56:11-17.[2] Plaintiffs contend that because the Court is not awarding McCoy contingent fees, they prevailed in the declaratory relief action. McCoy contends that he is the prevailing party in the declaratory relief action[3] because the Court's summary judgment order held a settlement on appeal was a "settlement after trial," and thus that McCoy would be entitled to a contingent fee recovery in that event.

The Court finds that neither plaintiffs nor McCoy prevailed in the declaratory relief action, and thus that the parties must bear their own fees and costs associated with litigating that case. Plaintiffs are correct that the Court ultimately did not award McCoy contingency fees, and the Court notes that at various times in this litigation McCoy has taken the position that he is entitled to both a full contingent fee and a statutory fee award. However, plaintiffs did not prevail in obtaining a ruling that McCoy was not entitled to contingency fees in the event of a settlement after trial. Because plaintiffs and McCoy prevailed on some claims and theories and lost on others in this highly unusual fee litigation, the Court finds that no one is a "prevailing party." Accordingly, the Court DENIES plaintiffs' motion for

---

[2] Following the September 30, 2011 order, the Court set a schedule for resolving any claims to plaintiffs' interpled jury awards so that the funds due to Alvarado and Boswell could be released as soon as possible. McCoy filed a claim to the interpled funds, Docket No. 1772. Although McCoy sought $355,633.63 from the interpled jury awards, McCoy did *not* seek his contingent fees from the interpled funds. In an order filed December 19, 2011, the Court denied McCoy's claim and ordered the interpled funds disbursed to the plaintiffs. On December 20, 2011, McCoy filed a letter seeking reconsideration of the December 19, 2011 order, asserting that he was entitled to a 40% contingent fee recovery from plaintiffs' total jury awards, and thus that most of the interpled funds should be released to him ($144,597 from Alvarado and $262,644 from Boswell). The Court will address McCoy's December 20, 2011 letter in a separate order.

[3] McCoy previously filed a motion for attorneys' fees and costs arising out of the declaratory relief action. Docket No. 67 in C 09-485 SI. The Court denied that motion without prejudice, finding that an assessment of prevailing party status was premature until the conclusion of fee litigation in C 04-0098 SI. Docket No. 82 in C 09-485 SI at 6, Docket No. 1681 in C 04-0098 SI at 6.

attorneys' fees.  Docket No. 1757.

**IT IS SO ORDERED.**

Dated: December 23, 2011

SUSAN ILLSTON
United States District Judge