IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ALVARADO, *et al.*, | No. C 04-0098 SI, No. C 04-0099 SI |
| Plaintiffs, | **ORDER DENYING McCOY'S "LETTER BRIEF" REQUESTING RECONSIDERATION OF DECEMBER 19, 2011 ORDER DIRECTING CLERK TO DISBURSE INTERPLED FUNDS TO EDWARD ALVARADO AND CHARLOTTE BOSWELL** |
| v. | |
| FEDERAL EXPRESS CORPORATION, | |
| Defendant. | |

On December 20, 2011, Waukeen McCoy filed a "letter brief" requesting reconsideration of the Court's December 19, 2011 Order Directing Clerk to Disburse Interpled Funds to Edward Alvarado and Charlotte Boswell. McCoy asserts that he is entitled to 40% of each plaintiffs' total jury awards, and thus that the majority of the remaining interpled funds should be released to him ($144,597 from Alvarado and $262,644 from Boswell).

McCoy's request for reconsideration is DENIED on both procedural and substantive grounds. First, McCoy's "letter brief" is procedurally improper. Civil Local Rule 7-9 sets forth the procedure for seeking reconsideration of an order. Under that rule, a party must file a motion requesting leave to file a motion for reconsideration. Civil Local Rule 7-9. Letter briefs seeking reconsideration are not permitted. Further, a party seeking leave to file a motion for reconsideration must specifically show:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil Local Rule 7-9(b)(1)-(3).

McCoy has not made and cannot make this showing because the claim that he filed to the interpled funds did not assert that he was entitled to a contingent recovery out of the interpled funds. On September 30, 2011, the Court issued an order resolving the statutory fee petitions, and on October 12, 2011 the Court issued an Order to Show Cause re: Claims to Interpled Funds. McCoy filed a claim to the interpled funds, Docket No. 1772. Although McCoy sought $355,633.63 from the interpled jury awards, McCoy did *not* seek any contingent fees from the interpled funds: McCoy's claim sought (1) $37,678.50 of expert fees paid to Carlene Young, (2) $24,000 in compensatory sanctions that the Court awarded against McCoy in connection with the proceedings before the Special Master, and (3) approximately $293,955.13 in attorneys' fees incurred by McCoy in connection with litigating his amended statutory fee petition. If McCoy had wished to seek contingent fees from the interpled funds, he should have sought those fees in the claim that he filed, not in a letter brief seeking reconsideration, to allow for full briefing on the matter and to afford plaintiffs the opportunity to address McCoy's claim to contingent fees.

Second, as a substantive matter, the authority McCoy cites in his letter brief does not support his position that he is entitled to a full 40% contingent fee in addition to the almost $1 million in statutory fees that the Court awarded. The cases cited by McCoy address whether fee shifting statutes "invalidate[d] contingent-fee contracts that would require a prevailing civil rights plaintiff to pay his attorney more than the statutory award against the defendant." *Venegas v. Mitchell*, 495 U.S. 82, 83-84 (1990) (addressing 42 U.S.C. § 1988); *Gobert v. Williams*, 323 F.3d 1099, 1100 (5th Cir. 2003) (applying *Venegas* to 42 U.S.C. § 2000e-5(k)). The Court has never held that McCoy's statutory fee award *invalidates* the contingent-fee contracts between plaintiffs and McCoy. Instead, the Court's September 30, 2011 order stated,

> The Court has also heeded the Ninth Circuit's caution to consider the possible effect on the plaintiffs of denying McCoy a statutory fee, namely that "if McCoy is unable to collect statutory attorney's fees from FedEx he may be able to collect contractual attorney's fees from the clients. In that event, it would be the clients rather than McCoy who would suffer the adverse consequences of McCoy's misconduct in seeking fees." Docket No. 1553 at 6. It is the Court's view that because the statutory fee awards granted in this order exceed 40% of the jury awards sustained on appeal, neither Parker nor McCoy is entitled to any contingent fees from trial clients Alvarado and Boswell.

Docket No. 1752 at 56:11-17. The Court's view that McCoy is not entitled to recover any contingent

fees from plaintiffs is both consistent with the Ninth Circuit's caution to this Court, as well as with the authority that McCoy cited in his letter brief. *Venegas* and *Gobert* both addressed situations where the contingent fee was *more* than the statutory fee, and the clients sought to invalidate the fee agreements to avoid paying any contingent fees. Indeed, in *Venegas*, the Supreme Court affirmed the Ninth Circuit's decision, *Venegas v. Skaggs*, 867 F.2d 527, 534 n.7 (9th Cir. 1989), in which the Ninth Circuit stated,

> Where the district court concludes that a contingent fee that exceeds the statutory award is reasonable, the plaintiff may be required to pay the difference between the 1988 award paid by the defendant and the contingent fee. *Hamner*, 769 F.2d at 1409. The plaintiff's attorneys are not entitled to both the statutory award and the full amount of the contingent fee.

*Id*. at 534 n.7.

Here, unlike *Venegas*, McCoy's statutory fee award significantly *exceeds* the maximum possible contingent fee.[1] Thus, even if the fee agreement applied to plaintiffs' jury awards, because McCoy obtained a statutory fee from FedEx that exceeds the contingent fees, the Court finds that McCoy is not entitled to contingent fees from his former clients.

**IT IS SO ORDERED.**

Dated: December 23, 2011

SUSAN ILLSTON
United States District Judge

---

[1] McCoy's letter brief assumes that the fee agreements apply to plaintiffs' jury awards. However, as the Court found in its September 27, 2010 order in C 09-485 SI (Docket No. 63 at 11:5-12 in C 09-485 SI) the plain language of the fee agreements does not address the fee arrangement in the event of a judgment at trial. The fee agreements state,

> We have agreed to the following attorney fee arrangement: (a) 33 1/3% of any amounts received or recovered by way of settlement prior to mediation and/or arbitration; (b) 40% of any amounts received or recovered by way of settlement after arbitration, mediation, or trial.

*Id*. at 2:16-18. In C 09-485 SI, plaintiffs Alvarado and Boswell argued that the fee agreements did not explicitly provide for attorneys' fees in the event of a recovery by arbitration or trial, and that the failure to provide for fees upon recovery by arbitration or trial was by design, it being contemplated that in such event the attorneys would be compensated solely by means of statutory fees awarded by the court and not by a percentage of the recovery. Conversely, Mr. McCoy asserted that he and his former clients intended for both a contingent recovery and statutory fees. In ruling on the plaintiffs' motion for summary judgment, the Court held that because the plain language of the fee agreement did not address the fee arrangement in the event of a judgment at trial, questions surrounding McCoy's entitlement to a statutory and/or contingent fee would be resolved in C 04-0098 SI.

3